# EXHIBIT A

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3212

WRITER'S DIRECT FACSIMILE

(212) 492-0212

WRITER'S DIRECT E-MAIL ADDRESS

ngroombridge@paulweiss.com

January 14, 2021

By Email

Alan P. Block
ablock@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071

James E. Quigley
jquigley@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701

David Sochia
dsochia@mckoolsmith.com
Ashley N. Moore
amoore@mckoolsmith.com
Alexandra F. Easley
aeasley@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Re: *Palo Alto Research Center, Inc. v. Twitter Inc.,* Case No. 2:20-cv-10754 (CDCA)

Dear Counsel:

Twitter fully concurs with the issues laid out in Facebook's January 12, 2021 letter, all of which equally apply to U.S. Patent No. 8,999,362 asserted against Twitter but not Facebook. For purposes of clarity, consistent with the concerns presented in

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Alan P. Block                                                                                          2

Facebook's letter, we write separately regarding PARC's complaint against Twitter and Twitter's anticipated motion to dismiss under Rule 12(b)(6), and to set forth topics Twitter intends to discuss on a meet-and-confer in accordance with Local Rule 7-3 in advance of the filing of Twitter's motion.

## Section 101 Unpatentability

The six patents that PARC has asserted against Twitter are invalid under 35 U.S.C. § 101.  The claims identified in PARC's complaint recite abstract ideas of gathering, analyzing, and displaying information, and contain nothing significantly more that would confer patent eligibility.

As to step one of the *Mayo/Alice* inquiry, it is well-settled that "claims focused on 'collecting information, analyzing it, and displaying certain results of the collection and analysis' are directed to an abstract idea."  *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) (quoting *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016)); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1344 (Fed. Cir. 2018) ("collecting, analyzing, and displaying . . . information, without more, is an abstract idea.").  The claims in this case fall squarely within the "familiar class of claims that do not focus on an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools."  *SAP*, 898 F.3d at 1168 (citation and internal quotations and ellipsis omitted); *see also, e.g.*, *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017); *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1267-68 (Fed. Cir. 2016); *BSG Tech v. Buyseasons*, 899 F.3d 1281, 1287 (Fed. Cir. 2018); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1297 (Fed. Cir. 2020) (citation omitted).  Beyond the claims and intrinsic evidence, PARC's complaint lacks allegations that the claimed inventions improve computer functionality or provide a technological advance that would render the claims patent-eligible.

As to step two of the *Mayo/Alice* inquiry, nothing in the claims recites an "inventive concept" providing "significantly more" than the abstract idea.  *BSG Tech*, 899 F.3d at 1291.  The claims instead invoke "generic computer implementation" with "purely functional" recitations.  *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358-60 (2014); *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).  Nor does PARC's complaint allege that any identified claim recites any inventive concept that would allegedly confer patent-eligibility—nor could PARC plausibly raise any such allegation in view of the intrinsic records.

It is not uncommon for plaintiffs to allege in their complaints that the claimed inventions of their asserted patents improve technology, provide some unconventional patent-eligible advance, or include inventive concepts in an effort to manufacture a factual dispute and avoid a dismissal for invalidity under § 101 on the pleadings.  PARC's silence in its complaint on these points is telling, particularly given the claims of the asserted patents do not focus on an improvement in computer functionality, but on abstract ideas that use computers as tools, and contain nothing significantly more that would confer patent eligibility.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Alan P. Block                                                                                            3

Before bringing a Rule 12 motion to dispose of PARC's claims under § 101, Local Rule 7-3 and Judge Birotte's Standing Order require the parties conduct a thorough meet and confer.  (Dkt. 15 at 4, 5.)  Judge Birotte's Standing Order also notes a liberal policy permitting amendments to complaints.  (*Id.* at 5-6.)  PARC and its counsel presumably conducted a Rule 11 investigation before filing suit and concluded that, in their judgment, there was at least some plausible basis to avoid invalidity under § 101, but no such basis is evident in PARC's complaint as filed or in the asserted patents themselves.

Accordingly, please promptly let us know: (1) to the extent PARC believes that any of the claims of the asserted patents are not directed to an abstract idea, and, e.g., instead effect an improvement to computer functionality or claim a technological solution to a technological problem, please identify such improvement, solution, problem, and/or basis that the claim is not directed to an abstract idea; (2) to the extent PARC believes that any of the claims of the asserted patents recites an inventive concept sufficient to confer eligibility under § 101, please identify those concepts; (3) to the extent PARC believes that any amendment to the complaint to include specific factual allegations relating to either step one or step two of the *Mayo/Alice* analysis would provide support to avoid dismissal under Rule 12, please identify all such alleged facts; (4) to the extent PARC contends that any particular claim construction would save any claims from invalidity under § 101, please identify all such claim constructions and why resolution of each claim construction dispute must occur before resolution of a Rule 12(b)(6) motion; and (5) to the extent PARC believes that the validity of any dependent claims under § 101 would stand separately from the identified claims in PARC's complaint, please identify such claims, each purported improvement, solution, problem, and/or basis that each such claim is not directed to an abstract idea, each inventive concept purported to confer patent-eligibility on each such claim, and any particular claim construction that would save each such claim from invalidity under § 101.

In the meantime, please note that pressing forward with this case without any apparent basis to avoid invalidity under § 101 would raise the specter of an exceptional case under § 285 and Twitter reserves its rights to seek relief accordingly.

## Deficient willfulness and inducement allegations

PARC's complaint alleges that Twitter willfully infringed and induced infringement of the asserted patents but does not plead facts sufficient to plausibly state a claim for willfulness or inducement.  The complaint does not allege that Twitter had notice of the patents-in-suit prior to the filing of this lawsuit and does not otherwise allege any specific facts sufficient to find egregious misconduct by Twitter, or specific facts that would support a good-faith basis of the existence of the *mens rea* necessary to demonstrate induced infringement with respect to the patents-in-suit.  *See generally Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923 (2016); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060 (2011).

To the extent that PARC believes there are specific facts it would allege in an amended complaint to cure these deficiencies in response to a Rule 12(b)(6) motion to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Alan P. Block                                                                                                4

dismiss, please let us know those facts, consistent with the Court's local rules and Standing Order regarding meeting and conferring for motions and amendments to complaints.

***

Please promptly provide PARC's positions on the foregoing issues and availability for a meet-and-confer by January 19, 2021, so that Twitter can proceed accordingly.

Sincerely,

*/s Nicholas Groombridge*

Nicholas Groombridge


Cc:  PARC_Facebook@McKoolSmith.com