# EXHIBIT C

# Milea, Michael F

| | |
|---|---|
| **From:** | Groombridge, Nicholas |
| **Sent:** | Monday, February 15, 2021 7:32 PM |
| **To:** | Ashley Moore; Wu, Jenny C; Mead, Lowell; Keefe, Heidi; yarchaikovsky@paulhastings.com; Ekwan Rhow; Grace Kang; Baughman, J. Steven; Raymond, Megan; Manno, Tanya S; Milea, Michael F |
| **Cc:** | PARC_Facebook; PARC_Snap; PARC_Twitter@McKoolSmith.com; z/FB-PARC; PH-PARC-Snap@paulhastings.com |
| **Subject:** | RE: PARC v. Twitter 2:20-cv-10754 (CDCA) |

Ashley,

Thank you for your email. Not surprisingly, we disagree. Given that PARC waited to send this email until the afternoon of Twitter's filing deadline (which PARC refused to provide the courtesy of extending until the day after the holiday), there is really no opportunity for further discussion before Twitter files its motion. Twitter thus will be filing the motion shortly. If you believe that additional discussion may be productive once PARC has Twitter's motion in hand, please let us know and we can arrange a call. To be clear, however, we do not believe amendment of PARC's Complaint in response to Twitter's motion is appropriate given PARC's prior representations that it saw no need for any amendment to support the sufficiency of its pleadings as to patent-eligibility.

In answer to your question regarding the '439 and '599 patents, we will not be moving separately on those. Instead, in order to avoid burdening the Court, we will join in Facebook's motion.

Best regards.

Nick


**Nicholas Groombridge** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3212 (Direct Phone) | 845-235-4670 (Cell)
ngroombridge@paulweiss.com | www.paulweiss.com

---

**From:** Ashley Moore <amoore@McKoolSmith.com>
**Sent:** Monday, February 15, 2021 4:13 PM
**To:** Wu, Jenny C <jcwu@paulweiss.com>; Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas <ngroombridge@paulweiss.com>; yarchaikovsky@paulhastings.com; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter@McKoolSmith.com; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Twitter 2:20-cv-10754 (CDCA)

Jenny,

As I just explained to Bruce, we disagree on the content and sufficiency of your meet and confer efforts. To be clear, my response was intended to notify you that Twitter has failed to meet and confer in good faith. This is only reinforced by your recent email where, for the first time, you actually state which patents you believe raise § 101 concerns. However, your email below is even more confusing as you add that you share Snap's concerns regarding the '439 and '599 patents. These patents were not mentioned in your February 5th email, so it is unclear whether you intend to move on the '439 and '599 patents as well as the '781, '871, and '362. In addition to these inadequacies, the basis for your assertions remains woefully insufficient. Copying and pasting Snap's concerns and repackaging them for the '781 and '871 patents does nothing to advance the ball. And your citation to one additional case does not lend any further insight into your § 101 allegations, even though your motion to dismiss is presumably nearly complete at this stage. You simply disagree with the points raised in my letter and during the meet and confer.

In sum, the scales remain significantly unbalanced in terms of the information, case law, and argument made to date on the issues surrounding your § 101 allegations. Nevertheless, I can provide the following additional information. First, we note that Twitter skips straight to step two of the *Alice/Mayo* inquiry, which is improper. *See generally EcoServices, LLC v. Certified Aviation Serv., LLC*, 2020 U.S. App. LEXIS 31982 (Fed. Cir. 2020). Without explaining how the Patents-in-Suit allegedly fail step one of *Alice/Mayo*, it is impossible for PARC to provide any points of disagreement that could streamline the briefing. PARC refers Twitter to my January 22nd letter, which details why each of the Patents-in-Suit pass *Alice/Mayo* step one.

With respect to step two, I will begin with the '599 Patent. PARC disagrees that the '599 Patent falls under the purview of the *Intellectual Ventures I* case; rather, it more closely aligns with the *DDR*, *Enfish*, *Uniloc*, and *Visual Memory* line of cases that find technical solutions to existing computer/Internet problems to be patent eligible. *See, e.g.,* Moore Jan. 22, 2021 letter; *BASCOM Global Internet Servs., v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016). As Snap has not provided any indication why these cases are inapplicable, or what claim language shifts the '599 patented technology toward the *Intellectual Ventures I* case, PARC is left with no opportunity to explain why Twitter's phantom arguments are incorrect. Moreover, as I mentioned on our meet and confer, the USPTO considered this issue and ultimately found the claims patentable under § 101. Unless and until Twitter offers an analysis of the content of the '599 claims, or offers reasoning different from that already rejected by the USPTO, PARC considers your request nothing more than a fishing expedition.

Twitter essentially recites the same argument for the '439 and '362 Patents. PARC disagrees with Twitter's characterization of these patents. They do not claim mental processes as described in the *Elec. Power Grp.* case. As I explained in our meet and confer, the '439 claimed context graph is a new, non-abstract technology that passes both steps of the *Alice/Mayo* inquiry. Similarly, the '362 Patent claims technology that improves computer functionality, is directed to a particular manner of sharing information, and is a computer-specific problem with a computer-specific solution. These claims are therefore patent eligible. *See Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, 880 F.3d 1356, 1362 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1305–06 (Fed. Cir. 2018). Again, since Twitter has not addressed these points (despite being aware of them since our January 19th meet and confer), PARC is not in a position respond further.

Finally, I will address the '781 and '871 Patents. As I stated on the meet and confer, both of these patents relate to Internet/computer-specific problems and recite inventive, Internet/computer-specific solutions to those problems. One can hardly imagine a more Internet/computer-specific problem than the overwhelming amount of information returned in Internet and network search results, or a more Internet/computer-specific solution than searching unseen linked informational elements in a proximal neighborhood to locate unseen informational elements responsive to a user query. Similarly, the '871 Patent describes that "[a] notoriously difficult problem in using large heterogeneous document collections, such as the World Wide Web, is that it is not easy to recognize which documents . . . provide reliable authoritative information." Again, this is an Internet/computer-specific problem. And the '871 Patent describes an Internet/computer-specific solution to determine that reliability. For the same reasons noted above, these claims are patent eligible. *See id.* As with the other patents above, Twitter failed to address any of this in its correspondence below, which makes it impossible for PARC to provide additional reasoning why Twitter's allegations are incorrect.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

**From:** Wu, Jenny C <jcwu@paulweiss.com>
**Sent:** Wednesday, February 10, 2021 7:18 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas <ngroombridge@paulweiss.com>; yarchaikovsky@paulhastings.com; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter <PARC_Twitter@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** PARC v. Twitter 2:20-cv-10754 (CDCA)

Hi Ashley,

Thanks for your email. We share similar concerns and views as those expressed by Snap with respect to the '599, '439, and '362 patents in response to the same email you sent to them (*see* 2/10/21 email from B. Yen to A. Moore). We also write separately to specifically address two additional patents on which Twitter intends to move to dismiss. To start, we disagree with the characterization that PARC will be "hear[ing] [Twitter's] positions for the first time." We stated our positions on the invalidity of the asserted patents against Twitter under 35 U.S.C. § 101 in writing in our January 14, 2021 letter and again during our meet and confer on January 19, 2021. To the extent PARC's statement suggests that it may wait to amend its complaint with additional allegations to support the validity of its patents until after Twitter has filed its Rule 12(b)(6) motion, that is the specific scenario Twitter stated that it wished to avoid due to the unnecessary burden and exceptional expense this would cause, and in conflict with Judge Birotte's standing order that seeks to avoid unnecessary motion practice and briefing.

Nonetheless, in an effort to further accommodate PARC's request for still more detail while protecting Twitter's attorney work product, we provide the following:

- The "tailoring content" line of cases (*see e.g.*, *Intellectual Ventures I v. Capital One Bank (USA), N.A.*, 792 F.3d 1363, 1369 (Fed. Cir. 2015)) are exemplary of our concerns with the patentability of the '781 patent claims. The "organizing/managing information" line of cases (*see e.g.*, *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016)) are also exemplary of our concerns with the patentability of the '781 patent. Moreover, the claims do not recite any particular way to achieve the results-oriented claims, and are not an internet-specific solution to an internet-specific problem necessarily rooted in that technology, nor do they recite an inventive concept. In view of the specification, Twitter does not believe any terms require construction for purposes of a § 101 analysis at the Rule 12 stage.

- The "organizing/managing information" line of cases (*see e.g.*, *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016)) are exemplary of our concerns with the patentability of the '871 patent. Moreover, the claims do not recite any particular way to achieve the results-oriented claims, and are not an improvement to a computer, or a computer-specific solution to a computer-specific problem necessarily rooted in that technology. Nor do they recite an inventive concept. In view of the specification, Twitter does not believe any terms require construction for purposes of a § 101 analysis at the Rule 12 stage.

To be clear, the above does not limit the bases for Twitter's motion, and is instead merely intended to provide PARC more detail in an effort to narrow the parties' disputes. We look forward to hearing PARC's more detailed positions on why it believes the '781 and '871 patents are patent-eligible (in addition to the patents addressed in Snap's email). In particular, given your representations during our January 19, 2021 meet and confer and your follow-up letter of January 22, 2021, please identify with more detail: (1) the alleged computer- or Internet-specific problem and computer- or Internet-specific solution for the '781 and '871 patents, and (2) any alleged improvement to computer functionality that is recited by the claims of the '781 and '871 patents.

Please let us know your availability for a call to discuss PARC's positions.

Best,
Jenny


**Jenny C. Wu** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3751 (Direct Phone) | 212 492 0751 (Direct Fax)
jcwu@paulweiss.com | www.paulweiss.com

---

**From:** Ashley Moore <amoore@McKoolSmith.com>
**Sent:** Monday, February 8, 2021 12:13 PM
**To:** Wu, Jenny C <jcwu@paulweiss.com>; Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas <ngroombridge@paulweiss.com>; yarchaikovsky@paulhastings.com; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter@McKoolSmith.com; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Jenny,

Thank you for your email. I have a few questions before we set a schedule for additional meet and confers. First, is Twitter going to explain its views of patent eligibility for the 871, 781, and 362 patents in writing some time before Wednesday or Thursday? As you can imagine, we cannot hear your positions for the first time on a call on Wednesday or Thursday and be expected to respond on the fly. Nor is it appropriate to squeeze our analysis into the weekend since your response is due next Tuesday (assuming the Court grants your extension request).

To be clear, PARC cannot agree to further extensions, especially when they continue to be based on your failure to provide PARC with (1) the actual basis of your forthcoming motion and (2) adequate time to consider and respond to that information.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

---

**From:** Wu, Jenny C <jcwu@paulweiss.com>
**Sent:** Friday, February 5, 2021 3:48 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas <ngroombridge@paulweiss.com>; yarchaikovsky@paulhastings.com; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter <PARC_Twitter@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Twitter would like to have a further meet-and-confer call to see if there is any way to narrow the issues in dispute prior to Twitter filing its motion to dismiss. In particular, Twitter would like to discuss the eligibility of the '871, '781 and '362 patents. We would be happy to explain Twitter's views with respect to these patents and would like to allow sufficient time for PARC to provide a response prior to the deadline for the motion. Please let us know PARC's availability on Wednesday or Thursday of next week.

Best,
Jenny


**Jenny C. Wu** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3751 (Direct Phone) | 212 492 0751 (Direct Fax)
jcwu@paulweiss.com | www.paulweiss.com

---

**From:** Ashley Moore <amoore@McKoolSmith.com>
**Sent:** Thursday, February 4, 2021 6:44 PM
**To:** Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas <ngroombridge@paulweiss.com>; yarchaikovsky@paulhastings.com; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Wu, Jenny C <jcwu@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter@McKoolSmith.com; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Thanks Lowell.

Without any further information from Facebook/Snap/Twitter regarding the details of your arguments, I'm not sure what else we would have to offer in another call that would prove fruitful. Have a good evening.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

---

**From:** Mead, Lowell <lmead@cooley.com>
**Sent:** Wednesday, February 3, 2021 4:01 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; Keefe, Heidi <hkeefe@cooley.com>; ngroombridge@paulweiss.com; yarchaikovsky@paulhastings.com; erhow@birdmarella.com; gkang@birdmarella.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; mmilea@paulweiss.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter <PARC_Twitter@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

5

Following up regarding Defendants' planned motions to dismiss – with respect to section 101, Facebook is currently planning to move on the '599 and '439 patents on the grounds that those patents do not claim eligible subject matter as discussed previously.  I understand that Twitter and Snap will follow up separately with what they intend to file on with respect to the patents asserted against each of them.  If there are any additional points PARC would like to raise or discuss regarding those patents beyond the points raised and discussed previously, please let us know.  We are also generally available for a call in the coming days, so if you believe it would be fruitful to discuss further in a teleconference, please propose some times that work for PARC.

Best regards,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Friday, January 22, 2021 8:27 AM
**To:** Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; ngroombridge@paulweiss.com; yarchaikovsky@paulhastings.com; erhow@birdmarella.com; gkang@birdmarella.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; mmilea@paulweiss.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter <PARC_Twitter@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

**[External]**

Lowell and counsel for each Defendant,

Please see the attached correspondence. In addition, Twitter counsel please let me know if you have an email distribution list you'd like me to use. I apologize if I've missed it.

Have a good weekend.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

**From:** Mead, Lowell <lmead@cooley.com>
**Sent:** Friday, January 22, 2021 9:35 AM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com; Yen, Bruce <bruceyen@paulhastings.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Following up on these items below – thanks.

Best,

6

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Mead, Lowell
**Sent:** Tuesday, January 19, 2021 5:05 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com; 'Yen, Bruce' <bruceyen@paulhastings.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Thanks for meeting and conferring with the defendants today. On behalf of the defendants, this is to memorialize our call. If you have any different understanding or recollection, or any clarification to add, please let us know. We understand from the call that you would be inclined to agree to a reasonable extension as the parties work through the issues we've raised; please let us know if PARC is amenable to a further extension of 30 days for each defendant to respond to each complaint in view of the issues under discussion.

Regarding section 101 issues, PARC confirmed that it performed a Rule 11 analysis regarding section 101 prior to filing suit and believes there is support for a position that the asserted patents are patent-eligible in view of case law such as *DDR Holdings* and *Enfish*. PARC stated generally as follows for each asserted patent.

'871, '439, '599, and '584 patents: PARC stated its view that each patent solves an Internet-specific problem with an Internet-specific solution. For the '439 patent, PARC stated that the context graph is a computer-based data repository. For the '599 patent, PARC noted that the Examiner had addressed section 101 during prosecution. For the '584 patent, PARC stated that "timeline clutter" is a problem that is solved.

'190, '781, and '475 patents: PARC stated its view that each patent solves a computer-specific problem with a computer-specific solution. For the '781 patent, PARC stated that the patent relates to a computer-specific problem regarding finding previously unviewed content.

'362 patent: PARC stated its view that the claimed invention improves the computer itself and that tagging electronic data is a computer-specific problem with a computer-specific solution.

With respect to any alleged inventive concept at step 2 of the *Alice* inquiry, PARC asserted that in its view at least the '439, '190, '584, and '475 patents include inventive concepts, and indicated that it would follow up regarding the other patents. For the '439 patent, PARC stated that the context graph is inventive. For the '190 patent, PARC said that the content tags and how they are used constitutes an inventive concept. For the '475 patent, PARC said that k-means and wavefront clustering constitutes an inventive concept; more specifically, PARC said that it is still investigating whether it invented k-means and wavefront clustering, and that it believes that the way that k-means and wavefront clustering are used to cluster multi-modal and proximal information is inventive.

PARC stated that it presently does not intend to amend its complaint prior to a decision by the Court on a Rule 12 motion.

With respect to claim construction, PARC stated that it would consider whether there are any claim terms and proposed claim constructions that it believes would affect the section 101 inquiry or a rule 12 motion.

The defendants asked for more detailed information regarding the specific problems and solutions that PARC contends are patent-eligible, as well as any inventive concepts that PARC believes are recited in the asserted claims, to enable a fulsome meet and confer on these issues consistent with the Court's guidance and to avoid any unnecessary rounds of motion briefing if PARC intends to amend its complaint in support of its position on validity under section 101.  PARC indicated that it would take under consideration this request.

The defendants asked whether PARC planned to rely upon any dependent claims with respect to section 101.  PARC indicated that it would consider this issue.

With respect to allegations of willfulness and indirect infringement, PARC indicated that it would consider its position as to whether it has basis at this time to amend its complaint to specifically address post-suit willfulness and indirect infringement.

The defendants requested that PARC set forth in written correspondence its detailed positions on all of these points, so that there is a clear statement of record by PARC that the Court and defendants can rely upon in order to best narrow and define the issues in dispute consistent with the Court's standing orders.

PARC indicated that it would consult further with its client on the issues under discussion by the end of this week, with the timing affected by other pressing intervening work this week.  In view of the timing, PARC indicated that it would consider a request by defendants for a further extension of time to respond to the respective complaints so that the parties can fully confer and narrow the issues in dispute prior to bringing any motions.

Best,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Mead, Lowell <lmead@cooley.com>
**Sent:** Monday, January 18, 2021 2:29 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Thanks.  Counsel for Facebook, Twitter, and Snap are all available at 1pm CT on Tuesday, so all parties can join the same call.  We can use the following dial-in.  I will also circulate a calendar invite.

+16699006833,91573054990#

Best,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Monday, January 18, 2021 10:01 AM
**To:** Gibbs, Tracy <tgibbs@cooley.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

**[External]**

Tracy,

PARC is available to meet and confer between noon and 2pm CST tomorrow. Please let us know if that works for y'all. Thanks!

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

---

**From:** Gibbs, Tracy <tgibbs@cooley.com>
**Sent:** Thursday, January 14, 2021 3:04 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Yes, please use our email distribution list which was cc'd on our original email to you. (zFBPARC@cooley.com)
Thank you.

---

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Wednesday, January 13, 2021 7:14 PM
**To:** Gibbs, Tracy <tgibbs@cooley.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>
**Subject:** PARC v. Facebook 2:20-cv-10753 (CDCA)

**[External]**

All,

9

We are in receipt of your January 12th letter. We are considering its contents and will get back to you with dates to meet and confer.

In the meantime, please copy our email distribution list (cc'd above) on all future correspondence. Do you have an email distribution list you would like us to use as well?

Have a great evening.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK-PRODUCT PRIVILEGE and is CONFIDENTIAL. If you received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.