# EXHIBIT A



**PATENT APPLICATION**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re the Application of

| | |
|---|---|
| Ayman O. FARAHAT et al. | Group Art Unit: 2161 |
| Application No.: 10/232,714 | Examiner: B. Goddard |
| Filed: September 3, 2002 | Docket No.: 111745 |

For: SYSTEMS AND METHODS FOR AUTHORITATIVENESS GRADING, ESTIMATION AND SORTING OF DOCUMENTS IN LARGE HETEROGENEOUS DOCUMENT COLLECTIONS

**AMENDMENT**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

In reply to the May 6, 2005 Office Action, please consider the following:

**Amendments to the Claims** as reflected in the listing of claims; and

**Remarks**.

Application No. 10/232,714
Xerox Docket No. D/A1707

**Amendments to the Claims**:

The following listing of claims will replace all prior versions, and listings, of claims in the application:

    1.    (Currently Amended) A method for determining an authoritativeness of a document having a plurality of document content features, the method comprising:

    determining a set of document content feature values <u>of a document based on textual contents in the document</u>; and

    determining an authoritativeness for the document using a trained document textual authority model based on the determined set of document content feature values.

    2.    (Original) The method of claim 1, wherein determining the set of document content feature values comprises extracting a subset of document content features from the plurality of document content features.

    3.    (Original) The method of claim 1, wherein determining the set of document content feature values comprises determining the set of document content features values using one or more parsing techniques or methods.

    4.    (Original) The method of claim 1, wherein determining the authoritativeness for the document comprises:

    providing the set of document content feature values to the trained document textual authority model; and

    determining a document textual authoritativeness value based at least on the set of document content feature values determined.

    5.    (Original) The method of claim 1, wherein determining an authoritativeness for the document further comprising determining a textual authority class for the document.

Application No. 10/232,714
Xerox Docket No. D/A1707

6. (Currently Amended) The method of claim 1, wherein the plurality of document content features includes at least ~~some of~~<ins>one or more</ins> question marks, semicolons, numerals, words with learned prefixes, words with learned suffixes, words in certain grammatical locations, HTML features, abbreviations and classes of abbreviations, text characteristics features, speech tagging features ~~and~~<ins>or</ins> readability indices features.

7. (Original) The method of claim 2, wherein extracting a subset of document content features is performed using one or more regression techniques or methods.

8. (Original) The method of claim 2, wherein extracting a subset of document content features is performed using one or more variable selection techniques or methods.

9. (Original) The method of claim 7, wherein one or more regression techniques or methods comprises a stepwise regression technique.

10. (Original) The method of claim 8, wherein one or more variable selection techniques or methods comprises one or more of mutual information technique and AdaBoost technique.

11. (Original) The method of claim 4, wherein determining a document textual authoritativeness value is performed by processing the set of document content feature values using one or more statistical processes or techniques.

12. (Original) The method of claim 4, wherein determining a document textual authoritativeness value is performed by processing the set of document content feature values using one or more metric-regression algorithms or methods.

13. (Original) The method of claim 4, wherein determining a document textual authoritativeness value is performed by processing the set of document content feature values using an AdaBoost algorithm model or method.

Application No. 10/232,714
Xerox Docket No. D/A1707

14. (Currently Amended) A machine-readable medium that provides instructions for determining the authority of a document having a plurality of document content features, instructions, which when executed by a processor, cause the processor to perform operations comprising:

> determining a set of document content feature values <u>of a document based on textual contents in the document</u>; and

> determining at least one of textual authoritativeness value or textual authority class for the document using a trained document textual authority model based on the determined set of document content feature values.

15. (Currently Amended) The machine-readable medium according to claim 14, wherein the plurality of document content features includes at least ~~some of~~<u>one or more</u> question marks, semicolons, numerals, words with learned prefixes, words with learned suffixes, words in certain grammatical locations, HTML features, abbreviations and classes of abbreviations, text characteristics features, speech tagging features ~~and~~<u>or</u> readability indices features.

16. (Original) The machine-readable medium according to claim 14, wherein determining the textual authoritativeness value or a textual authority class for the document comprises:

> extracting a plurality of document content features from each document;

> determining a set of document content feature values for each document using one or more parsing techniques or methods; and

> determining a textual authoritativeness value or a textual authority class for the document by using one or more of metric regression or boosted decision tree algorithms or methods.

Application No. 10/232,714
Xerox Docket No. D/A1707

17. (Currently Amended) A textual authority determining system that determines an authority of a document having a plurality of document content features, comprising:

a memory; and

a document textual authoritativeness value determination circuit or routine that determines at least a textual authoritativeness value for the document by processing a set of document content feature values determined for a subset of document content features extracted from the plurality of document content features using one or more of metric regression or boosted decision tree algorithms or methods, the document content feature values being determined based on textual contents in the document.

18. (Currently Amended) The textual authority determining system of claim 17, wherein the plurality of document content features includes at least ~~some of~~ one or more question marks, semicolons, numerals, words with learned prefixes, words with learned suffixes, words in certain grammatical locations, HTML features, abbreviations and classes of abbreviations, text characteristics features, speech tagging features ~~and~~or readability indices features.

19. (Original) The textual authority determining system of claim 17, further comprising a document content features extraction circuit or routine that determines a subset of document content features from the plurality of document content features using a stepwise regression process.

20. (New) The method of claim 1, wherein determining the set of document content feature values comprises determining the set of document content feature values based solely on the textual contents in the document.

Application No. 10/232,714
Xerox Docket No. D/A1707

21.  (New)  The machine-readable medium according to claim 14, wherein determining the set of document content feature values comprises determining the set of document content feature values based solely on the textual contents in the document.

22.  (New)  The textual authority determining system of claim 17, wherein the document textual authoritativeness value determination circuit or routine determines the document content feature values based solely on the textual contents in the document.

Application No. 10/232,714
Xerox Docket No. D/A1707

## REMARKS

Claims 1-22 are pending in this application. By this Amendment, claims 1, 6, 14, 15, 17 and 18 are amended, and claims 20-22 are added. Reconsideration of the application in light of the foregoing claim amendments and following remarks is respectfully requested.

Applicants thank Examiner Goddard for the courtesy extended to Applicants' representative, Mr. Luo, during the June 15, 2005 personal interview. The substance of the personal interview is incorporated in the following remarks.

The Office Action rejects claims 6, 15 and 18 under 35 U.S.C. §112, second paragraph. Claims 6, 15 and 18 are amended for better clarity. Accordingly, withdrawal of the rejection of claims 6, 15 and 18 under 35 U.S.C. §112, second paragraph is respectfully requested.

The Office Action rejects claims 1-9, 11, 12 and 14-19 under 35 U.S.C. §103(a) over U.S. Patent No. 6,336,112 to Chakrabarti et al. ("Chakrabarti") in view of U.S. Patent No. 5,687,364 to Saund et al.; and rejects claims 10 and 13 under 35 U.S.C. §103(a) over Chakrabarti in view of Saund and further in view of the article entitled "Experiments with A New Boosting Algorithm" by Freund et al. ("Freund"). These rejections are respectfully traversed.

Chakrabarti, Saund and Freund do not disclose or suggest determining a set of document content feature values of a document based on textual contents in the document, and determining an authoritativeness for the document... based on the determined set of document content feature values, as recited in claim 1, and similarly recited in claims 14 and 17.

Chakrabarti discloses determining authoritativeness of a web page based on the degree the web page is referred to via links by other web pages. See col. 2, lines 15-49 and col. 3, lines 41-57. As is known, a link by which one web page refers to another is a locator, such as

-7-

a universal resource locator (URL) or an IP address. Such a link is not textual content in a document for which the authoritativeness is to be determined. Chakrabarti does not disclose or suggest determining authoritativeness of a document based on textual contents in a document. Therefore, Chakrabarti does not disclose or suggest determining a set of document content feature values of a document based on textual contents in the document, and determining an authoritativeness for the document . . .based on the determined set of document content feature values, as recited in claims 1, 14 and 17.

During the personal interview, the disclosure of Chakrabarti at col. 15, line 67-col. 16, line 26 was discussed. As discussed, this text of Chakrabarti merely discloses that the root set may be updated, resulting in an updated authoritativeness value of a web page. However, this text does not disclose or suggest that the textual content of a document is used in updating the authoritativeness value of a document. In particular, Chakrabarti discloses that there are only two approaches of determining the authoritativeness value of a document: (1) based on hyperlinks to the document, and (2) based on what other documents say about the document. See col. 14, lines 11-16. Chakrabarti does not disclose or suggest any other approaches for determining the authoritativeness value of the document. Specifically, Chakrabarti does not disclose or suggest using textual contents <u>in the document</u> to determine the authoritativeness value of the document.

Regarding the updating of the authoritativeness value of the document, Chakrabarti discloses that, when the root set is updated, the "hyperlinks" to the document and "what other documents say" about the document also need to be updated, especially to avoid self-promotion or redundant hubs. See col. 14, lines 58-col. 15, line 8. However, the updating of the authoritativeness value of the document is limited to "hyperlinks," or "what other documents say" about the document. Chakrabarti does not disclose or suggest using textual contents in the document in updating the authoritativeness value of the document.

Application No. 10/232,714
Xerox Docket No. D/A1707

Accordingly, the disclosure of Chakrabarti at col. 15, line 66-col. 16, line 26 does not disclose or suggest determining a set of document content feature values of a document based on textual contents in the document, and determining an authoritativeness for the document . . . based on the determined set of document content feature values, as recited in claims 1, 14 and 17.

Saund discloses a method of learning for textual topics categorization based on the words contained in a document. See col. 1, lines 52-67. Freund discloses an AdaBoost algorithm. See page 2, lines 38-39. Saund and Freund do not disclose or suggest determining a set of document content feature values of a document based on textual contents in the document, and determining an authoritativeness for the document . . . based on the determined set of document content feature values, as recited in claims 1, 14 and 17. Therefore, Saund and Freund do not supply the subject matter lacking in Chakrabarti.

For at least the above reason, Chakrabarti, Saund and Freund do not disclose or suggest the subject matter recited in claims 1, 14 and 17, and claims 2-13, 15, 16, 18 and 19 depending therefrom. Accordingly, withdrawal of the rejection of claims 1-19 under 35 U.S.C. §103(a) is respectfully requested.

In view of the foregoing, it is respectfully submitted that this application is in condition for allowance. Favorable reconsideration and prompt allowance of the claims are earnestly solicited.


Application No. 10/232,714
Xerox Docket No. D/A1707

Should the Examiner believe that anything further would be desirable in order to place this application in even better condition for allowance, the Examiner is invited to contact the undersigned at the telephone number set forth below.

Respectfully submitted,

James A. Oliff
Registration No. 27,075

Gang Luo
Registration No. 50,559

JAO:GXL/sqb

Date: June 23, 2005

**OLIFF & BERRIDGE, PLC**
**P.O. Box 19928**
**Alexandria, Virginia 22320**
**Telephone: (703) 836-6400**

DEPOSIT ACCOUNT USE
AUTHORIZATION
Please grant any extension
necessary for entry;
Charge any fee due to our
Deposit Account No. 24-0037