# EXHIBIT K

Attorney Docket No.: 42005-0025001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Art Unit | : | 3684 |
| Application No. | : 14/835,493 | Examiner | : | Anand R. Loharikar |
| Filed | : August 25, 2015 | Conf. No. | : | 4013 |
| Title | : METHOD AND SYSTEM FOR PROCESSING REQUESTS IN A MESSAGING PLATFORM | | | |

**Mail Stop Amendment**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

<u>AMENDMENT IN REPLY TO ACTION OF JANUARY 7, 2019,
AND INTERVIEW SUMMARY</u>

Responding to the action of January 7, 2019, Applicant respectfully requests reexamination of the application and reconsideration of the action in light of the following amendments and remarks.

| | | |
|---|---|---|
| First Named Inventor | : | Ashish Viramani |
| Application No. | : | 14/835,493 |
| Filed | : | August 25, 2015 |
| Page | : | 2 of 18 |

Attorney Docket: 42005-0025001

## AMENDMENTS TO THE SPECIFICATION:

Please replace paragraph [0039] with the following amended paragraph:

FIG. 2A shows a flowchart for displaying a broadcast message, in accordance with one or more embodiments of the invention. As will be discussed below in more details, the broadcast message may display a product card or a buy-now card, depending on the availability of the item from the vendors. One of ordinary skill in the art would appreciate that obtaining live inventory counts from vendors is difficult. This is because the inventory count is constantly changing and it occurs much slower than messages are processed on the messaging platform. Said another way, the messaging platform, at least in some embodiments, operates in a real-time or near real-time manner (as discussed above) often processing hundreds of thousands or millions of messages a second. In contrast, vendor systems are typically designed to process orders in a much slower manner. Accordingly, to ensure that user experience is not compromised, the messaging platform includes functionality to estimate the vendor inventory based on various information ~~provide~~ provided by the vendor (see e.g., FIGs. 2A-2C). Based on the estimates, the messaging platform includes functionality to determine whether to include a product card or a buy-now card for the item in the broadcast message. The messaging platform seeks to avoid providing a user with a buy-now card who then finds out that there is actually no inventory available when he or she decides to purchase the item.

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: | 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 3 of 18 | | |

## AMENDMENTS TO THE CLAIMS

1.  (Currently Amended) A <u>computer-implemented</u> method for ~~purchasing~~ <u>processing purchase</u> requests on a messaging platform <u>hosting a plurality of social networking accounts</u>, the method comprising:

<u>generating a perceived inventory count representing how many units of an item a vendor has available for sale, wherein generating the perceived inventory count comprises:</u>

<u>obtaining, from the vendor, inventory information comprising an actual inventory count for the item, and</u>

<u>updating the perceived inventory count with the actual inventory count;</u>

~~obtaining~~ <u>receiving</u> a <u>first</u> ~~broadcast~~ message from a first client <u>device</u> associated with a first social networking account <u>of the plurality of social networking accounts</u>;

<u>identifying the item from a reference to the item in the first message;</u>

~~making a first determination that the broadcast message includes a reference to an item;~~

<u>determining that the perceived inventory count for the item is greater than zero;</u>

<u>in response to determining that the perceived inventory count for the item is greater than zero, generating a second message comprising data that when processed by a client device operable to process the data, causes the client device to display a buy-now card on a display of the client device;</u>

~~making a second determination, based at least in part of a perceived inventory count for item that a vendor associated with the messaging platform is able to supply the item;~~

~~based on the second determination, generating a new broadcast message that includes a buy-now card associated with the item;~~

transmitting the <u>second</u>~~new broadcast~~ message to <u>respective client devices of one or more second accounts of the plurality of social networking accounts, wherein the one or more second accounts are connected to the first account by a social graph representing connections between the plurality of social networking accounts</u> ~~a second client associated with a second social networking account~~;

receiving, after transmitting the ~~new broadcast message~~<u>second message</u>, ~~a purchase request for the second client, wherein the purchase request specifies the item~~ <u>one or more</u>

| | | |
|---|---|---|
| First Named Inventor : | Ashish Viramani | Attorney Docket: 42005-0025001 |
| Application No. : | 14/835,493 | |
| Filed : | August 25, 2015 | |
| Page : | 4 of 18 | |

purchase requests for the item from the one or more second accounts; and

  processing, by the messaging platform, the ~~purchase request~~ <u>one or more purchase requests, comprising updating the perceived inventory count for the item with a difference between the perceived inventory count and a number representing a total quantity of the one or more purchase requests received after transmitting the second message</u>.

2. (Currently Amended) The method of claim 1, further comprising:

  sending a request for <u>updated</u> inventory information to the vendor;

  receiving ~~a first~~ <u>the updated</u> inventory information<u>, the updated inventory information comprising an updated inventory count for the item</u> from the vendor; and

  updating the perceived inventory count ~~based on~~<u>with</u> the <u>updated inventory count</u> ~~first inventory information~~.

3. (Currently Amended) The method of claim 2, further comprising:

  sending, after <u>updating the perceived inventory count</u>~~receiving the first inventory information~~, the<u> one or more</u> purchase request<u>s</u> to the vendor;

  receiving a response to the<u> one or more</u> purchase request<u>s</u> from the vendor,<u> the response comprising a second actual inventory count</u> ~~wherein the response to the purchase request comprises second inventory information~~; and

  updating the perceived inventory count ~~based on~~ <u>with</u> the second <u>actual</u> inventory ~~information~~<u>count for the item</u>.

4. (Canceled)

5. (Currently Amended) The method of claim 1, <u>wherein the buy-now card comprises a user-selectable button that when selected by a user of the client device, causes the client device to send a purchase request for the item to the messaging platform</u>~~wherein the buy-now card comprising a button, which when selected, initiates the generating of a purchase request to the messaging platform from the first client~~.

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | | Attorney Docket: 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 5 of 18 | | |

6. (Canceled)

7. (Currently Amended) The method of claim 1, further comprising:

in response to determining that the perceived inventory count for the item is not greater than zero:

generating a third message comprising product data that when processed by the client device causes the client device to render a product card on the display of the client device, wherein the product card comprises information about the item, and

transmitting the third message to the respective client devices of the one or more second accounts of the plurality of social networking accounts.

~~making a third determination, based at least in part of the perceived inventory count for item that a vendor associated with the messaging platform is not able to supply the item;~~

~~based on the third determination, generating a second new broadcast message that includes a product card associated with the item; and~~

~~transmitting the second new broadcast message to a third client associated with a third social networking account.~~

8. (Currently Amended) The method of claim ~~1~~ 1, further comprising:

adjusting the perceived inventory count based on a historical click through rate of buy-now cards for the one or more second accounts ~~wherein making the second determination is further based on a historical click through rate of buy-now cards for at least the second account~~.

9. (Canceled)

10. (Currently Amended) The method of claim 1, further comprising:

tracking sales data associated with the item, the sales data comprising information about accounts of the plurality of social networking accounts used to purchase the ~~offered~~ item prior to generating the second message; and

| | | |
|---|---|---|
| First Named Inventor : | Ashish Viramani | Attorney Docket: 42005-0025001 |
| Application No. : | 14/835,493 | |
| Filed : | August 25, 2015 | |
| Page : | 6 of 18 | |

wherein the ~~new broadcast~~ second message further comprises ~~a subset~~ at least a portion of the sales data.

11.    (Currently Amended) The method of claim 10, ~~wherein~~further comprising:

updating the sales data with information about the one or more second accounts; and

~~detecting, after sending the new broadcast message, that the subset of the sales data has been updated; and~~

transmitting ~~sending~~ a third message comprising the updated subset of the sales data to the ~~second client~~respective client devices of the one or more second accounts~~, wherein the second client redisplays the new broadcast message with the updated subset of the sales data~~.

12.    (Currently Amended) The method of claim 10, wherein the ~~subset~~ portion of the sales data comprises information about one or more third accounts in the plurality of the social networking accounts used to purchase the ~~offered~~ item, wherein each of the one or more third accounts are connected to at least one of the one or more second accounts on the social graph ~~that is linked to the second account~~.

13.    (Canceled)

14.    (Currently Amended) The method of claim 1, wherein the first message comprises text, and wherein identifying the item from a reference to the item in the first message~~identifying the reference to the item~~ comprises performing natural language processing on the text of the first~~the broadcast~~ message to identify the reference to the item from the text of the first message.

15.    (Canceled)

16.    (Currently Amended) The method of claim 1, wherein the reference to the item is a URL to a web resource comprising information about the item, ~~and wherein making the first determination comprises~~wherein identifying the item from the reference to the item in the first message comprises:

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: | 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 7 of 18 | | |

~~detecting that the broadcast message comprises the URL; and~~

scraping ~~a website~~ the information about the item from the web resource corresponding to the URL to identify the item.

17.  (Currently Amended) A non-transitory computer readable medium comprising instructions, which when executed by a processor perform a method, the method comprising:

generating a perceived inventory count representing how many units of an item a vendor has available for sale, wherein generating the perceived inventory count comprises:

obtaining, from the vendor, inventory information comprising an actual inventory count for the item, and

updating the perceived inventory count with the actual inventory count;

~~obtaining~~ receiving a first ~~broadcast~~ message from a first client device associated with a first social networking account of the plurality of social networking accounts;

identifying the item from a reference to the item in the first message;

~~making a first determination that the broadcast message includes a reference to an item;~~

determining that the perceived inventory count for the item is greater than zero;

in response to determining that the perceived inventory count for the item is greater than zero, generating a second message comprising data that when processed by a client device operable to process the data, causes the client device to display a buy-now card on a display of the client device;

~~making a second determination, based at least in part of a perceived inventory count for item that a vendor associated with the messaging platform is able to supply the item;~~

~~based on the second determination, generating a new broadcast message that includes a buy-now card associated with the item;~~

transmitting the second ~~new broadcast~~ message to respective client devices of one or more second accounts of the plurality of social networking accounts, wherein the one or more second accounts are connected to the first account by a social graph representing connections between the plurality of social networking accounts ~~a second client associated with a second social networking account~~;

receiving, after transmitting the ~~new broadcast message~~ second message, ~~a purchase request~~

| | | |
|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: 42005-0025001 |
| Application No. | : 14/835,493 | |
| Filed | : August 25, 2015 | |
| Page | : 8 of 18 | |

~~for the second client, wherein the purchase request specifies the item~~ <u>one or more purchase requests for the item from the one or more second accounts</u>; and

processing, by the messaging platform, the ~~purchase request~~ <u>one or more purchase requests, comprising updating the perceived inventory count for the item with a difference between the perceived inventory count and a number representing a total quantity of the one or more purchase requests received after transmitting the second message</u>.

18. (Currently Amended) The non-transitory computer readable medium of claim 17, wherein the method further comprises:

sending a request for <u>updated</u> inventory information to the vendor;

receiving ~~a first~~<u>the updated</u> inventory information<u>, the updated inventory information comprising an updated inventory count for the item</u> from the vendor; and

updating the perceived inventory count ~~based on~~ <u>with</u> the <u>updated inventory count</u>~~first inventory information~~.

19. (Currently Amended) The non-transitory computer readable medium of claim 18, wherein the method further comprises:

sending, after <u>updating the perceived inventory count</u> ~~receiving the first inventory information~~, the <u>one or more</u> purchase request<u>s</u> to the vendor;

receiving a response to the<u> one or more</u> purchase request<u>s</u> from the vendor<u>, the response comprising a second actual inventory count</u>~~wherein the response to the purchase request comprises second inventory information~~; and

updating the perceived inventory count ~~based on~~<u>with</u> the second <u>actual</u> inventory ~~information~~<u>count for the item</u>.

20. (Canceled)

21. (New) The method of claim 1, wherein a total quantity of the one or more second accounts does not exceed the perceived inventory count.

| | | |
|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: 42005-0025001 |
| Application No. | : 14/835,493 | |
| Filed | : August 25, 2015 | |
| Page | : 9 of 18 | |

22. (New) The computer readable medium of claim 17, wherein a total quantity of the one or more second accounts does not exceed the perceived inventory count.

23. (New) A system comprising:

one or more computers and one or more storage devices on which are stored instructions that are operable, when executed by the one or more computers, to cause the one or more computers to perform operations comprising:

generating a perceived inventory count representing how many units of an item a vendor has available for sale, wherein generating the perceived inventory count comprises:

obtaining, from the vendor, inventory information comprising an actual inventory count for the item, and

updating the perceived inventory count with the actual inventory count;

receiving a first message from a first client device associated with a first social networking account of the plurality of social networking accounts;

identifying the item from a reference to the item in the first message;

determining that the perceived inventory count for the item is greater than zero;

in response to determining that the perceived inventory count for the item is greater than zero, generating a second message comprising data that when processed by a client device operable to process the data, causes the client device to display a buy-now card on a display of the client device;

transmitting the second message to respective client devices of one or more second accounts of the plurality of social networking accounts, wherein the one or more second accounts are connected to the first account by a social graph representing connections between the plurality of social networking accounts;

receiving, after transmitting the second message, one or more purchase requests for the item from the one or more second accounts; and

processing, by the messaging platform, the one or more purchase requests, comprising updating the perceived inventory count for the item with a difference between the perceived inventory count and a number representing a total quantity of the one or more purchase requests received after transmitting the second message.

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | | Attorney Docket: 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 10 of 18 | | |

24. (New) The system of claim 23, wherein a total quantity of the one or more second accounts does not exceed the perceived inventory count.

25. (New) The system of claim 23, wherein the operations further comprise:

sending a request for updated inventory information to the vendor;

receiving the updated inventory information, the updated inventory information comprising an updated inventory count for the item from the vendor; and

updating the perceived inventory count based on the updated inventory count.

26. (New) The system of claim 23, wherein the operations further comprise:

in response to determining that the perceived inventory count for the item is not greater than zero:

generating a third message comprising product data that when processed by the client device causes the client device to render a product card on the display of the client device, wherein the product card comprises information about the item, and

transmitting the third message to the respective client devices of the one or more second accounts of the plurality of social networking accounts.

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: | 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 11 of 18 | | |

## REMARKS

Claims 1-20 were pending as of the action of January 7, 2019. Claims 1, 17, and 20 are in independent form. Claims are being amended. Claims 4, 6, 9, 13, 15 and 20 are being canceled without prejudice. New claims 21 through 26 are being submitted, and Applicant notes that claim 23 is an independent claim. Support for the amendments can be found in the specification, at least in paragraphs 39, 41-43, and 48.

Reconsideration is requested in view of the foregoing amendments and the following remarks.

### Examiner Interview

Applicant thanks Examiner Loharikar for the courtesy extended during the telephone interview with Applicant's undersigned representative and Alex Ganescu, conducted on May 6, 2019. The substance of the interview included a discussion of the Section 101 rejections of record in light of the proposed amendments to claim 1 and the revised patent subject matter eligibility guidance. The substance of the interview also included a discussion of the Section 102 rejections of record in light of the cited reference and the proposed amendments to claim 1. Examiner Loharikar agreed that the proposed amendments appear to overcome the current Section 102 rejections, but also indicated that further search and consideration would be necessary. No agreement was reached regarding allowability.

### Allowable Subject Matter

Applicant thanks Examiner Loharikar for the indication that claims 10-13 would be allowable over the cited art if submitted in independent form including all of the limitations of the base claim and any intervening claims and if the section 101 rejections are overcome.

### Claim Rejections - 35 U.S.C. § 101

Claims 1-20 are rejected under 35 U.S.C. § 101 as allegedly directed to a judicial exception without significantly more. Applicant respectfully disagrees for the reasons stated below.

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: | 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 12 of 18 | | |

The guidelines for determining patent eligibility were modified by Federal Register Notice vol. 84, no. 4, pp. 50-57, 2019, *Revised Patent Subject Matter Eligibility Guidance* (Jan. 7, 2019) (the "2019 Guidance").

The 2019 Guidance "extracts and synthesizes key concepts identified by the courts as abstract ideas to explain that <u>the abstract idea exception includes the following groupings of subject matter</u>, when recited as such in a claim limitation(s) (that is, <u>when recited on their own</u> or per se)." *Id.* at 52. The groupings are:

> a) <u>Mathematical concepts</u> – mathematical relationships, mathematical formulas or equations, mathematical calculations;
>
> b) <u>Certain methods of organizing human activity</u> – fundamental economic principles or practices (including hedging, insurance, mitigating risk); commercial or legal interactions (including agreements in the form of contracts; legal obligations; advertising, marketing or sales activities or behaviors; business relations); managing personal behavior or relationships or interactions between people (including social activities, teaching, and following rules or instructions); and
>
> c) <u>Mental processes</u> – concepts performed in the human mind14 (including an observation, evaluation, judgment, opinion)." *Id.* (footnotes omitted)" *Id.*

The 2019 Guidance goes on to explain that:

> <u>Claims that do not recite matter that falls within these enumerated groupings of abstract ideas should not be treated as reciting abstract ideas</u>, except as follows: In the rare circumstance in which a USPTO employee believes a claim limitation that does not fall within the enumerated groupings of abstract ideas should nonetheless be treated as reciting an abstract idea, the procedure described in Section III.C for analyzing the claim should be followed. *Id.* at 53 (emphasis added).

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: | 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 13 of 18 | | |

### The claims do not recite matter that falls within any of the enumerated groupings

The claims recite computer-implemented subject matter for improving a user's experience of a messaging platform on a client device by providing the opportunity for a user to purchase an item sold by a vendor only if the item is likely to be in-stock, based on a perceived inventory count for the item that is not required to be updated in real-time by the vendor. This subject matter is not a mathematical concept, a method of organizing human activity, nor a mental process.

The 2019 Guidance is clear. "Claims that do not recite matter that falls within these enumerated groupings of abstract ideas <u>should not be treated as reciting abstract ideas</u> . . . ."

### The claims do not fall within the rare circumstances

Section III.C of the 2019 Guidance states that:

> In the <u>rare</u> circumstance in which an examiner believes a claim limitation that does not fall within the enumerated groupings of abstract ideas should nonetheless be treated as reciting an abstract idea ("tentative abstract idea"), <u>the examiner should evaluate whether the claim as a whole integrates the recited tentative abstract idea into a practical application as explained in Section III.A.2. If the claim as a whole integrates the recited tentative abstract idea into a practical application, the claim is not directed to a judicial exception</u> (Step 2A: NO) and is eligible (thus concluding the eligibility analysis)." *Id.* at 56-57 (emphasis added).

Section III.A.2 ("Prong Two") explains:

> <u>A claim that integrates a judicial exception</u> into a practical application <u>will apply, rely on, or use the judicial exception in a manner that imposes a meaningful limit on the judicial exception</u>, such that the claim is more than a drafting effort designed to monopolize the judicial exception. When the exception is so integrated, then the claim is not directed to a judicial exception (Step 2A: NO) and is eligible. This concludes the eligibility analysis." *Id.* at 54 (emphasis added).

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: | 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 14 of 18 | | |

The claims clearly recite subject matter that integrates the recited limitations into the practical computer-implemented application of improving a user's experience on a messaging platform on a client device by providing the opportunity for a user to purchase an item sold by a vendor only if the item is likely to be in-stock, based on a perceived inventory count for the item that is not required to be updated in real-time by the vendor.

In addition, the claimed subject matter includes at least the following advantages:

> Accordingly, <u>to ensure that user experience is not compromised, the messaging platform includes functionality to estimate the vendor inventory based on various information [provided] by the vendor</u>. (see e.g., FIGs. 2A-2C). Based on the estimates, the messaging platform includes functionality to determine whether to include a product card or a buy-now card for the item in the broadcast message. <u>The messaging platform seeks to avoid providing a user with a buy-now card who then finds out that there is actually no inventory available when he or she decides to purchase the item</u>. Specification, paragraph 39 (emphasis added).

For the foregoing reasons, Applicant respectfully submits that the rejections under Section 101 should be withdrawn.

**Claim Rejections - 35 U.S.C. § 102**

Claims 1-7, 14, 15 and 17-20 are rejected under 35 U.S.C. § 102(a)(1) as allegedly anticipated by U.S. Pre-Grant Pub. No. 2013/0275264 ("Lindenberg"). Applicant respectfully disagrees for the following reasons.

Claim 1, as amended, recites:

> in response to <u>determining that the perceived inventory count for the item is greater than zero</u>, generating a second message comprising data that when processed by a client device operable to process the data, causes the client device to display a buy-now card on a display of the client device;
>
> . . .
>
> processing, by the messaging platform, the one or more purchase

| | | |
|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: 42005-0025001 |
| Application No. | : 14/835,493 | |
| Filed | : August 25, 2015 | |
| Page | : 15 of 18 | |

requests, comprising <u>updating the perceived inventory count</u> for the item with a difference between the perceived inventory count and a number representing a total quantity of the one or more purchase requests received after transmitting the second message.

Applicant respectfully submits that Lindenberg fails to disclose these features of amended claim 1.

First, a cited portion of Lindenberg reads, in pertinent part, as follows:

> In one embodiment, processing server **104** sends an e-mail to the source address of the user **103** prompting user **103** <u>to reply with the short-code of a specific child product</u> (e.g., choosing a specific color for the clothing item requested). One skilled in the art would appreciate that for users ordering via social media platforms (e.g., tweets or Facebook® messages), processing server **104** replies in the manner the order was received (e.g., reply-tweets (re-tweets) or replies to messages). For example, for users **103** ordering via a tweet, processing sever **104** <u>generates a reply tweet to the user's **103** Twitter® handle</u>.  Lindenberg, paragraph 53 (emphasis added).

First, Applicant respectfully submits that the cited portion of Lindenberg does not disclose: "in response to determining that the perceived inventory count for the item is greater than zero, generating a second message comprising data that when processed by a client device operable to process the data, causes the client device to display a buy-now card on a display of the client device," as recited by amended claim 1.

Rather, the cited portion of Lindenberg discloses "a reply tweet to the user's Twitter® handle."  Specifically, a reply tweet to a user's handle does not disclose generating a message comprising data to render a buy-now card on a display of a client device.

Next, Applicant respectfully submits that the cited portion of Lindenberg does not disclose: "processing, by the messaging platform, the one or more purchase requests, comprising updating the perceived inventory count for the item with a difference between the perceived

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | | Attorney Docket: 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 16 of 18 | | |

inventory count and a number representing a total quantity of the one or more purchase requests received after transmitting the second message," as recited by amended claim 1.

A cited portion of Lindenberg reads, in pertinent part, as follows:

> After optional secondary actions are performed, any existing orders are then processed for payment (action block **2013**), which is further described with reference to FIG. 6. <u>Processing payments depends on the confirmation/update links provided via SMS or e-mail</u> in action block **2011** (starting block **6001**). User **103** must click on any of these links to proceed with an order (decision block **6002**). If the link has not been clicked for a programmable period of time (decision block **6003**), the order will be abandoned (action block **6004**). Lindenberg, paragraph 60 (emphasis added).

Applicant respectfully submits that cited portion of Lindenberg does not disclose: "processing, by the messaging platform, the one or more purchase requests, comprising updating the perceived inventory count for the item with a difference between the perceived inventory count and a number representing a total quantity of the one or more purchase requests received after transmitting the second message," as recited by amended claim 1.

Instead, the cited portion of Lindenberg discloses processing payments depending on links provided to users. In particular, processing payments depending on links provided to users does not disclose updating a perceived inventory count, as recited by amended claim 1.

For the foregoing reasons, Applicant requests that the Section 102 rejections of claim 1 and its dependent claims be withdrawn. The rejections to claim 17 and its dependent claims should be withdrawn for corresponding reasons.

### Claim Rejections - 35 U.S.C. § 103

Claims 8 and 9 are rejected under 35 U.S.C. § 103 as allegedly being obvious over Lindenberg in view of U.S. Pre-Grant Pub. No. 2015/0302470 ("Dru").

Claim 16 was rejected under 35 U.S.C. § 103 as allegedly being obvious over Lindenberg in view of U.S. Pre-Grant Pub. No. 2013/0332460 ("Pappas").

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: | 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 17 of 18 | | |

Claims 8 and 9 depend on claim 1. As discussed above, Applicant submits that Lindenberg does not disclose all of the features of claim 1. Applicant further submits that the cited portions of Dru fail to remedy the deficiencies of Lindenberg. Therefore, Applicant requests that the rejections of claim 8 and 9 be withdrawn.

Similarly, claim 16 depends on claim 1. Applicant submits that the cited portions of Pappas fails to remedy the deficiencies of Lindenberg. Therefore, the rejection to claim 16 should also be withdrawn.

### New Claims

Claims 21, 22, and 24 are new and depend on amended claims 1, 17, and new claim 23, respectively. The claims recite: "wherein a total quantity of the one or more second accounts does not exceed the perceived inventory count."

Claim 23 is a new independent claim reciting a system and features similar to those of amended claims 1 and 17.

Claims 24, 25, and 26 depend on new claim 23 and recite features similar to those of amended claims 2, 3, and 7, respectively.

### Conclusion

For the foregoing reasons, Applicant submits that all pending claims are in condition for allowance.

By responding in the foregoing remarks only to particular positions taken in the action, Applicant does not acquiesce in other positions, including characterizations of the prior art, that have not been explicitly addressed. In addition, Applicant's selecting some particular arguments for the patentability of a claim should not be understood as implying that no other reasons for the patentability of that claim exist. Finally, Applicant's decision to amend or cancel any claim should not be understood as implying that Applicant agrees with any positions taken in the action with reference to that claim or other claims, or that Applicant adopts or agrees with any position except as specifically stated in this paper. In particular, by amending a claim, Applicant does not necessarily concede that the claim prior to amendment was unpatentable.

| | | | |
|---|---|---|---|
| First Named Inventor | : Ashish Viramani | Attorney Docket: | 42005-0025001 |
| Application No. | : 14/835,493 | | |
| Filed | : August 25, 2015 | | |
| Page | : 18 of 18 | | |

Please apply any necessary charges or credits to Deposit Account 06-1050, referencing the above attorney docket number.

Respectfully submitted,

Date: <u>May 7, 2019</u>       /Brian J. Gustafson/

Brian J. Gustafson
Reg. No. 52,978

Customer Number 144118
Fish & Richardson P.C.
Telephone:  (650) 839-5070
Facsimile:   (877) 769-7945

61838750.doc