# EXHIBIT 5

Response to Final Office Action
Docket No. 20050533-US-NP

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| *In re* Application of Chi et al. | ) ) Group Art Unit: 2162 |
| Serial No. 11/200,557 | ) ) Examiner: ) Joshua Bullock |
| Filed: August 9, 2005 | ) ) |
| For: Systems And Methods For Personalized Search | ) ) ) |

### RESPONSE TO FINAL OFFICE ACTION

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Examiner Bullock:

In response to the final Office Action mailed on May 14, 2008 for the above-referenced patent application, please enter the following amendments and remarks. This response is being timely filed within two months of the mailing date of the Final Office action. Accordingly, the mailing of an Advisory Action is required, pursuant to MPEP 706.07(f).

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

Response to Final Office Action
Docket No. 20050533-US-NP

**Amendments to the Claims**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1. (currently amended) A method for personalized search comprising the steps of:
   receiving a query from a user;
   identifying the user;
   retrieving a user history for the user comprising access patterns identifying linked information elements within an information repository;
   identifying a user profile comprising keywords relevant to the access patterns in the user history;
   determining a proximal neighborhood using the keywords in the user ~~profile comprising~~ profile, wherein the proximal neighborhood comprises unseen linked information elements within a threshold distance of the linked information elements in the user history; and
   ~~applying the query to~~ searching the unseen linked information elements in the proximal ~~neighborhood.~~ neighborhood using the query.

2. (previously presented) The method of claim 1, wherein the proximal neighborhood is determined by applying a crawling strategy.

3. (previously presented) The method of claim 2, wherein the crawling strategy comprises at least one of a link ranking function, a backlink function, and a breadth first search.

4. (previously presented) The method of claim 2, wherein a threshold link distance is set for the crawling strategy.

Response to Final Office Action
Docket No. 20050533-US-NP

1    5.    (previously presented) The method of claim 1, wherein the user
2    history comprises at least one of a web access log, a library manager, a web proxy
3    server log, a browser history file, and a server access log.

1    6.    (previously presented) The method of claim 1, wherein the
2    information repository comprises at least one of a website, a document repository,
3    and a hard drive.

1    7.    (previously presented) The method of claim 6, wherein the
2    document repository comprises at least one of a digital library, a document
3    management system, and a server.

1    8.    (previously presented) The method of claim 1, wherein user
2    histories, user profiles, and proximal neighborhoods are determined for a first user
3    and at least one other user, and in which at least one of the user history, the user
4    profiles and the proximal neighborhoods form a combination.

1    9.    (previously presented) The method of claim 8, wherein the
2    combination comprises at least one of union, intersection, addition, and
3    subtraction.

1    10.    (previously presented) The method of claim 1, wherein a first user
2    history is associated with a first user and a second user history is associated with a
3    second user and the first user history is used by the second user.

1    11.    (previously presented) The method of claim 10, wherein a first
2    user proximal neighborhood is associated with the first user and a second user
3    proximal neighborhood is associated with the second user and the first user
4    proximal neighborhood is used by the second user.

12. (previously presented) The method of claim 10, wherein a first user profile is associated with the first user and a second user profile is associated with the second user and the first user profile is used by the second user.

13. (previously presented) The method of claim 1, wherein the linked information elements comprise at least one of audio, video, and textual information.

14. (previously presented) The method of claim 1, in which the linked information elements comprise linked documents.

15. (previously presented) The method of claim 1, wherein the proximal neighborhood comprises at least one of audio, video, and textual information.

16. (previously presented) The method of claim 1, wherein the search results are ordered based on the keywords relevant to the access patterns in the user history.

17. (previously presented) The method of claim 1, wherein the user history is categorized.

18. (previously presented) The method of claim 17, wherein the categories comprise at least one of tasks, projects, and organizations.

19. (currently amended) A system for personalized search comprising:
   a memory;
   an input/output circuit that receives a user query from a user;
   a processor that identifies the user;
   a user history retrieval circuit that retrieves the user history for the user comprising access patterns identifying linked information elements within an information repository;

Response to Final Office Action
Docket No. 20050533-US-NP

8	a profile identification circuit that identifies a user profile comprising
9	keywords relevant to access patterns in the user history;
10	a proximal neighborhood determination circuit that determines a proximal
11	neighborhood using the keywords in the user ~~profile comprising~~ profile, wherein
12	the proximal neighborhood comprises unseen linked information elements within
13	a threshold distance of the linked information elements in the user history; and
14	a search circuit that ~~applies the query to~~ searches the unseen linked
15	information elements in the proximal ~~neighborhood.~~ neighborhood using the
16	query.

1	20.	(previously presented) The system of claim 19, wherein the
2	proximal neighborhood is determined by applying a crawling strategy.

1	21.	(previously presented) The system of claim 20, wherein the
2	crawling strategy comprises at least one of a link ranking function, a backlink
3	function, and a breadth first search.

1	22.	(previously presented) The system of claim 20, wherein a threshold
2	link distance is set for the crawling strategy.

1	23.	(previously presented) The system of claim 19, wherein the user
2	history comprises at least one of a web access log, a library manager, a web proxy
3	server log, a browser history file, and a server access log.

1	24.	(previously presented) The system of claim 19, wherein the
2	information repository comprises at least one of a website, a document repository,
3	and a hard drive.

1	25.	(previously presented) The system of claim 24, wherein the
2	document repository comprises at least one of a digital library, a document
3	management system, and a server.

26. (previously presented) The system of claim 19, wherein user histories, user profiles, and proximal neighborhoods are determined for a first user and at least one other user, and in which at least one of the user history, the user profiles and the proximal neighborhoods form a combination.

27. (previously presented) The system of claim 26, wherein the combination comprises at least one of union, intersection, addition, and subtraction.

28. (previously presented) The system of claim 19, wherein a first user history is associated with a first user and a second user history is associated with a second user and the first user history is used by the second user.

29. (previously presented) The system of claim 28, wherein a first user proximal neighborhood is associated with the first user and a second user proximal neighborhood is associated with the second user and the first user proximal neighborhood is used by the second user.

30. (previously presented) The system of claim 28, wherein a first user profile is associated with the first user and a second user profile is associated with the second user and the first user profile is used by the second user.

31. (previously presented) The system of claim 19, wherein the linked information elements comprise at least one of audio, video, and textual information.

32. (previously presented) The system of claim 19, in which the linked information elements comprise linked documents.

33. (previously presented) The system of claim 19, wherein the proximal neighborhood comprises at least one of audio, video, and textual information.

1    34.    (previously presented) The system of claim 19, wherein the search
2  results are ordered based on the user keywords relevant to the access patterns in
3  the user history.

1    35.    (previously presented) The system of claim 19, wherein the user
2  history is categorized.

1    36.    (previously presented) The system of claim 35, wherein the
2  categories comprise at least one of tasks, projects, and organizations.

1    37.    (canceled).

1    38.    (canceled).

Response to Final Office Action
Docket No. 20050533-US-NP

## REMARKS

Claims 1-36 are pending. Claims 1 and 19 have been amended and remain in the application. Claims 37 and 38 have been canceled. No new matter has been entered.

5     Claims 1 and 19 stand subject to objection for informalities. Claims 1 and 19 have been amended. No new matter has been entered. Support for the amendments can be found in the specification, for example, in paragraph [0035]. Withdrawal of the objection is requested.

### Rejections under 35 U.S.C. § 102(e) over Lawrence

10     Claims 1-9, 13-27, and 31-36 stand rejected under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent Application Publication No. US 2005/0071328, to Lawrence. Applicant traverses.

A claim is anticipated under 35 U.S.C. § 102(e) only if each and every element as set forth in the claim is found, either expressly or inherently described,
15     in a single prior art reference. MPEP 2131. The Lawrence publication fails to teach or suggest each and every claim element and fails to anticipate Claims 1-9, 13-27, and 31-36.

Lawrence discloses a system and method for creating a user profile, which is used to order search results returned by a search engine (Abstract). The user
20     profile includes previous search queries, the user's activities, sampled content, category information, and the user's personal information (paragraphs [0031]-[0036]). A search query is received from the user, and a list of documents that match the search query is identified. Each document in the list is given a generic score based on a document page rank and the search query (paragraph [0073]).
25     The documents are then analyzed with respect to the user's profile to create a profile score. A personalized rank based on the document's generic and profile scores is used to order the documents for presenting to the user (paragraph [0074]).

Claims 1 and 19 have been amended. Claim 1 now recites searching the unseen linked information elements in the proximal-neighborhood using the query. Amended Claim 19 now recites a search circuit that searches the unseen linked information elements in the proximal neighborhood using the query. No new matter has been entered. Support for the amendments can be found in the specification, for example, in paragraph [0035]. Such limitations are neither taught nor suggested by Lawrence.

The claim amendments should not necessitate a new ground of rejection based on prior art not of record, as each of the limitations in the claim amendments were already considered and examined in the first Office action. *See* MPEP 706.07(a) ("A second or any subsequent action on the merits in any application or patent involved in reexamination proceedings <u>should not be made final</u> if it includes a rejection, on prior art not of record, of any claim amended to include limitations which should reasonably have been expected to be claimed" (emphasis added)).

In contrast, Lawrence teaches ordering search results in response to a user query (paragraph [0028]). In one version, the user's search query is submitted to a content server and the resulting documents are assigned a generic score (paragraph [0073]). The documents are also assigned a profile score based on a user profile (paragraph [0074]), which includes previous search queries, anchor text, general information, the user's activities, sampled content, category information, and the user's personal information (paragraphs [0031]-[0036]). The documents are then ordered based on a personalized score that is a function of the generic and profile scores (paragraph [0074]). Alternatively, the search query is adjusted by the user profile so that the content server will return selected documents that have already been ordered (paragraph [0076]). In either case, the search query is carried out on the entire corpus of unrelated documents stored on a content server and the results are then reordered based on the user profile, rather than searching the unseen linked information elements in the proximal neighborhood using the query, per Claims 1 and 19. Thus, Lawrence teaches

searching documents or an index of documents stored on a content server that are themselves unrelated to previous activities of the user (paragraphs [0029] and [0073]). The user profile, including any linked documents, is used to weigh search results for ordering and is not used as a substrate of the search.

Therefore, Lawrence fails to teach or suggest all the claim limitations and does not anticipate Claims 1 and 19. Claims 2-9 and 13-18 are dependent upon Claim 1 and are patentable for the above-stated reasons, and as further distinguished by the limitations therein. Claims 20-27 and 31-36 are dependent upon Claim 19 and are patentable for the above-stated reasons, and as further distinguished by the limitations therein. Withdrawal of the rejection under 35 U.S.C. § 102(e) is respectfully requested.

### Rejections under 35 U.S.C. § 103(a) over Lawrence, in view of Linden

Claims 10-12 and 28-30 stand rejected under 35 U.S.C. § 103(a) as being obvious over Lawrence and further in view of U.S. Patent Application Publication No. 2005/0102282, to Linden. Applicant traverses.

The examiner bears the initial burden of factually supporting any *prima facie* conclusion of obviousness, which includes a clear articulation of the reasons or rationale why the claimed invention would have been obvious. MPEP 2142. Exemplary rationales to support a conclusion of obviousness are listed in MPEP 2143, although the list is not all-inclusive.

Claims 10-12 and 28-30 appear to be rejected under the rationale outlining combining prior art elements according to known methods to yield predicable results, which includes *inter alia* "a finding that the prior art included each element claimed, although not necessarily in a single prior art reference, with the only difference between the claimed invention and the prior art being the lack of actual combination of the elements in a single prior art reference." MPEP 2143(A). If any of the findings cannot be made, this rationale cannot be used to support a conclusion that the claim would have been obvious. *Id.*

Linden discloses a method for providing personalized search results

(Abstract). Search results returned to a user are modified based on the user's previous search results, the user's previous viewed items, and items viewed by other users using similar search queries (paragraphs [0025], [0032], and [0038]). Combining Lawrence and Linden further limits ordering of search results based on previous user activities and personal information, as taught by Lawrence, by introducing the use of other user's search activities in the ordering of search results, as taught by Linden. Thus, further limiting Lawrence does not anticipate nor render obvious independent Claims 1 and 19, as discussed above, or the claims depending therefrom.

Accordingly, a *prima facie* case of obviousness has not been shown with respect to independent Claims 1 and 19. A similar conclusion would adhere under the other exemplary rationales in the *KSR* Guidelines to fail to demonstrate obviousness. MPEP 2143. Claims 10-12 are dependent on Claim 1 and are patentable for the above-stated reasons, and as further distinguished by the limitations therein. Claims 28-30 are dependent on Claim 19 and are patentable for the above-stated reasons, and as further distinguished by the limitations therein. Withdrawal of rejection under 35 U.S.C. § 103(a) is respectfully requested.

The prior art made of record and not relied upon has been reviewed by the applicant and is considered to be no more pertinent than the prior art references already applied.

Claims 1-36 are believed to be in condition for allowance. Entry of the foregoing amendments is requested. Reconsideration of claims and a Notice of Allowance are earnestly solicited. Please contact the undersigned at (206) 381-3900 regarding any questions or concerns associated with the present matter.

Response to Final Office Action
Docket No. 20050533-US-NP

Respectfully submitted,

Dated: July 14, 2008      By: _____
5                              Scott E. Smith, Esq.
                               Reg. No. 61,721

Cascadia Intellectual Property
500 Union Street, Suite 1005      Telephone: (206) 381-3900
10   Seattle, WA 98101            Facsimile: (206) 381-3999

Final OA Resp

- 12 -