# EXHIBIT 7

Response to Final Office Action
Docket No. 20050533-US-NP

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| *In re* Application of<br>Chi et al. | ) <br>) Group Art Unit: 2162 |
| Serial No. 11/200,557 | ) <br>) Examiner:<br>)     Joshua Bullock |
| Filed: August 9, 2005 | ) <br>) |
| For: Systems And Methods For Personalized<br>     Search | ) <br>) |

### RESPONSE TO FINAL OFFICE ACTION

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Examiner Bullock:

In response to the Final Office Action mailed on November 25, 2009 for the above-referenced patent application, please enter the following amendments and remarks. This response is being timely filed within two months of the mailing date of the Final Office action. Accordingly, the mailing of an Advisory Action is required, pursuant to MPEP 706.07(f).

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2.

**Remarks** begin on page 8.

- 1 -

Response to Final Office Action
Docket No. 20050533-US-NP

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| *In re* Application of<br>    Chi et al. | Group Art Unit: 2162 |
| Serial No. 11/200,557 | Examiner:<br>    Joshua Bullock |
| Filed: August 9, 2005 | |
| For: Systems And Methods For Personalized<br>     Search | |

## RESPONSE TO FINAL OFFICE ACTION

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Examiner Bullock:

    In response to the Final Office Action mailed on November 25, 2009 for the above-referenced patent application, please enter the following amendments and remarks. This response is being timely filed within two months of the mailing date of the Final Office action. Accordingly, the mailing of an Advisory Action is required, pursuant to MPEP 706.07(f).

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2.

**Remarks** begin on page 8.

- 1 -

Response to Final Office Action
Docket No. 20050533-US-NP

**Amendments to the Claims**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1. (previously presented) A method for personalized search comprising the steps of:
   receiving a query from a user;
   identifying the user;
   retrieving a user history for the user comprising access patterns identifying linked information elements previously accessed by the user within an information repository;
   identifying a user profile comprising keywords relevant to the access patterns in the user history;
   determining a proximal neighborhood using the user history in the user profile, wherein the proximal neighborhood comprises only linked information elements previously unseen by the user that are within a threshold distance of the linked information elements in the user history; and
   applying the query to the unseen linked information elements in the proximal neighborhood and determining search results comprising the unseen linked information elements that match the query.

2. (previously presented) The method of claim 1, wherein the proximal neighborhood further comprises the linked information elements and is determined by applying a crawling strategy.

3. (previously presented) The method of claim 2, wherein the crawling strategy comprises at least one of a link ranking function, a backlink function, and a breadth first search.

    4.    (previously presented) The method of claim 2, wherein a threshold link distance is set for the crawling strategy.

    5.    (previously presented) The method of claim 1, wherein the user history comprises at least one of a web access log, a library manager, a web proxy server log, a browser history file, and a server access log.

    6.    (previously presented) The method of claim 1, wherein the information repository comprises at least one of a website, a document repository, and a hard drive.

    7.    (previously presented) The method of claim 6, wherein the document repository comprises at least one of a digital library, a document management system, and a server.

    8.    (previously presented) The method of claim 1, wherein user histories, user profiles, and proximal neighborhoods are determined for a first user and at least one other user, and in which at least one of the user history, the user profiles and the proximal neighborhoods form a combination.

    9.    (previously presented) The method of claim 8, wherein the combination comprises at least one of union, intersection, addition, and subtraction.

    10.    (previously presented) The method of claim 1, wherein a first user history is associated with a first user and a second user history is associated with a second user and the first user history is used by the second user.

    11.    (previously presented) The method of claim 10, wherein a first user proximal neighborhood is associated with the first user and a second user proximal neighborhood is associated with the second user and the first user proximal neighborhood is used by the second user.

Response to Final Office Action
Docket No. 20050533-US-NP

12. (previously presented) The method of claim 10, wherein a first user profile is associated with the first user and a second user profile is associated with the second user and the first user profile is used by the second user.

13. (previously presented) The method of claim 1, wherein the linked information elements comprise at least one of audio, video, and textual information.

14. (previously presented) The method of claim 1, in which the linked information elements comprise linked documents.

15. (previously presented) The method of claim 1, wherein the proximal neighborhood comprises at least one of audio, video, and textual information.

16. (previously presented) The method of claim 1, wherein the search results are ordered based on the keywords relevant to the access patterns in the user history.

17. (previously presented) The method of claim 1, wherein the user history is categorized.

18. (previously presented) The method of claim 17, wherein the categories comprise at least one of tasks, projects, and organizations.

19. (previously presented) A system for personalized search comprising:
   a memory;
   an input/output circuit that receives a user query from a user;
   a processor that identifies the user;
   a user history retrieval circuit that retrieves the user history for the user comprising access patterns identifying linked information elements previously accessed by the user within an information repository;

9    a profile identification circuit that identifies a user profile comprising
10   keywords relevant to access patterns in the user history;
11   a proximal neighborhood determination circuit that determines a proximal
12   neighborhood using the user history in the user profile, wherein the proximal
13   neighborhood comprises only linked information elements previously unseen by
14   the user that are within a threshold distance of the linked information elements in
15   the user history; and
16   a search circuit that applies the query to the unseen linked information
17   elements in the proximal neighborhood and that determines search results
18   comprising the unseen linked information elements that match the query.

1   20.   (previously presented) The system of claim 19, wherein the
2   proximal neighborhood further comprises the linked information elements and is
3   determined by applying a crawling strategy.

1   21.   (previously presented) The system of claim 20, wherein the
2   crawling strategy comprises at least one of a link ranking function, a backlink
3   function, and a breadth first search.

1   22.   (previously presented) The system of claim 20, wherein a threshold
2   link distance is set for the crawling strategy.

1   23.   (previously presented) The system of claim 19, wherein the user
2   history comprises at least one of a web access log, a library manager, a web proxy
3   server log, a browser history file, and a server access log.

1   24.   (previously presented) The system of claim 19, wherein the
2   information repository comprises at least one of a website, a document repository,
3   and a hard drive.

1   25.   (previously presented) The system of claim 24, wherein the
2   document repository comprises at least one of a digital library, a document
3   management system, and a server.

1   26.   (previously presented) The system of claim 19, wherein user
2   histories, user profiles, and proximal neighborhoods are determined for a first user
3   and at least one other user, and in which at least one of the user history, the user
4   profiles and the proximal neighborhoods form a combination.

1   27.   (previously presented) The system of claim 26, wherein the
2   combination comprises at least one of union, intersection, addition, and
3   subtraction.

1   28.   (previously presented) The system of claim 19, wherein a first user
2   history is associated with a first user and a second user history is associated with a
3   second user and the first user history is used by the second user.

1   29.   (previously presented) The system of claim 28, wherein a first user
2   proximal neighborhood is associated with the first user and a second user
3   proximal neighborhood is associated with the second user and the first user
4   proximal neighborhood is used by the second user.

1   30.   (previously presented) The system of claim 28, wherein a first user
2   profile is associated with the first user and a second user profile is associated with
3   the second user and the first user profile is used by the second user.

1   31.   (previously presented) The system of claim 19, wherein the linked
2   information elements comprise at least one of audio, video, and textual
3   information.

1   32.   (previously presented) The system of claim 19, in which the linked
2   information elements comprise linked documents.

1   33.   (previously presented) The system of claim 19, wherein the
2   proximal neighborhood comprises at least one of audio, video, and textual
3   information.

Response to Office Action
Docket No. 20050533-US-NP

1    34.    (previously presented) The system of claim 19, wherein the search
2    results are ordered based on the user keywords relevant to the access patterns in
3    the user history.

1    35.    (previously presented) The system of claim 19, wherein the user
2    history is categorized.

1    36.    (previously presented) The system of claim 35, wherein the
2    categories comprise at least one of tasks, projects, and organizations.

1    37.    (canceled).

1    38.    (canceled).

## REMARKS

Claims 1-36 are pending and remain.

### Rejections under 35 U.S.C. § 103(a) over Lawrence, in view of Delgado

Claims 1-9, 13-27, and 31-36 stand rejected under 35 U.S.C. § 103(a) as being obvious over U.S. Patent Application Publication No. 2005/0071328, to Lawrence, in view of U.S. Patent No. 6,801,909, to Delgado et al. ("Delgado"). Applicant traverses.

The examiner bears the initial burden of factually supporting any *prima facie* conclusion of obviousness, which includes a clear articulation of the reasons or rationale why the claimed invention would have been obvious. MPEP 2142. Exemplary rationales to support a conclusion of obviousness are listed in MPEP 2143, although the list is not all-inclusive.

Lawrence discloses a system and method for creating a user profile, which is used to order search results returned by a search engine (Abstract). The user profile includes previous search queries, the user's activities, sampled content, category information, and the user's personal information (paragraphs [0031]-[0036]). A search query is received from the user, and a list of documents that match the search query is identified. Each document in the list is given a generic score based on a document page rank and the search query (paragraph [0073]). The documents are then analyzed with respect to the user's profile to create a profile score. A personalized rank based on the document's generic and profile scores is used to order the documents for presenting to the user (paragraph [0074]).

Delgado discloses obtaining user preferences and providing user recommendations for unseen physical and information goods and services (Abstract; Col. 6, line 66-Col. 7, line 3). A user enters search criteria input to identify important vacation features, which are stored in a mapping database as a user profile, and a request to receive recommendations (Col. 7, lines 19-37; Col. 8, lines 22-27). Content and context rules are applied to a result space of recommendations to generate a matching percentage for each vacation destination

Response to Final Office Action
Docket No. 20050533-US-NP

(Col. 9, lines 56-Col. 10, line 5). Items returned to the user are ranked according to relevance and a list of the ranked items is presented (Col. 10, lines 29-35).

Claim 1 recites determining a proximal neighborhood using the user history in the user profile, wherein the proximal neighborhood comprises only linked information elements previously unseen by the user that are within a threshold distance of the linked information elements in the user history. Claim 19 recites a proximal neighborhood determination circuit that determines a proximal neighborhood using the user history in the user profile, wherein the proximal neighborhood comprises only linked information elements previously unseen by the user that are within a threshold distance of the linked information elements in the user history.

The Lawrence-Delgado combination fails to teach such limitations. Instead, Delgado teaches receiving input search criteria from a user (Col. 7, lines 20-24). Filters are applied to obtain user preferences and provide user recommendations for unseen physical and information goods and services (Col. 6, line 66-Col. 7, line 3). The physical and information goods and services are considered "unseen" when the user is unaware of the relevance of the goods or services (Col. 7, lines 3-13). Thus, in Delgado, the unseen goods and services are merely unknown to the user and no further requirement, such as a relationship between the unknown goods and services and previously accessed information are required. The results of conducting a search for unseen documents versus applying a query to a proximal neighborhood of unseen <u>linked</u> information elements that are within a <u>threshold distance</u> of linked information elements provides different results. Therefore, Delgado fails to teach a proximal neighborhood with <u>linked</u> information elements previously unseen by the user that are within a <u>threshold distance</u> of linked information elements in a user history. Additionally, Lawrence fails to remedy the shortcomings of Delgado.

Accordingly, a *prima facie* case of obviousness has not been shown with respect to independent Claims 1 and 19. Claims 2-9 and 13-18 are dependent upon Claim 1 and are patentable for the above-stated reasons, and as further

- 9 -

Response to Final Office Action
Docket No. 20050533-US-NP

distinguished by the limitations therein. Claims 20-27 and 31-36 are dependent upon Claim 19 and are patentable for the above-stated reasons, and as further distinguished by the limitations therein. Withdrawal of the rejection is requested.

**Rejections under 35 U.S.C. § 103(a) over Lawrence and Delgado, in view of Linden**

Claims 10-12 and 28-30 stand rejected under 35 U.S.C. § 103(a) as being obvious over Lawrence and Delgado, in view of U.S. Patent Application Publication No. 2005/0102282, to Linden. Applicant traverses.

Adding the teachings of Linden to the teachings of the Lawrence-Delgado combination introduces further functionality. However, as discussed above, the Lawrence-Delgado combination fails to anticipate independent Claims 1 and 19, and the addition of Linden does no more to support an obviousness rejection of the dependent claims. Claims 10-12 are dependent upon Claim 1 and are patentable for the above-stated reasons, and as further distinguished by the limitations therein. Claims 28-30 are dependent upon Claim 19 and are patentable for the above-stated reasons, and as further distinguished by the limitations therein. Withdrawal of the rejection is requested.

The prior art made of record and not relied upon has been reviewed by the applicant and is considered to be no more pertinent than the prior art references already applied.

Claims 1-36 are believed to be in condition for allowance. Entry of the foregoing amendments is requested. Reconsideration of the claims, withdrawal of the finality of the Office Action, and a Notice of Allowance are earnestly solicited. Please contact the undersigned at (206) 381-3900 regarding any questions or concerns associated with the present matter.

Response to Final Office Action
Docket No. 20050533-US-NP

Respectfully submitted,

Dated: January 25, 2010

5

By: /s/ Krista Wittman
Krista A. Wittman, Esq.
Reg. No. 59,594

Cascadia Intellectual Property
500 Union Street, Suite 1005
10  Seattle, WA 98101

Telephone: (206) 381-3900
Facsimile: (206) 381-3999

Final OA2 Resp

- 11 -