**EXHIBIT C**

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court   Central District of California   on the following

☐ Trademarks or    ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:20-cv-10754 | DATE FILED<br>11/25/2020 | U.S. DISTRICT COURT<br>Central District of California |
|---|---|---|
| PLAINTIFF<br><br>PALO ALTO RESEARCH CENTER INC. | | DEFENDANT<br><br>TWITTER, INC. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | U.S. 8,489,599 | 7/16/2013 | Palo Alto Research Center Incorporated |
| 2 | U.S. 9,208,439 | 12/8/2015 | Palo Alto Research Center Incorporated |
| 3 | U.S. 8,966,362 | 2/24/2015 | Palo Alto Research Center Incorporated |
| 4 | U.S. 8,606,781 | 12/10/2013 | Palo Alto Research Center Incorporated |
| 5 | U.S. 7,043,475 | 5/9/2006 | Palo Alto Research Center Incorporated |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☑ Other Pleading | | |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | U.S. 7,167,871 | 1/23/2007 | Palo Alto Research Center Incorporated |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Central District of California___ on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:20-cv-10755 | DATE FILED<br>11/25/2020 | U.S. DISTRICT COURT<br>Central District of California |
|---|---|---|
| PLAINTIFF<br><br>PALO ALTO RESEARCH CENTER INC. | | DEFENDANT<br><br>SNAP, INC. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | U.S. 8,489,599 | 7/16/2013 | Palo Alto Research Center Incorporated |
| 2 | U.S. 9,208,439 | 12/8/2015 | Palo Alto Research Center Incorporated |
| 3 | U.S. 8,966,362 | 2/24/2015 | Palo Alto Research Center Incorporated |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

UNITED STATES PATENT AND TRADEMARK OFFICE

<div align="right">
UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov
</div>

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 02/24/2015 | 8966362 | PARC-20061126-US-NP | 7378 |

35699        7590        02/04/2015

PVF -- PARC
c/o PARK, VAUGHAN, FLEMING & DOWLER LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

## ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 2094 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Diana K. Smetters, Belmont, CA;
Elizabeth F. Churchill, San Francisco, CA;
Lester D. Nelson, Santa Clara, CA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

Receipt date: 07/02/2007                                                    11803920 - GAU: 2176



SHEET 1 OF 2

| INFORMATION DISCLOSURE CITATION | | ATTY. DOCKET NO. PARC-20061126-US-NP | APPLICATION NO. 11/803,920 |
|---|---|---|---|
| | | APPLICANT Diana K. Smetters, et al. | |
| PTO-1449 | | FILING DATE 15 May 2007 | GROUP ART UNIT 2176 |

| U.S. PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
| | 6,240,429 | 29 May 2001 | Thornton et al. | 707 | 500 | 31 August 1998 |
| | 6,253,217 | 26 June 2001 | Dourish et al. | 707 | 500 | 31 August 1998 |
| | 6,266,670 | 24 July 2001 | LaMarca et al. | 707 | 100 | 31 August 1998 |
| | 6,266,682 | 24 July 2001 | LaMarca et al. | 707 | 501 | 31 August 1998 |
| | 6,269,380 | 31 July 2001 | Terry et al. | 707 | 200 | 31 August 1998 |
| | 6,308,179 | 23 October 2001 | Petersen et al. | 707 | 102 | 31 August 1998 |
| | 6,324,551 | 27 November 2001 | Lamping et al. | 707 | 500 | 31 August 1998 |
| | 6,330,573 | 11 December 2001 | Salisbury et al. | 707 | 511 | 31 August 1998 |
| | 6,370,538 | 9 April 2002 | Lamping et al. | 707 | 102 | 22 November 1999 |
| | 6,370,533 | 9 April 2002 | ~~Edwards et al.~~ Sato, et al. | 707 | 514 | 31 August 1998 |
| | 6,397,231 | 28 May 2002 | Salisbury et al. | 707 | 515 | 31 August 1998 |
| | 6,430,575 | 6 August 2002 | Dourish et al. | 707 | 200 | 10 September 1999 |
| | 6,535,884 | 18 March 2003 | Thornton et al. | 707 | 100 | 11 July 2000 |

Change(s) applied to document, /B.G./ 12/10/2014

1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /A.R./

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**   **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
or **Fax**   **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

```
35699      7590        10/16/2014
PVF -- PARC
c/o PARK, VAUGHAN, FLEMING & DOWLER LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759
```

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

TITLE OF INVENTION: METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 01/16/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| TAPP, AMELIA L | 2177 | 715-255000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _Shun Yao_
2 _Park, Vaughan, Fleming &_
3 _Dowler LLP_

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

PALO ALTO RESEARCH CENTER INCORPORATED

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

PALO ALTO, CA

Please check the appropriate assignee category or categories (will not be printed on the patent) :  ☐ Individual  ☒ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are submitted:
☒ Issue Fee
☒ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _240037_ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

| Authorized Signature | /SHUN YAO/ | Date | 1/14/2015 |
|---|---|---|---|
| Typed or printed name | Shun Yao | Registration No. | 59,242 |

Page 2 of 3

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11803920 |
| **Filing Date:** | 15-May-2007 |
| **Title of Invention:** | METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING |
| **First Named Inventor/Applicant Name:** | Diana K. Smetters |
| **Filer:** | Shun Yao |
| **Attorney Docket Number:** | PARC-20061126-US-NP |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Utility Appl Issue Fee | 1501 | 1 | 960 | 960 |
| Publ. Fee- Early, Voluntary, or Normal | 1504 | 1 | 0 | 0 |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **960** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21212066 |
| **Application Number:** | 11803920 |
| **International Application Number:** | |
| **Confirmation Number:** | 7378 |
| **Title of Invention:** | METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING |
| **First Named Inventor/Applicant Name:** | Diana K. Smetters |
| **Customer Number:** | 35699 |
| **Filer:** | Shun Yao |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | PARC-20061126-US-NP |
| **Receipt Date:** | 14-JAN-2015 |
| **Filing Date:** | 15-MAY-2007 |
| **Time Stamp:** | 18:52:18 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $960 |
| RAM confirmation Number | 5102 |
| Deposit Account | 240037 |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | Authorization-deposit-account-PARC.pdf | 21989 <br><br> 0703504a8c0f45b447dce3672d85c4cc6a86d7ee | no | 1 |

**Warnings:**

**Information:**

| 2 | Issue Fee Payment (PTO-85B) | Issue_Fee.pdf | 89694 <br><br> 4fb61084b8a0b3ef9917296e58c3ca41efb33e8f | no | 1 |

**Warnings:**

**Information:**

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 32309 <br><br> debb026d96244fa94fe207eb6c8ffaf05901449e | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 143992 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# AUTHORIZATION TO DEDUCT ANY UNDERPAYMENTS OR CREDIT ANY OVERPAYMENTS TO DEPOSIT ACCOUNT 24-0037

Please deduct any <u>underpayments,</u> credit any <u>overpayments,</u> and charge all required <u>extension of time fees</u> associated with attached filing to Deposit Account Number 24-0037.

Park, Vaughan, Fleming & Dowler LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel:  (530) 759-1661
Fax: (530) 759-1665
Email: richard@parklegal.com

Respectfully submitted,

By        *[signature]*

A. Richard Park
Registration No. 41,241

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA TAPP | 2177 |

**CPC**

| Symbol | | | Type | Version |
|---|---|---|---|---|
| G06F | 17 | 218 | F | 2013-01-01 |
| G06F | 17 | 241 | A | 2013-01-01 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| | | 23 | |
| (Assistant Examiner) | (Date) | | |
| /AMELIA TAPP/ Primary Examiner.Art Unit 2177 | 12/08/2014 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 5 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA TAPP | 2177 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | | | | | **NON-CLAIMED** | | | | |
| 715 | 255 | G | 0 | 6 | F | 17 / 00 (2006.0) | G | 0 | 6 | F | 17 / 00 (2006.0) |
| **CROSS REFERENCE(S)** | | | | | | | | | | | |
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

| NONE | | | **Total Claims Allowed:** | |
|---|---|---|---|---|
| | | | 23 | |
| (Assistant Examiner) | | (Date) | | |
| /AMELIA TAPP/ Primary Examiner.Art Unit 2177 | | 12/08/2014 | **O.G. Print Claim(s)** | **O.G. Print Figure** |
| (Primary Examiner) | | (Date) | 1 | 5 |

| *Issue Classification* | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA TAPP | 2177 |

| ☒ | Claims renumbered in the same order as presented by applicant | ☐ CPA | ☐ T.D. | ☐ R.1.47 |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 15 | 17 | | | | | | | | | | | | |
| 2 | 2 | 16 | 18 | | | | | | | | | | | | |
| 3 | 3 | 17 | 19 | | | | | | | | | | | | |
| | 4 | 18 | 20 | | | | | | | | | | | | |
| 4 | 5 | 19 | 21 | | | | | | | | | | | | |
| 5 | 6 | 20 | 22 | | | | | | | | | | | | |
| 6 | 7 | 21 | 23 | | | | | | | | | | | | |
| 7 | 8 | 22 | 24 | | | | | | | | | | | | |
| 8 | 9 | 23 | 25 | | | | | | | | | | | | |
| 9 | 10 | | | | | | | | | | | | | | |
| 10 | 11 | | | | | | | | | | | | | | |
| 11 | 12 | | | | | | | | | | | | | | |
| 12 | 13 | | | | | | | | | | | | | | |
| 13 | 14 | | | | | | | | | | | | | | |
| 14 | 15 | | | | | | | | | | | | | | |
| | 16 | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| | | 23 | |
| (Assistant Examiner) | (Date) | | |
| /AMELIA TAPP/ Primary Examiner.Art Unit 2177 | 12/08/2014 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 5 |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 35699       7590       10/16/2014 | EXAMINER |
|---|---|
| PVF -- PARC | TAPP, AMELIA L |

PVF -- PARC
c/o PARK, VAUGHAN, FLEMING & DOWLER LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| ART UNIT | PAPER NUMBER |
|---|---|
| 2177 | |

DATE MAILED: 10/16/2014

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

TITLE OF INVENTION: METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 01/16/2015 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to: <u>Mail</u>**

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**or <u>Fax</u>**   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

35699          7590          10/16/2014

PVF -- PARC
c/o PARK, VAUGHAN, FLEMING & DOWLER LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

TITLE OF INVENTION: METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 01/16/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| TAPP, AMELIA L | 2177 | 715-255000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

**4a. The following fee(s) are submitted:**

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____   Date _____

Typed or printed name _____   Registration No. _____

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

35699        7590        10/16/2014

PVF -- PARC
c/o PARK, VAUGHAN, FLEMING & DOWLER LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| EXAMINER |
|---|
| TAPP, AMELIA L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2177 | |

DATE MAILED: 10/16/2014

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Examiner-Initiated Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 11/803,920 | SMETTERS ET AL. |
| | Examiner | Art Unit | |
| | AMELIA TAPP | 2177 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Amelia Tapp - USPTO*.                           (3) _____.

(2) *Howard Louie - applicant's representative*.      (4) _____.

Date of Interview: *07 October 2014*.

Type:   ☒ Telephonic   ☐ Video Conference
        ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.
   If Yes, brief description: _____.

Issues Discussed   ☐101  ☒112  ☐102  ☒103  ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *1,5,13,17 and 25*.

Identification of prior art discussed: *Moody, Peck*.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*Applicants' representative authorized an examiner's amendment to independent claims 1, 13, and 25 to distinguish the claims from the prior art, based on the examiner's search of the prior art.  Applicants' representative authorized an examiner's amendment to dependent claims 5 and 17 to correct the antecedent basis for the term "owner" under pre-AIA 35 U.S.C. 112, second paragraph*.

**Applicant recordation instructions**:  It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

/AMELIA TAPP/
Primary Examiner, Art Unit 2177

U.S. Patent and Trademark Office
PTOL-413B (Rev. 8/11/2010)                    Interview Summary                    Paper No. 20141008

| *Notice of Allowability* | Application No.<br>11/803,920 | Applicant(s)<br>SMETTERS ET AL. | |
|---|---|---|---|
| | Examiner<br>AMELIA TAPP | Art Unit<br>2177 | AIA (First Inventor to File) Status<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *Amendment, filed 08/22/2014*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-3, 5-15, and 17-25*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some   *c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☒ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☒ Interview Summary (PTO-413), Paper No./Mail Date *10/07/2014* .

5. ☒ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/AMELIA TAPP/
Primary Examiner, Art Unit 2177

Notice of Allowability

Application/Control Number: 11/803,920                                    Page 2
Art Unit: 2177

1.      The present application is being examined under the pre-AIA first to invent
provisions.

2.      Claims 1-3, 5-15, and 17-25 are allowed.  Claims 1, 13 and 25 are independent
claims.


### EXAMINER'S AMENDMENT

        An examiner's amendment to the record appears below. Should the changes
and/or additions be unacceptable to applicant, an amendment may be filed as provided
by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be
submitted no later than the payment of the issue fee.

        Authorization for this examiner's amendment was given in a telephone interview
with Howard Louie on October 7, 2014.


Please amend the claims as follows:


1.      (Currently amended) A method for facilitating content dissemination, the
method comprising:

        receiving, within a document editing system, a user input comprising one or more
tags to insert inline within a document, wherein the document is formulated in a natural
language and wherein a respective tag is at least partly formulated in natural language

Application/Control Number: 11/803,920                                          Page 3
Art Unit: 2177

and is visible to the user, and indicates an action to be performed on a partial portion of

the document and a receiving entity corresponding to the action;

processing the one or more tags according to one or more rules to determine

both the action to be performed on the partial portion of the document and the receiving

entity; and

disseminating the document portion indicated by the one or more tags to the

corresponding receiving entity to facilitate performing  the action specified in the one or

more tags on the document portion.


2.      (Previously presented) The method of claim 1, wherein the tag also

indicates the portion of the document.


3.      (Previously presented) The method of claim 2,

wherein the action comprises one or more of:

a showing of, sharing of, copying of, request of comment for, and a

request of approval for the document portion with respect to the receiving entity;

wherein the document portion includes one or more of: a paragraph, a section,

and a specific text location; and

wherein the receiving entity is identified by at least one of:

one or more user identifiers,

one or more group identifiers,

Application/Control Number: 11/803,920                                      Page 4
Art Unit: 2177

one or more email addresses,

one or more network addresses, and

one or more pathnames.


4.      (Cancelled).


5.      (Currently amended) The method of claim 1, wherein receiving the user input comprising one or more tags to insert inline within the document  comprises:

providing ~~the~~ [an] owner with a visual representation of a collection of tags; and

allowing the owner to select one or more tags from the collection of tags.


6.      (Previously presented) The method of claim 1,

wherein the action includes sending the document portion to a user of the document; and

wherein the method further comprises:

receiving another document portion in response to the action performed; and

modifying the document based on the other received document portion.


7.      (Original) The method of claim 1, further comprising receiving a user command which triggers the processing of the tag.

Application/Control Number: 11/803,920                                                    Page 5
Art Unit: 2177

8.      (Previously presented) The method of claim 1, wherein the processing of
the one or more tags is performed at pre-determined times.

9.      (Original) The method of claim 1, further comprising triggering the
processing of the tag based on one or more events.

10.      (Previously presented) The method of claim 1, wherein disseminating the
document portion comprises:
        encrypting a copy of the document portion; and
        sending the encrypted copy to the receiving entity.

11.      (Previously presented) The method of claim 1, wherein disseminating the
document portion comprises:
        authenticating a copy of the document portion by signing the copy with a digital
signature; and
        sending the authenticated copy to the receiving entity.

12.      (Previously presented) The method of claim 1, wherein at least a part of
the tag contains an abstract specification which is used to identify at least one portion of
the document.

Application/Control Number: 11/803,920                                        Page 6
Art Unit: 2177

13.     (Currently amended) A non-transitory computer-readable storage medium
storing instructions that when executed by a computer cause the computer to perform a
method for facilitating content dissemination, the method comprising:

receiving, within a document editing system, a user input comprising one or more
tags to insert inline within a document, wherein the document is formulated in a natural
language and wherein a respective tag is at least partly formulated in natural language
and is visible to the user, and indicates an action to be performed on a partial portion of
the document and a receiving entity corresponding to the action;

processing the one or more tags according to one or more rules to determine
both the action to be performed on the partial portion of the document and the receiving
entity; and

disseminating the document portion indicated by the one or more tags to the
corresponding receiving entity to facilitate performing the action specified in the one or
more tags on the document portion.

14.     (Previously presented) The storage medium of claim 13, wherein the tag
also indicates the portion of the document.

15.     (Previously presented) The storage medium of claim 14,
wherein the action comprises one or more of:

a showing of, sharing of, copying of, request of comment

Application/Control Number: 11/803,920                                      Page 7
Art Unit: 2177

for, and a request of approval for the document portion with

respect to the receiving entity;

wherein the document portion includes one or more of: a paragraph, a section,

and a specific text location; and

wherein the receiving entity is identified by at least one of:

one or more user identifiers,

one or more group identifiers,

one or more email addresses,

one or more network addresses, and

one or more pathnames.


16.     (Cancelled).


17.     (Currently amended) The storage medium of claim 13, wherein receiving

the user input comprising one or more tags to insert inline within the document

comprises:

providing ~~the~~ [an] owner with a visual representation of a collection of tags; and

allowing the owner to select one or more tags from the collection of tags.


18.     (Previously presented) The storage medium of claim 13,

Application/Control Number: 11/803,920                                           Page 8
Art Unit: 2177

wherein the action includes sending the document portion to a user of the

document; and

wherein the method further comprises:

receiving another document portion in response to the action performed; and

modifying the document based on the other received document portion.


19.     (Original) The storage medium of claim 13, further comprising receiving a

user command which triggers the processing of the tag.


20.     (Previously presented) The storage medium of claim 13, wherein the

processing of the one or more tags is performed at pre-determined times.


21.     (Original) The storage medium of claim 13, further comprising triggering

the processing of the tag based on one or more events.


22.     (Previously presented) The storage medium of claim 13, wherein

disseminating the document portion comprises:

encrypting a copy of the document portion; and

sending the encrypted copy to the receiving entity.

Application/Control Number: 11/803,920                                    Page 9
Art Unit: 2177

23.     (Previously presented) The storage medium of claim 13, wherein disseminating the document portion comprises:

authenticating a copy of the document portion by signing the copy with a digital signature; and

sending the authenticated copy to the receiving entity.

24.     (Previously presented) The storage medium of claim 13, wherein at least a part of the tag contains an abstract specification which is used to identify at least one portion of the document.

25.     (Currently amended) A computer system that facilitates content dissemination, the computer system comprising:

a processor;

a memory;

a tagging mechanism configured to receive, within a document editing system, a user input  comprising one or more tags to insert inline within a  document, wherein the document is formulated in a natural language and wherein a respective tag is at least partly formulated in natural language and is visible to the user, and indicates an action to be performed on a partial portion of the document and a receiving entity corresponding to the action;

Application/Control Number: 11/803,920                                    Page 10
Art Unit: 2177

a tag processing mechanism to process the one or more tags according to one or

more rules to determine both the action to be performed on the partial portion of the

document and the receiving entity; and

disseminate the document portion indicated by the one or more tags to the

corresponding receiving entity to facilitate performing the action specified in the one or

more tags on the document portion.


## REASONS FOR ALLOWANCE

The following is an examiner's statement of reasons for allowance:

The prior art, U.S. Patent No. 5,890,177 to Moody, teaches a method of

collaboratively editing a document by multiple editors (Col. 2, l. 25-52).  Moody teaches

assigning special tags to sentences and paragraphs of a document by editors who own

special tags to show the edits in the document (col. 5, l. 48-col. 6, l. 55).  The tags are

used for document comparison, to highlight edits and portions of text, and to show

editing changes (Fig. 3; col. 5, l. 48-col. 6, l. 55).

U.S. Patent No. 7,111,234 B2 to Peck teaches an editing tool for a document

owner to insert an inline tag to perform editing functions on a document (Fig. 3b; col. 4,

l. 9-35).

U.S. Patent No. 7,437,421 B2 to Bhogal teaches identifying collaborators and

administrators, and authority actions, using metadata element tags in an email

Application/Control Number: 11/803,920                                                      Page 11
Art Unit: 2177

document (col. 12, l. 12-col. 13, l. 29).  Bhogal further teaches using the HTML "from"

field to delegate signatory authority to recipients (col. 17, l. 10-58).

    Neither Moody, Peck, nor Bhogal disclose the following combination of features

claimed in independent claim 1:

    *A method for facilitating content dissemination, the method comprising:*

    *receiving, within a document editing system, a user input comprising one or more*

*tags to insert inline within a document, wherein the document is formulated in a natural*

*language and wherein a respective tag is at least partly formulated in natural language*

*and is visible to the user, and indicates an action to be performed on a partial portion of*

*the document and a receiving entity corresponding to the action;*

    *processing the one or more tags according to one or more rules to determine*

*both the action to be performed on the partial portion of the document and the receiving*

*entity; and*

    *disseminating the document portion indicated by the one or more tags to the*

*corresponding receiving entity to facilitate performing  the action specified in the one or*

*more tags on the document portion.*

    Applicants' arguments have been fully considered and are persuasive in regard

to Moody, see Remarks, filed 08/22/2014, p. 9-12.  In particular, the prior art does not

disclose …*receiving, within a document editing system, a user input comprising one or*

Application/Control Number: 11/803,920                                   Page 12
Art Unit: 2177

*more tags to insert inline within a document, wherein the document is formulated in a*

*natural language and wherein a respective tag is at least partly formulated in natural*

*language and is visible to the user, and indicates an action to be performed on a partial*

*portion of the document and a receiving entity corresponding to the action.*

It would not have been obvious to one of ordinary skill in the art at the time of the

invention to have combined Moody, Peck and Bhogal to arrive at the instant invention,

because as claimed, the "tags" and "document" are distinguishable from the prior art

references, since they are formulated in natural language and indicate an action to be

performed on a partial portion of the document and a receiving entity corresponding to

the action.  Since neither Moody, Peck, nor Bhogal disclose all of the features and

limitations as claimed in claim 1, it would not have been obvious to one of ordinary skill

in the art at the time of the invention to combine the three to arrive at the claimed

invention.

Independent claims 13 and 25 recite limitations which are substantially similar to

the limitations of independent claim 1, and for similar reasons, it is believed that claims

13 and 25 should be allowed.  Claims 2, 3, and 5-12 depend from claim 1 and claims

14, 15, and 17-21 depend from claim 13 and are allowable for similar reasons as set

forth for their parent claims.  Therefore, it is believed that claims 1-3, 5-15, and 17-25

should be allowed.

Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

Application/Control Number: 11/803,920                                    Page 13
Art Unit: 2177

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."


### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

S. Chong and R. Pucella,   "A Framework for Creating Natural Language User
Interfaces for Action-Based Applications", presented at CoRR, 2004, p. 1-15.

T.A. Phelps and R. Wilensky, 2001. The multivalent browser: A platform for new ideas.
Proceedings of the 2001 ACM Symposium on Document Engineering, E. V. Munson,
Ed. ACM Press, New York, 58–67.

Documentation for Snippetmaster software, 2006, retrieved from Internet Archive
Wayback Machine at
http://web.archive.org/web/20060414205032/http://www.snippetmaster.com/documentat
ion/ pages 1-10.


Any inquiry concerning this communication or earlier communications from the

examiner should be directed to AMELIA TAPP whose telephone number is (571)272-

7508.  The examiner can normally be reached on Monday - Friday 9:30 - 6:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Cesar Paula can be reached on 571-272-4128.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 11/803,920                                      Page 14
Art Unit: 2177


Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/AMELIA TAPP/
Primary Examiner, Art Unit 2177

| *Examiner-Initiated Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 11/803,920 | SMETTERS ET AL. |
| | Examiner | Art Unit | |
| | AMELIA TAPP | 2177 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Amelia Tapp - USPTO*.                    (3) _____.

(2) *Howard Louie - applicant's representative*.     (4) _____.

Date of Interview: *07 October 2014*.

Type:    ☒ Telephonic    ☐ Video Conference
         ☐ Personal [copy given to: ☐ applicant    ☐ applicant's representative]

Exhibit shown or demonstration conducted:    ☐ Yes    ☒ No.
   If Yes, brief description: _____.

Issues Discussed    ☐101  ☒112  ☐102  ☒103  ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *1,5,13,17 and 25*.

Identification of prior art discussed: *Moody, Peck*.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*Applicants' representative authorized an examiner's amendment to independent claims 1, 13, and 25 to distinguish the claims from the prior art, based on the examiner's search of the prior art.  Applicants' representative authorized an examiner's amendment to dependent claims 5 and 17 to correct the antecedent basis for the term "owner" under pre-AIA 35 U.S.C. 112, second paragraph*.

**Applicant recordation instructions**:  It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /AMELIA TAPP/<br>Primary Examiner, Art Unit 2177 | |
|---|---|

U.S. Patent and Trademark Office
PTOL-413B (Rev. 8/11/2010)                    Interview Summary                    Paper No. 20141008

| *Notice of References Cited* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11/803,920 | SMETTERS ET AL. |
| | Examiner | Art Unit | |
| | AMELIA TAPP | 2177 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US- | | | |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | S. Chong and R. Pucella,   "A Framework for Creating Natural Language User Interfaces for Action-Based Applications", presented at CoRR, 2004, p. 1-15. |
| | V | T.A. Phelps and R. Wilensky, 2001. The multivalent browser: A platform for new ideas. Proceedings of the 2001 ACM Symposium on Document Engineering, E. V. Munson, Ed. ACM Press, New York, 58–67. |
| | W | Documentation for Snippetmaster software, 2006, retrieved from Internet Archive Wayback Machine at http://web.archive.org/web/20060414205032/http://www.snippetmaster.com/documentation/ pages 1-10. |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 3730 | (715/255).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2014/10/03 14:18 |
| L2 | 25487 | document and tag and action and send and user and text and section | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/10/03 14:18 |
| L3 | 4972 | document and tag same action and send and user and text and section | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/10/03 14:18 |
| L4 | 1371 | document and tag same action and send and user same tag and text and section same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/10/03 14:19 |
| L5 | 10 | document and tag near (inline or (natural language)) same action and send and user same tag and text and section same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/10/03 14:19 |
| L8 | 6 | document and tag near in$line and tag same action and send and user same tag and text and section same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/10/03 14:21 |
| L9 | 58 | tag near (natural near language) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/10/03 14:21 |
| L15 | 70 | tag same send same user same document | US-PGPUB; | OR | ON | 2014/10/03 |

| | | same section | USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | | | 14:28 |
|---|---|---|---|---|---|---|
| L16 | 55 | tag same action same in$line same document | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2014/10/03<br>14:34 |
| L17 | 16 | 16 AND ( ( G06F17/30905 OR G06F17/3089 or G06F17/30896 OR G06F17/24 OR G06F8/34).CPC. ) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2014/10/03<br>14:35 |
| L18 | 10 | (US-20040122843-$ or US-20080288862-$ or US-20050033813-$).did. or (US-5063495-$ or US-7895531-$ or US-7246118-$ or US-5890177-$ or US-7111234-$ or US-6266683-$ or US-7437421-$).did. | US-PGPUB;<br>USPAT | OR | ON | 2014/10/03<br>14:36 |
| L19 | 48 | tag same user and tag near (copy or comment or share or send) and edit near document | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2014/10/03<br>14:40 |
| L20 | 3810 | tag same user and tag near (copy or comment or share or send) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2014/10/03<br>14:40 |
| L21 | 629 | 20 AND ( ( G06F15/16 OR G06F17/30864 OR G06F21/123 OR G06F21/34 OR G06F17/2247 OR G06F17/24 OR G06F17/30321 OR G06F21/6245 OR G06F17/30244 OR G06F17/3053 OR G06F17/3089 OR G06F21/00 OR G06F21/604 OR G06F3/0481 OR G06F3/0482 OR G06F3/04842 OR G06F17/218 OR G06F17/2235 OR G06F17/30011 OR G06F17/30115 OR G06F17/30194 OR G06F17/30265 OR G06F17/30312 OR G06F17/30554 OR G06F17/30699 OR G06F17/30867 OR G06F17/3087 OR G06F17/30879 OR G06F17/30884 OR G06F17/30893 OR G06F17/30902 OR G06F17/30991 OR G06F19/321 OR G06F19/322 OR G06F1/1643 OR G06F1/1647 OR G06F1/28 OR G06F1/3218 OR G06F1/3287 OR G06F21/35 OR G06F21/54 OR G06F21/60 OR G06F21/606 OR G06F21/6209 OR | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2014/10/03<br>14:41 |

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| | | G06F21/6218 OR G06F21/6272 OR G06F21/70 OR G06F21/88 OR G06F2203/04803 OR G06F2221/2143 OR G06F2221/2145 OR G06F3/041 OR G06F3/048 OR G06F3/04815 OR G06F3/0484 OR G06F3/0485 OR G06F3/165 OR G06F9/4443 OR G06F9/455 OR G06F9/5077).CPC. ) | | | | |
| L22 | 147 | 20 AND ( (G06F17/2247 OR G06F17/24 OR G06F17/30321 OR G06F17/218 OR G06F17/2235 OR G06F17/30011 OR G06F17/30115).CPC. ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/10/03 14:41 |
| L23 | 38 | 16 AND ( (G06F17/30902 OR G06F17/30905 OR G06F17/3089 OR G06F17/30646 OR G06F17/30861 OR G06F17/30896 OR G06F17/30899 OR G06F17/24 OR G06F8/34 OR G06F9/547 OR G06F17/2264 OR G06F17/2785 OR G06F17/2881 OR G06F17/30696 OR G06F17/30722 OR G06F17/30864).CPC. ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/10/03 14:41 |

**EAST Search History (Interference)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L10 | 1 | (user and input and tag and inline and natural and language).clm. | US-PGPUB | OR | ON | 2014/10/03 14:26 |
| L11 | 1457 | (715/255).CCLS. | US-PGPUB | OR | OFF | 2014/10/03 14:26 |
| L13 | 0 | (user and input and tag and inline and rules and action).clm. | US-PGPUB | OR | ON | 2014/10/03 14:27 |
| L14 | 0 | (user and input and tag and inline and natural and language and action).clm. | US-PGPUB | OR | ON | 2014/10/03 14:27 |

**10/3/2014 2:44:52 PM**
**C:\ Users\ arutledge\ Documents\ EAST\ Workspaces\ 11803920.wsp**

 Search Images Maps Play YouTube News Gmail Drive More ▾    Sign in ⚙

document tag natural language action                    [ Search ]

Web    Images    Shopping    News    Videos    More ▾    Search tools

Before Dec 31, 2007 ▾    Sorted by relevance ▾    All results ▾    Clear



Scholarly articles for **document tag natural language action**

GENIES: a **natural-language** processing system for the ... - Friedman - Cited by 619

... interface and other enhancements for **natural language** ... - Balakrishnan - Cited by
555

**Natural language** information retrieval system and ... - Li - Cited by 448

**Web Content Accessibility Guidelines 1.0**
www.w3.org/TR/WCAG10/ ▾ World Wide Web Consortium ▾
May 5, 1999 - In movies or visual presentations, visual **action** such as body language
or other .... When content developers mark up **natural language** changes in a
**document**, ...

**HTML Techniques for Web Content Accessibility Guidelines ...**
www.w3.org/TR/WCAG10-HTML-TECHS/ ▾ World Wide Web Consortium ▾
Nov 6, 2000 - This **document** describes techniques for authoring accessible
Hypertext .... 4.1 Clearly identify changes in the **natural language** of a
**document**'s text and any text .... include features that allow users to bind keyboard
strokes to certain **actions**.

[PDF] **Natural Language** Processing In Support of Decision...
ils.unc.edu/~losee/nlpdt.pdf ▾ University of North Carolina at Chapel Hill ▾
by RM Losee - 2001 - Cited by 18 - Related articles
Jul 11, 2001 - The use of **natural language** information can improve decision-
making. ... The ability to take beneficial **actions** that advantage a decision maker
result in an evo- .... of-speech **tagging** of terms in queries and **documents** was
done using the Brill ...

**HTML META Tags** - Vancouver Webpages
vancouver-webpages.com/META/metatags.detail.html ▾
Feb 11, 2007 - May be used to declare the **natural language** of the **document**. ...
Note: if a script is executed which reloads the current **document**, the **action** of the
Refresh **tag** ...

[PDF] Langutils: A **Natural Language** Toolkit for Common L...
common-lisp.net/project/langutils/LiSP2005-langutils.pdf ▾ Common Lisp ▾

Fast **Document** Translation
www.certifiedtranslate.com/Documents ▾
Need A Document Translated?
Any Size Project With Certification

**Document Tagging**
www.pingar.com/metadata-extractor ▾
Document Tagging in SharePoint.
Try our free demo now!

**Document** Translation
www.rev.com/ ▾
1-Day, Certified or Business.
32 Languages, All Documents.

Fluent Editor for Free
www.cognitum.eu/ ▾
Comprehensive ontology editor.
For academics usage for Free!

See your ad here »

by I Belick · Cited by 4 · Related articles

Dec 24, 2005 - Chunking, **Tagging**, Tokenization, **Natural Language**, Parsing. 1. INTRODUCTION .... to guess the initial POS **tag** for all tokens in the **document**. The default rules are ..... effectively undoing the first stage's **action**. We chose this approach to ...

## HTML META **Tags**

www.molar.unibe.ch/help/HTML_META_**Tags**.html ▾

Mar 14, 1998 - A taxonomy of HTML META **tags**, with references, as used to improve search engine indexing. ... Typically, they control the **action** of browsers, and may be used to refine the ... May be used to declare the **natural language** of the **document**.

## Internet Printing Protocol (IPP) Registrations

www.iana.org/.../ipp-registrations.xht...   Internet Assigned Numbers Authority ▾

Jul 15, 2002 - ... Attribute Group **Tags**; Out-of-Band Attribute Value **Tags**: Attribute Syntaxes; Operations; Status Codes ... The "xxx" Job **Template** attributes are Job object attributes, while the .... **Document** Status; attributes-**natural-language**, naturalLanguage. [PWG5100.5] .... Job **Template**, job-error-**action**, type2 keyword, [PWG5100.13].

## Rebbekka's HTML Source--> META **tags**-->HTTP-EQUIV t...

rebbekka.tripod.com/metahttp.htm ▾

Feb 26, 1997 - Usually, they control the **action** of browsers, and may be used to refine the ... This **tag** is used to declare the **natural language** of the **document**, and may be used ...

## POS Tagger - The Stanford NLP (**Natural Language** ...

nlp.stanford.edu/software/**tagger**.shtml ▾

Sep 30, 2004 - Feature-Rich Part-of-Speech **Tagging** with a Cyclic Dependency Network. ... Here are some links to **documentation** of the Penn Treebank English POS **tag** set: ...

## [PDF] Plan-based integration of **natural language** and ... - ...

www.dfki.de/.../Plan-b... ▾   German Research Centre for Artificial Intelligence ▾

by W Wahlster - 1993 · Cited by 246 · Related articles

Aug 1, 2005 - Multimodal interfaces combining **natural language** and graphics take advantage of both the individual strength of .... variety of multimodal **documents** from an input including a presentation goal. ... In this case, the plan is a fully instantiated sequence of **actions** represented in .... Grammar (TAG, see [25] and Section 7.2).



Atwoodie, VA - from your Internet address - Use precise location - Learn more

Help   Send feedback   Privacy & Terms

## UIML: an appliance-independent XML **user** interface **language**

M Abrams, C Phanouriou, AL Batongbacal... - Computer Networks, 1999 - Elsevier

... HTML describes a **document**, WML describes cards for a handheld appliance with small screen ...
For example, HTML started as a **language** for describing **documents** (with **tags** for headings ... to
map a particular <element> to a representation in a particular **user** interface technology ...

Cited by 541   Related articles   All 12 versions   Cite   Save

## **User**-system cooperation in **document** annotation based on information extraction

F Ciravegna, A Dingli, D Petrelli, Y Wilks - Knowledge Engineering and ..., 2002 - Springer

... 4 www.dcs.shef.ac.uk/~fabio/Amilcare.html Page 8. **User**-System Cooperation in **Document**
Annotation Based on Information Extraction 129 ... This strategy is quite effective for analysing
**documents** with mixed genres, quite a common situation in web **documents** [13]. ...

Cited by 147   Related articles   All 14 versions   Cite   Save

## A framework and graphical development environment for robust NLP tools and applications.

H Cunningham, D Maynard, K Bontcheva, V Tablan - ACL, 2002 - aclweb.org

... W ork on standard ways to deal with XML data is relevant here, such as the L T XML work at
Edinburgh (Thompson and M c K elvie, 1997 ), as is work on managing collections of **documents**
and their ... The GATE **User** Guide. ... TIPSTER Architec- ture Design **Document** Version 2.3. ...

Cited by 1657   Related articles   All 10 versions   Cite   More

## Koala: capture, share, automate, personalize business processes on the web

G Little, TA Lau, A Cypher, J Lin, EM Haber... - Proceedings of the ..., 2007 - dl.acm.org

... this representation facilitates wiki- style collaboration: **users** can simply edit the text **document**
to change ... Finally, **users** can also utilize existing how-to **documents** to import scripts into Koala ...
enriching the interface to support control flow, and performing extensive **user** studies to ...

Cited by 148   Related articles   All 20 versions   Cite   Save

## Mixed-initiative development of **language** processing systems

D Day, J Aberdeen, L Hirschman, R Kozierok... - ... Natural Language ..., 1997 - dl.acm.org

... features that influence the annotation process, such as the intrinsic complexity of the topic in a
particular **document**, the variation in **tag**-density (**tags** per word) that may occur, the **user's** own
training effect as the structure and content of **documents** become more ...

Cited by 122   Related articles   All 9 versions   Cite   Save

## The complex dynamics of collaborative **tagging**

H Halpin, V Robu, H Shepherd - ... of the 16th international conference on ..., 2007 - dl.acm.org

... on human knowledge, as opposed to an algorithm, to directly connect terms to **documents** before
a ... if used in a search by a **user** to discover resources, retrieve every **document** (imagine a ... average
**user** employs per website), or it may be an artifact of the **user** interface specific to ...

Cited by 582   Related articles   All 22 versions   Cite   Save

## S-CREAM—semi-automatic creation of metadata

S Handschuh, S Staab, F Ciravegna - Knowledge Engineering and ..., 2002 - Springer

... themselves. The **user** have to collect and annotate **documents** of a certain type by
the sub-set of the ontology that is chosen in the project definition phase. The **document**
are annotated by OntoMat-Annotizer with RDF facts. These ...

Cited by 418   Related articles   All 20 versions   Cite   Save

## Bridging physical and virtual worlds with electronic **tags**

R Want, KP Fishkin, A Gujar, BL Harrison - CHI, 1999 - icie.cs.byu.edu

... latter mechanism is used to update our system whenever a **tag** is attached to a new **document**. ...
and making the association descriptions generic, we were able to support augmented **documents**
in a portable way ... convenient and **natural** for a **user** interacting with **tagged** objects. ...

Cited by 656   Related articles   All 39 versions   Cite   Save   More

## GEM: a proposal for a more comprehensive guideline **document** model using XML

RN Shiffman, BT Karras, A Agrawal, R Chen... - Journal of the ..., 2000 - jamia.bmj.com

... for example, select certain components for presentation to the **user** (eg, costs ... selected that modeled
and categorized the content of clinical practice guideline **documents**. ... and designs that described
models of guideline implementations without describing **document** models were ...

Cited by 293   Related articles   All 14 versions   Cite   Save

## Processing **natural language** requirements

V Ambriola, V Gervasi - Automated Software Engineering, 1997 ..., 1997 - ieeexplore.ieee.org

**...** of the term, treating it as a remark, but its inclusion in the same **document** enhances the **...** note NL
database queries, filtering of tex- tual news-like flows, or automatic markup of NL **documents**. **...**
glos- saries are stored as text files, and can be modified and ex- tended at **user**-level as **...**
Cited by 118    Related articles    All 12 versions    Cite    Save

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA TAPP | 2177 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| G06F 17/218 | 5/19/2014 | AT |
| G06F 17/241 | 5/19/2014 | AT |
| G06F 17/218; G06F 17/241 | 10/6/2014 | AT |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | | |
|---|---|---|---|---|
| **Class** | **Subclass** | | **Date** | **Examiner** |
| 715 | 255 | | 3/19/2010 | AR |
| 715 | 255 | | 8/25/2010 | AR |
| 715 | 255 | | 5/19/2014 | AT |
| 715 | 255 | | 10/6/2014 | AT |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) - -See Search History Printout. | 3/19/2010 | AR |
| PALM Inventor Name Search | 3/19/2010 | AR |
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) - -See Search History Printout. | 8/25/2010 | AR |
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) - -See Search History Printout. | 5/19/2014 | AT |
| NPL Search - www.google.com; see search printout | 5/19/2014 | AT |
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) - -See Search History Printout. | 10/6/2014 | AT |
| NPL Search - www.google.com; see search printout | 10/6/2014 | AT |

| | /A.T./ Primary Examiner.Art Unit 2177 |
|---|---|

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| 715 | 255 | 10/6/2014 | AT |
| EAST US-PGPUB | text search of claim terms in EAST US-PGPUB database | 10/6/2014 | AT |

| | /A.T./ Primary Examiner.Art Unit 2177 |
|---|---|

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA TAPP | 2177 |

**CPC**

| Symbol | | | Type | Version |
|---|---|---|---|---|
| G06F | 17 | 218 | F | 2013-01-01 |
| G06F | 17 | 241 | A | 2013-01-01 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**CPC Combination Sets**

| Symbol | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|
| | | | | | |

| NONE | | Total Claims Allowed: |  |
|---|---|---|---|
| | | 23 | |
| (Assistant Examiner) | (Date) | | |
| /AMELIA TAPP/ Primary Examiner.Art Unit 2177 | 10/09/2014 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 5 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA TAPP | 2177 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | | | | | | **NON-CLAIMED** | | | | | |
| 715 | 255 | G | 0 | 6 | F | 17 / 00 (2006.01.01) | | G | 0 | 6 | F | 17 / 00 (2006.01.01) | |
| **CROSS REFERENCE(S)** | | | | | | | | | | | | | |
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 23 | |
| /AMELIA TAPP/ Primary Examiner.Art Unit 2177 | 10/09/2014 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 5 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA TAPP | 2177 |

☒ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 15 | 17 | | | | | | | | | | | | |
| 2 | 2 | 16 | 18 | | | | | | | | | | | | |
| 3 | 3 | 17 | 19 | | | | | | | | | | | | |
| | 4 | 18 | 20 | | | | | | | | | | | | |
| 4 | 5 | 19 | 21 | | | | | | | | | | | | |
| 5 | 6 | 20 | 22 | | | | | | | | | | | | |
| 6 | 7 | 21 | 23 | | | | | | | | | | | | |
| 7 | 8 | 22 | 24 | | | | | | | | | | | | |
| 8 | 9 | 23 | 25 | | | | | | | | | | | | |
| 9 | 10 | | | | | | | | | | | | | | |
| 10 | 11 | | | | | | | | | | | | | | |
| 11 | 12 | | | | | | | | | | | | | | |
| 12 | 13 | | | | | | | | | | | | | | |
| 12 | 14 | | | | | | | | | | | | | | |
| 12 | 15 | | | | | | | | | | | | | | |
| | 16 | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 23 | |
| /AMELIA TAPP/ Primary Examiner.Art Unit 2177 | 10/09/2014 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 5 |

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

35699          7590          09/10/2014
PVF -- PARC
c/o PARK, VAUGHAN, FLEMING & DOWLER LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| EXAMINER |
|---|
| TAPP, AMELIA L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2177 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/10/2014 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

Office.Action@xerox.com
sy_incoming@parklegal.com

PTOL-90A (Rev. 04/07)

| ***Applicant-Initiated Interview Summary*** | Application No. | Applicant(s) |
|---|---|---|
| | 11/803,920 | SMETTERS ET AL. |
| | Examiner | Art Unit |
| | AMELIA TAPP | 2177 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Amelia Tapp - USPTO*.

(3) *Jorge Campos - applicant's representative*.

(2) *Howard Louie - applicant's representative*.

(4) _____.

Date of Interview: *04 September 2014*.

Type:  ☒ Telephonic   ☐ Video Conference
       ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.
    If Yes, brief description: _____.

Issues Discussed   ☐101 ☐112 ☐102 ☐103 ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *1*.

Identification of prior art discussed: *Moody, Peck, Bhogal*.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

 *Discussed the claim amendments and remarks filed on 08/22/2014; it appears that the claim amendments will require a new search. The examiner stated that a new search would be performed, and further, the specification of the invention discloses features which are patentable over the prior art. Applicant's representatives requested that the examiner contact them if she had suggestions for an examiner's amendment to the claims after performing the search*
.

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /AMELIA TAPP/ Primary Examiner, Art Unit 2177 | |
|---|---|

**Summary of Record of Interview Requirements**

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.
It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication.  If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.
A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

Application Number  : 11/803,920             Confirmation Number: 7378
Applicant           : Diana K. Smetters et al.
Filed                : 15 May 2007
T.C./A.U.           : 2177
Examiner           : Tapp, Amelia L.

Docket Number     : PARC-20061126-US-NP
Customer No.       : 35699

Record of Interview
Via Electronic Filing

## RECORD OF INTERVIEW

Sir:

      In response to the interview conducted on 4 September 2014, please find a
record of the interview below.

## Identification of Claims and Prior Art Discussed

      Applicant and Examiner discussed Moody et al. (US Patent No. 5890177,
hereinafter "Moody"), Peck et al., (US Patent No. 7111234, hereinafter "Peck")
and Bhogal et al. (US Patent No. 7437421, hereinafter "Bhogal") as applied to
claim 1 of the instant application.

## Applicant's Arguments

      Applicant pointed out to Examiner that neither Moody, Peck, nor Bhogal
discloses receiving a user input that includes one or more tags to insert inline

1

within a document.  Each tag can be at least partly formulated in natural language, and indicates both an action to be performed on a partial portion of the document and a receiving entity corresponding to the action.

**Outcome of Interview**

Examiner indicated that the amended claims overcome the rejection based on the cited references.


Respectfully submitted,

By    /HowardHLouie/
Howard Louie
Registration No. 60,820

Date:  4 September 2014

By    /Jorge Campos/
Jorge Campos
Registration No. 62,872

Date:  4 September 2014

Jorge Campos
PARK, VAUGHAN, FLEMING, & DOWLER LLP
2800 Fifth Street, Suite 110
Davis, CA 95618-7759
Tel: (408) 402-8157
Fax: (530) 204-4064
Email: jorge@parklegal.com

Howard H. Louie
PARK, VAUGHAN, FLEMING, & DOWLER LLP
2800 Fifth Street, Suite 110
Davis, CA 95618-7759
Tel: (530) 746-7840
Fax: (530) 204-4064
Email: howard@parklegal.com

HHL Amendment C PARC-20061126-US-NP (Interview Summary)

# AUTHORIZATION TO DEDUCT ANY UNDERPAYMENTS OR CREDIT ANY OVERPAYMENTS TO DEPOSIT ACCOUNT 24-0037

Please deduct any <u>underpayments,</u> credit any <u>overpayments,</u> and charge all required <u>extension of time fees</u> associated with attached filing to Deposit Account Number 24-0037.

Park, Vaughan, Fleming & Dowler LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel:  (530) 759-1661
Fax: (530) 759-1665
Email: richard@parklegal.com

Respectfully submitted,

By    _A. Rich Park_

A. Richard Park
Registration No. 41,241

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 20091012 |
| **Application Number:** | 11803920 |
| **International Application Number:** | |
| **Confirmation Number:** | 7378 |
| **Title of Invention:** | Method and system for in-document markup in support of information sharing |
| **First Named Inventor/Applicant Name:** | Diana K. Smetters |
| **Customer Number:** | 35699 |
| **Filer:** | Shun Yao |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | PARC-20061126-US-NP |
| **Receipt Date:** | 09-SEP-2014 |
| **Filing Date:** | 15-MAY-2007 |
| **Time Stamp:** | 18:23:07 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant summary of interview with examiner | Interview_Summary.pdf | 19612 a5a134790f017e40045964ef75ec229582ba6a7c | no | 2 |

**Warnings:**

**Information:**

| 2 | Miscellaneous Incoming Letter | Authorization-deposit-account-PARC.pdf | 21989 <br> 0703504a8c0f45b447dce3672d85c4cc6a86d7ee | no | 1 |

| Warnings: |
| Information: |

| | Total Files Size (in bytes): | 41601 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Application Number   :  11/803,920                    Confirmation Number: 7378
Applicant            :  Diana K. Smetters et al.
Filed                :  15 May 2007
T.C./A.U.            :  2177
Examiner             :  Tapp, Amelia L.

Docket Number        :  PARC-20061126-US-NP
Customer No.         :  35699


Amendment after Non Final Rejection
Via Electronic Filing


### AMENDMENT

Sir:

      In response to the Office Action of **23 May 2014**, please amend the above-identified Application as follows:


**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.


**Remarks/Arguments** begin on page 9 of this paper.

1

## <u>AMENDMENTS TO THE CLAIMS</u>

This listing of claims will replace all prior versions, and listings, of claims in the application:

## <u>Listing of Claims:</u>

1.     1.     (Currently amended) A method for facilitating content
2. dissemination, the method comprising:
3.     <u>receiving a user input</u> ~~providing a tool for an owner of a document to~~
4. ~~comprising one or more tags to~~ <u>insert</u> <u>inline within a</u>~~tag inline within the~~
5. document<u>, wherein a respective tag is at least partly formulated in natural</u>
6. <u>language and indicates an action to be performed on a partial portion of the</u>
7. <u>document and a receiving entity corresponding to the action;</u>~~, wherein the tag~~
8. ~~indicates an action to be performed on a partial portion of the document and a~~
9. ~~receiving entity corresponding to the action;~~
10.     processing the <u>one or more</u> tags <u>according to one or more rules to</u>
11. <u>determine both the action to be performed on the partial portion of the document</u>
12. <u>and the receiving entity</u>; and
13.     disseminating the document portion indicated by the <u>one or more</u>
14. <u>tags</u>[[tag]] to the corresponding receiving entity ~~such that~~<u>to facilitate performing</u>
15. the action specified in the <u>one or more tags</u>~~tag is performed~~ on the document
16. portion.

1.     2.     (Previous presented) The method of claim 1, wherein the tag also
2. indicates the portion of the document.

1.     3.     (Previous presented) The method of claim 2,

2

2       wherein the action comprises one or more of:

3          a showing of, sharing of, copying of, request of comment for,

4       and a request of approval for the document portion with respect to the

5       receiving entity;

6       wherein the document portion includes one or more of: a paragraph, a

7  section, and a specific text location; and

8       wherein the receiving entity is identified by at least one of:

9       one or more user identifiers,

10       one or more group identifiers,

11       one or more email addresses,

12       one or more network addresses, and

13       one or more pathnames.

1     4.     (Cancelled).

1     5.     (Currently amended) The method of claim 1, wherein <u>receiving the</u>

2  <u>user input comprising one or more tags to insert inline within the document</u>

3  ~~providing the tool for the owner to insert the tag in the document~~ comprises:

4       providing the owner with a visual representation of a collection of tags;

5  and

6       allowing the owner to select one or more tags from the collection of tags.

1     6.     (Currently amended) The method of claim 1,

2       wherein the ~~operation~~ <u>action</u> includes sending the document portion to a

3  user of the document; and

4       wherein the method further comprises:

5       receiving another document portion in response to the ~~operation~~ <u>action</u>

6  performed; and

<center>3</center>

7          modifying the document based on the other received document portion.


1          7.      (Original) The method of claim 1, further comprising receiving a
2    user command which triggers the processing of the tag.


1          8.      (Currently amended) The method of claim 1, wherein the
2    processing of the <u>one or more</u> tags is performed at pre-determined times.


1          9.      (Original) The method of claim 1, further comprising triggering the
2    processing of the tag based on one or more events.


1          10.     (Previously presented) The method of claim 1, wherein
2    disseminating the document portion comprises:
3          encrypting a copy of the document portion; and
4          sending the encrypted copy to the receiving entity.


1          11.     (Previously presented) The method of claim 1, wherein
2    disseminating the document portion comprises:
3          authenticating a copy of the document portion by signing the copy with a
4    digital signature; and
5          sending the authenticated copy to the receiving entity.


1          12.     (Currently amended) The method of claim 1, wherein at least a part
2    of the tag ~~is formulated in natural language or~~ contains an abstract specification
3    which is used to identify at least one portion of the document.


1          13.     (Currently amended) A non-transitory computer-readable storage
2    medium storing instructions that when executed by a computer cause the

4

3   computer to perform a method for facilitating content dissemination, the method

4   comprising:

5       receiving a user input ~~providing a tool for an owner of a document to~~

6   comprising one or more tags to insert inline within a ~~tag inline within the~~

7   document, wherein a respective tag is at least partly formulated in natural

8   language and indicates an action to be performed on a partial portion of the

9   document and a receiving entity corresponding to the action;~~, wherein the tag~~

10  ~~indicates an action to be performed on a partial portion of the document and a~~

11  ~~receiving entity corresponding to the action;~~

12      processing the one or more tags according to one or more rules to

13  determine both the action to be performed on the partial portion of the document

14  and the receiving entity; and

15      disseminating the document portion indicated by the one or more

16  tags[[tag]] to the corresponding receiving entity ~~such that~~ to facilitate performing

17  the action specified in the one or more tags ~~tag is performed~~ on the document

18  portion.


1       14.     (Previous presented) The storage medium of claim 13, wherein the

2   tag also indicates the portion of the document.


1       15.     (Previous presented) The storage medium of claim 14,

2           wherein the action comprises one or more of:

3               a showing of, sharing of, copying of, request of comment

4           for, and a request of approval for the document portion with

5           respect to the receiving entity;

6           wherein the document portion includes one or more of: a paragraph, a

7   section, and a specific text location; and

8               wherein the receiving entity is identified by at least one of:

5

| | |
|---|---|
| 9 | one or more user identifiers, |
| 10 | one or more group identifiers, |
| 11 | one or more email addresses, |
| 12 | one or more network addresses, and |
| 13 | one or more pathnames. |

1      16.     (Cancelled).

1      17.     (Currently amended) The storage medium of claim 13, wherein

2   <u>receiving the user input comprising one or more tags to insert inline within the</u>

3   <u>document</u><s>providing the tool for the owner to insert the tag in the document</s>

4   comprises:

5      providing the owner with a visual representation of a collection of tags;

6   and

7      allowing the owner to select one or more tags from the collection of tags.

1      18.     (Currently amended) The storage medium of claim 13,

2      wherein the <s>operation</s> <u>action</u> includes sending the document portion to a

3   user of the document; and

4      wherein the method further comprises:

5      receiving another document portion in response to the <s>operation</s> <u>action</u>

6   performed; and

7      modifying the document based on the other received document portion.

1      19.     (Original) The storage medium of claim 13, further comprising

2   receiving a user command which triggers the processing of the tag.

1      20.    (Currently amended) The storage medium of claim 13, wherein the

2  processing of the <u>one or more</u> tags is performed at pre-determined times.

1      21.    (Original) The storage medium of claim 13, further comprising

2  triggering the processing of the tag based on one or more events.

1      22.    (Previously presented) The storage medium of claim 13, wherein

2  disseminating the document portion comprises:

3      encrypting a copy of the document portion; and

4      sending the encrypted copy to the receiving entity.

1      23.    (Previously presented) The storage medium of claim 13, wherein

2  disseminating the document portion comprises:

3      authenticating a copy of the document portion by signing the copy with a

4  digital signature; and

5      sending the authenticated copy to the receiving entity.

1      24.    (Currently amended) The storage medium of claim 13, wherein at

2  least a part of the tag ~~is formulated in natural language or~~ contains an abstract

3  specification which is used to identify at least one portion of the document.

1      25.    (Currently amended) A computer system that facilitates content

2  dissemination, the computer system comprising:

3      a processor;

4      a memory;

5      a tagging mechanism configured to <u>receive a user input</u> ~~provide a tool for~~

6  ~~an owner of a document to~~ <u>comprising one or more tags to</u> insert <u>inline within a</u>

7  ~~tag inline within the~~ document, <u>wherein a respective tag is at least partly</u>

HHL Amendment C PARC-20061126-US-NP (Non final OAR).doc

8  formulated in natural language and indicates an action to be performed on a partial

9  portion of the document and a receiving entity corresponding to the action:~~,~~

10  ~~wherein the tag indicates an action to be performed on a partial portion of the~~

11  ~~document and a receiving entity corresponding to the action; and~~

12        a tag processing mechanism to process the one or more tags according to

13  one or more rules to determine both the action to be performed on the partial

14  portion of the document and the receiving entity; and

15        disseminate the document portion indicated by the one or more tags[[tag]]

16  to the corresponding receiving entity ~~such that~~ to facilitate performing the action

17  specified in the one or more tags ~~tag is performed~~ on the document portion.

HHL Amendment C PARC-20061126-US-NP (Non final OAR).doc

# REMARKS

In the Official Action mailed on **23 May 2014** (hereinafter "Office Action"), Examiner reviewed claims 1-3, 5-15 and 17-25.  Examiner rejected claims 1-3, 5-15 and 17-25 under pre-AIA 35 U.S.C. § 103(a) as being unpatentable over Moody et al. (US Patent No. 5890177, hereinafter "Moody") in view of Peck et al., (US Patent No. 7111234, hereinafter "Peck") and further in view of Bhogal et al. (US Patent No. 7437421, hereinafter "Bhogal").

## Rejections under 35 U.S.C. § 103

Examiner rejected claims 1-3, 5-15 and 17-25 under 35 U.S.C.§ 103(a) as being unpatentable over Moody in view of Peck, and further in view of Bhogal. Applicant respectfully points out to Examiner that neither Moody, Peck, nor Bhogal discloses receiving a user input that includes one or more tags to insert inline within a document.  Each tag can be at least partly formulated in natural language, and indicates both an action to be performed on a partial portion of the document and a receiving entity corresponding to the action.

Specifically, embodiments of the present invention provide a system that facilitates content dissemination.  During operation, the system receives user input to  insert inline within a document one or more tags that are at least partly formulated in natural language and indicates both an action to be performed on a partial portion of the document and a receiving entity corresponding to the action. The system processes the one or more tags according to one or more rules to determine both the action to be performed on the partial portion of the document, and to determine the receiving entity.  The system then disseminates the document portion indicated by the one or more tags to the corresponding receiving entity to

facilitate performing the action specified in the one or more tags on the document portion.[1]

In the Office Action, Examiner states that Moody discloses "at least a part of the tag is formulated in natural language or contains an abstract specification which is used to identify at least one portion of a document," citing to column 5, lines 48 to column 6, line 55.[2]  However, Applicant respectfully submits that Moody merely discloses assigning special tags to paragraphs of a document to associate editors with their edits in the document.

Specifically, Moody discloses that "each paragraph has a special tag at the beginning of the paragraph with the editor's initials and a number indicating a paragraph set to which the paragraph belongs.  The special tag is 'owned' by one of the editors.  The editor who 'owns' the special tag is determined by identifying the first revision insertion in the paragraph and assigning the editor who made the revision insertion the ownership of the special tag.  If there are no revision insertions, then the paragraph is examined for the first revision deletion and the editor who made that revision deletion is assigned the ownership of the special tag.  If there are no revision insertions or deletions, then an editor must have inserted an entirely new paragraph so the editor who is assigned the first character of the paragraph is also assigned the ownership of the special tag."[3]

Moody also discloses that "the special tags 'Original 1,' 'AB 1' and 'CD 1' are assigned as described above. The number '1' which is appended to each tag indicates that the three paragraphs are a set."[4]

Moody merely discusses using special tags to identify the editor of a copy of a document when there are multiple edited versions.  Using special tags to identify authors of document edits and document versions is not the same as receiving user input to **insert inline within a document one or more tags that**

---

1 See instant application at least in pars. [0029]-[0033], [0041], [0045]-[0049], [0067]-[0075].
2 See Office Action at page 9-10.
3 See Moody at column 5, line 56 to column 6, line 3.
4 See Moody at column 6, line 14 to column 6, line 17.

HHL Amendment C PARC-20061126-US-NP (Non final OAR).doc

**are at least partly formulated in natural language**.  Moody does not go so far as to disclose that the special tag is written in a natural language, or that the editor may specify and insert the special tag.  For example, Moody discloses the special tags "Original 1," "AB 1," and "CD 1."  However, these special tags are not written in a natural language, and the editors do not themselves specify the tags and insert them into the document.  Writing the tag in natural language facilitates ease of understanding for users.  An example of a tag written in the natural language is presented in the instant application: "DENY BOB ALL PARAGRAPHS REFERRING TO PAYROLL"[5]  The special tags of Moody are limited to special keywords and initials identifying editors, which are not written in a natural language.  Therefore, Applicant respectfully submits that Moody does not disclose the features of amended claim 1.  Peck and Bhogal also do not disclose the features of amended claim 1.

Accordingly, Applicant has amended claims 1, 13, and 25 to clarify that embodiments of the present invention involve receiving user input that includes one or more tags to insert inline within a document.  Each tag can be at least partly formulated in natural language, and indicates both an action to be performed on a partial portion of the document and a receiving entity corresponding to the action.  These amendments find support in paragraphs [0041], [0048], [0067], [0070], [0072] of the instant application.  No new matter has been added.

Hence, Applicant respectfully submits that independent claims 1, 13, and 25 as presently amended are in condition for allowance.  Applicant also submits that claims 2-12, which depend upon claim 1, and claims 14-24, which depend upon claim 13, are for the same reasons in condition for allowance and for reasons of the unique combinations recited in such claims.

---

5 See instant application at least in pars. [0070].

HHL Amendment C PARC-20061126-US-NP (Non final OAR).doc

## <u>CONCLUSION</u>

It is submitted that the application is presently in form for allowance. Such action is respectfully requested.

Respectfully submitted,

By    /Jorge Campos/
Jorge Campos
Registration No. 62,872

Date: 22 August 2014

By    /HowardHLouie/
Howard Louie
Registration No. 60,820

Date: 22 August 2014

Jorge Campos
PARK, VAUGHAN, FLEMING, & DOWLER LLP
2800 Fifth Street, Suite 110
Davis, CA 95618-7759
Tel: (408) 402-8157
Fax: (530) 204-4064
Email: jorge@parklegal.com

Howard H. Louie
PARK, VAUGHAN, FLEMING, & DOWLER LLP
2800 Fifth Street, Suite 110
Davis, CA 95618-7759
Tel: (530) 746-7840
Fax: (530) 204-4064
Email: howard@parklegal.com

HHL Amendment C PARC-20061126-US-NP (Non final OAR).doc

# AUTHORIZATION TO DEDUCT ANY UNDERPAYMENTS OR CREDIT ANY OVERPAYMENTS TO DEPOSIT ACCOUNT 24-0037

Please deduct any <u>underpayments,</u> credit any <u>overpayments,</u> and charge all required <u>extension of time fees</u> associated with attached filing to Deposit Account Number 24-0037.

Park, Vaughan, Fleming & Dowler LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel:  (530) 759-1661
Fax: (530) 759-1665
Email: richard@parklegal.com

Respectfully submitted,

By

A. Richard Park
Registration No. 41,241

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19945516 |
| **Application Number:** | 11803920 |
| **International Application Number:** | |
| **Confirmation Number:** | 7378 |
| **Title of Invention:** | Method and system for in-document markup in support of information sharing |
| **First Named Inventor/Applicant Name:** | Diana K. Smetters |
| **Customer Number:** | 35699 |
| **Filer:** | Shun Yao |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | PARC-20061126-US-NP |
| **Receipt Date:** | 22-AUG-2014 |
| **Filing Date:** | 15-MAY-2007 |
| **Time Stamp:** | 17:51:36 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | Amendment.pdf | 50694 <br> 1beaccce213cbe6dd0daae658827e71e3d59c261 | yes | 12 |

**Multipart Description/PDF files in .zip description**

| | Document Description | | Start | End |
|---|---|---|---|---|
| | Amendment/Req. Reconsideration-After Non-Final Reject | | 1 | 1 |
| | Claims | | 2 | 8 |
| | Applicant Arguments/Remarks Made in an Amendment | | 9 | 12 |

| Warnings: | | | | |
|---|---|---|---|---|
| Information: | | | | |

| 2 | Miscellaneous Incoming Letter | Authorization-deposit-account-PARC.pdf | 21989 0703504a8c0f45b447dce3672d85c4cc6a86d7ee | no | 1 |
|---|---|---|---|---|---|

| Warnings: | | | | |
|---|---|---|---|---|
| Information: | | | | |

| | | Total Files Size (in bytes): | 72683 |
|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 11/803,920 | Filing Date 05/15/2007 | ☐ To be Mailed |
|---|---|---|---|

ENTITY:  ☒ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | **08/22/2014** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 23 | Minus | ** 25 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/STANLEY JORDAN/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

35699          7590          05/23/2014
PVF -- PARC
c/o PARK, VAUGHAN, FLEMING & DOWLER LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| EXAMINER |
|---|
| TAPP, AMELIA L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2177 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/23/2014 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

Office.Action@xerox.com
sy_incoming@parklegal.com

| **Office Action Summary** | **Application No.** 11/803,920 | **Applicant(s)** SMETTERS ET AL. |
| | **Examiner** AMELIA TAPP | **Art Unit** 2177 | **AIA (First Inventor to File) Status** No |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>10/26/2010</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL**.  2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) <u>1-3,5-15 and 17-25</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>1-3, 5-15, and 17-25</u> is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on <u>05/15/2007</u> is/are:  a)☒ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All  b)☐ Some**  c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 11/803,920                                    Page 2
Art Unit: 2177

## DETAILED ACTION

1.      The present application is being examined under the pre-AIA first to invent

provisions.

2.      This action is responsive to the following communications:  Amendment, filed

10/26/2010; RCE, filed 10/26/2010.

3.      Claims 1-3, 5-15, and 17-25 are pending.  Claims 1, 13, and 25 are independent

claims.


### Continued Examination Under 37 CFR 1.114

A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection.  Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114.  Applicant's submission filed on

10/26/2010 has been entered.


### Claim Rejections - 35 USC § 103

The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis

for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described
> as set forth in section 102 of this title, if the differences between the subject matter sought to
> be patented and the prior art are such that the subject matter as a whole would have been
> obvious at the time the invention was made to a person having ordinary skill in the art to which
> said subject matter pertains.  Patentability shall not be negatived by the manner in which the
> invention was made.

Application/Control Number: 11/803,920                                    Page 3
Art Unit: 2177

**Claims 1-3, 5-15, and 17-25 are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Moody et al. ("Moody"), U.S. Patent No. 5,890,177, issued March 1999, in view of Peck et al. ("Peck"), U.S. Patent No. 7,111,234 B2, published September 2006, and further in view of Bhogal et al. ("Bhogal"), U.S. Patent No. 7,437,421 B2, issued October 2008.**

**Regarding independent claim 1**, Moody teaches *a method for facilitating content dissemination, the method comprising:  providing a tool for an owner of a document to insert a tag inline within the document, wherein the tag indicates an action to be performed on a partial portion of the document*; because Moody teaches a method of collaboratively editing a document by multiple editors (Col. 2, l. 25-52)  Moody teaches assigning special tags to sentences and paragraphs of a document by editors who own special tags to show the edits in the document (col. 5, l. 48-col. 6, l. 55).  The tags are used for document comparison, to highlight edits and portions of text, and to show editing changes (Fig. 3; col. 5, l. 48-col. 6, l. 55).

Moody suggests inserting *a tag inline within the document*; because Moody teaches that the tags are used for document comparison, to highlight edits and portions of text, and to show editing changes (Fig. 3).  Moody teaches appending numbers to paragraph tags and marking the paragraphs both internally and externally (col. 6, l. 15-32).  However, Peck expressly teaches an editing tool for a document owner to insert an inline tag to perform editing functions on a document (Fig. 3b; col. 4, l. 9-35).

Moody does not explicitly teach *and a receiving entity corresponding to the action*; however, Bhogal teaches identifying collaborators and administrators, and

Application/Control Number: 11/803,920                                    Page 4
Art Unit: 2177

authority actions, using metadata element tags in an email document (col. 12, l. 12-col. 13, l. 29).  Bhogal further teaches using the HTML "from" field to delegate signatory authority to recipients (col. 17, l. 10-58).  Compare to specification, par. 0038, "the term "tag" refers to a piece of descriptive text which can be inserted in a document,... In this disclosure, a "tag"is also referred to as "markup or "meta-data," both of which can be used to describe the content."

Moody teaches *processing the tag;* because Moody teaches processing the tags to show differences between edited copies of documents (col. 6, l. 15-55), and to accept edits and consolidate into a final document (col. 7, l. 1-20).

While Moody does not explicitly teach *disseminating the document portion indicated by the tag to the corresponding receiving entity such that the action specified in the tag is performed on the document portion*;  Bhogal teaches identifying collaborators and administrators, and authority actions, using metadata element tags in an email document (col. 12, l. 12-col. 13, l. 29), and sending the document to the collaborators as well as updating the documents with revisions (col. 13, l. 10-col. 14, l. 46).  Bhogal further teaches using the HTML "from" field to delegate signatory authority to recipients (col. 17, l. 10-58).  Bhogal teaches identifying portions of a collaborative document and which individuals may edit and view those portions, in the metadata tags of the document (col. 14, l. 57-col. 15, l. 49).

Moody, Peck, and Bhogal are all directed to editing portions of documents where the edits are marked using tags.  Peck discloses an editing system with inline tags, and Bhogal discloses that the permissions for editing and versions are marked using tags,

Application/Control Number: 11/803,920                                          Page 5
Art Unit: 2177

i.e., identifiers; and it would have been obvious to one of ordinary skill in the art at the time of the invention to have combined the additional tags and functions disclosed by Peck and Bhogal with the collaborative editing system disclosed by Moody, since it would have been obvious to apply the features disclosed by Bhogal and Peck to Moody using known methods of adding and combining tag elements, and would thereby combine these known elements to produce predictable results (KSR).

     **Regarding dependent claim 2**, Moody teaches *the method of claim 1, wherein the tag also indicates the portion of the document*; because Moody teaches assigning special tags to sentences and paragraphs of a document by editors who own special tags to show the edits in the document (col. 5, l. 48-col. 6, l. 55). The tags are used for document comparison, to highlight edits and portions of text, and to show editing changes (Fig. 3).

     **Regarding dependent claim 3**, Moody teaches *the method of claim 2, wherein the action comprises one or more of:*

     *a showing of, sharing of, copying of, request of comment for, and a request of approval for the document portion with respect to the receiving entity;*

     *wherein the document portion includes one or more of:  a paragraph, a section, and a specific text location*; because Moody teaches processing the tags to show differences between edited copies of documents (col. 6, l. 15-55), and to accept edits and consolidate into a final document (col. 7, l. 1-20).

     Moody teaches *wherein the receiving entity is identified by at least one of: one or more user identifiers, one or more group identifiers, one or more email addresses, one*

Application/Control Number: 11/803,920                                    Page 6
Art Unit: 2177

*or more network addresses, and one or more pathnames*; because Moody teaches

sending copies of the edited document to multiple editors for comments via the internet,

or email (col. 4, l. 7-51; Fig. 2A-2B).

**Regarding dependent claim 5**, Moody suggests the method of claim 1, *wherein*

*providing the tool for the owner to insert the tag in the document comprises: providing*

*the owner with a visual representation of a collection of tags*; *and allowing the owner to*

*select one or more tags from the collection of tags*; because Moody teaches that the

tags are used for document comparison, to highlight edits and portions of text, and to

show editing changes (Fig. 3). Moody teaches appending numbers to paragraph tags

and marking the paragraphs both internally and externally (col. 6, l. 15-32).

Moody does not explicitly teach *providing the owner with a visual representation*

*of a collection of tags*; however, Bhogal teaches a method for viewing and editing a

collaborative email document providing the user with a visual representation of a

collection of tags because Bhogal teaches a toolbar showing tags for revisions marked

by version number and tags to identify collaborators and administrators (par. 0059-

0061; par. 0070-0073; par 0122-0723).

Moody, Peck, and Bhogal are all directed to editing portions of documents where

the edits are marked using tags. Peck discloses an editing system with inline tags, and

Bhogal discloses that the permissions for editing and versions are marked using tags,

i.e., identifiers; and it would have been obvious to one of ordinary skill in the art at the

time of the invention to have combined the additional tags and functions disclosed by

Peck and Bhogal with the collaborative editing system disclosed by Moody, since it

Application/Control Number: 11/803,920                                        Page 7
Art Unit: 2177

would have been obvious to apply the features disclosed by Bhogal and Peck to Moody

using known methods of adding and combining tag elements, and would thereby

combine these known elements to produce predictable results (KSR).

**Regarding dependent claim 6**, Moody teaches *the method of claim 1, wherein*

*the operation includes sending the document portion to a user of the document; and*

*wherein the method further comprises: receiving another document portion in response*

*to the operation performed; and modifying the document based on the other received*

*document portion*; because Moody teaches sending copies of the edited document to

multiple editors for comments via the internet, or email (col. 4, l. 7-51; Fig. 2A-2B), and

consolidating the edits to the original document by accepting or rejecting editing

changes (col. 4, l. 52-col. 5, l. 37).

Bhogal teaches identifying collaborators and administrators, and authority

actions, using metadata element tags in an email document (col. 12, l. 12-col. 13, l. 29),

and sending the document to the collaborators as well as updating the documents with

revisions (col. 13, l. 10-col. 14, l. 46).  Bhogal further teaches using the HTML "from"

field to delegate signatory authority to recipients (col. 17, l. 10-58).  Bhogal teaches

identifying portions of a collaborative document and which individuals may edit and view

those portions, in the metadata tags of the document (col. 14, l. 57-col. 15, l. 49).

Moody, Peck, and Bhogal are all directed to editing portions of documents where

the edits are marked using tags.  Peck discloses an editing system with inline tags, and

Bhogal discloses that the permissions for editing and versions are marked using tags,

i.e., identifiers; and it would have been obvious to one of ordinary skill in the art at the

Application/Control Number: 11/803,920                                          Page 8
Art Unit: 2177

time of the invention to have combined the additional tags and functions disclosed by

Peck and Bhogal with the collaborative editing system disclosed by Moody, since it

would have been obvious to apply the features disclosed by Bhogal and Peck to Moody

using known methods of adding and combining tag elements, and would thereby

combine these known elements to produce predictable results (KSR).

**Regarding dependent claim 7**, Moody teaches the method of claim 1, further

comprising receiving a user command which triggers the processing of the tag (col. 7, l.

1-11), because Moody teaches that the edits marked by tags can be accepted either

manually or automatically.

**Regarding dependent claim 8**, Moody teaches the method of claim 1, wherein

the processing of the tag is performed at pre-determined times (col. 7, l. 1-11), because

Moody teaches that the edits can be accepted either manually or automatically.

**Regarding dependent claim 9**, Moody teaches the method of claim 1, further

comprising triggering the processing of the tag based on one or more events (col. 7, l.

1-11), because Moody teaches that the edits can be accepted manually by a user

decision, i.e., an event.

**Regarding dependent claims 10 and 11**, Moody does not disclose

*wherein disseminating the document portion comprises: encrypting a copy of the*

*document portion; and sending the encrypted copy to the receiving entity*;

and

*wherein disseminating the document portion comprises: authenticating a copy of*

*the document portion by signing the copy with a digital signature; and sending the*

Application/Control Number: 11/803,920                                          Page 9
Art Unit: 2177

*authenticated copy to the receiving entity*; however, Bhogal teaches a method for

viewing and editing a collaborative email document, encrypting the copy using a digital

signature and an authority delegation system including a signer's private key to encrypt

the document (col. 17, l. 59-col. 18, l. 39).  Bhogal teaches using the HTML "from" field

to delegate signatory authority to recipients (col. 17, l. 10-58).  Bhogal teaches

identifying portions of a collaborative document and which individuals may edit and view

those portions, in the metadata tags of the document (col. 14, l. 57-col. 15, l. 49).

     Moody, Peck, and Bhogal are all directed to editing portions of documents where

the edits are marked using tags.  Peck discloses an editing system with inline tags, and

Bhogal discloses that the permissions for editing and versions are marked using tags,

i.e., identifiers; and it would have been obvious to one of ordinary skill in the art at the

time of the invention to have combined the additional tags and functions disclosed by

Peck and Bhogal with the collaborative editing system disclosed by Moody, since it

would have been obvious to apply the features disclosed by Bhogal and Peck to Moody

using known methods of adding and combining tag elements, and would thereby

combine these known elements to produce predictable results (KSR).

     **Regarding dependent claim 12**, Moody teaches *the method of claim 1, wherein*

*at least a part of the tag is formulated in natural language or contains an abstract*

*specification which is  used to identify at least one portion of the document*; because

Moody teaches assigning special tags to sentences and paragraphs of a document by

editors who own special tags to show the edits in the document (col. 5, l. 48-col. 6, l.

Application/Control Number: 11/803,920                                      Page 10
Art Unit: 2177

55), and that the tags contain a specification of editor and location in the document, and

a number and the editor's identifier.

     **Regarding independent claim 13 and dependent claims 14, 15, and 17-24,**

claims 13-15 and 17-24 are directed to the computer-readable storage medium storing

instructions that when executed by a computer cause the computer to perform the

methods claimed in claims 1-3 and 5-12, and are rejected along a similar rationale.

     **Regarding independent claim 25**, claim 25 is directed to the system for

implementing the methods as claimed in independent claim 1, and is rejected along a

similar rationale.


                           ***Response to Arguments***

     Applicant's arguments with respect to claims 1-3, 5-15, and 17-25 have been

considered but are moot because the arguments do not apply to any of the references

being used in the current rejection (see Remarks, p.  8-9); applicant argues that neither

Moody nor Bhogal discloses inserting a tag inline within the document, however, the

Peck reference is being relied upon to teach the newly claimed limitations of claims 1,

13, and 24, "providing a tool for an owner of a document to insert a tag inline within the

document".

     Applicant's arguments filed 10/26/2010 have been fully considered but they are

not persuasive.   Applicant argues that Bhogal does not teach the newly claimed

limitation of claim 1, "disseminating the document portion indicated by the tag…" (see

Remarks, p. 8-9); however, Bhogal does teach teaches identifying collaborators and

Application/Control Number: 11/803,920                                    Page 11
Art Unit: 2177

administrators, and authority actions, using metadata element tags in an email

document (col. 12, l. 12-col. 13, l. 29).  Bhogal further teaches using the HTML "from"

field to delegate signatory authority to recipients (col. 17, l. 10-58).  Compare to

specification, par. 0038, "the term "tag" refers to a piece of descriptive text which can be

inserted in a document,... In this disclosure, a tag" is also referred to as "markup or

"meta-data," both of which can be used to describe the content."  Therefore, applicant's

argument that "the cited sections in Bhogal merely disclose using metadata to display

revision of the document, or specify administrators and collaborators of the entire

document" (see Remarks, p. 9), mischaracterizes Bhogal, which does disclose a tag

which is equivalent to the tag described in the specification, which is used to

disseminate portions of a document.

Bhogal further teaches identifying portions of a collaborative document and which

individuals may edit and view those portions, in the metadata tags of the document (col.

14, l. 57-col. 15, l. 49).  Therefore, the combination of Moody, Peck, and Bhogal meets

the claim.


*Conclusion*

The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

**Yehuda et al.        U.S. Patent No. 6,266,683 B1      issued        July 2001**

**Phelps et al., "The Multivalent Browser:  A Platform for New Ideas", DocEng'Ol,
November 9-10, 2001, Atlanta, Georgia, p. 58-67.**

Application/Control Number: 11/803,920                                              Page 12
Art Unit: 2177

     Any inquiry concerning this communication or earlier communications from the examiner should be directed to AMELIA TAPP whose telephone number is (571)272-7508.  The examiner can normally be reached on Monday - Friday 9:30 - 6:00.

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Cesar Paula can be reached on 571-272-4128.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

     Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/AMELIA TAPP/
Primary Examiner, Art Unit 2177

| *Notice of References Cited* | Application/Control No.<br>11/803,920 | Applicant(s)/Patent Under Reexamination<br>SMETTERS ET AL. | |
|---|---|---|---|
| | Examiner<br>AMELIA TAPP | Art Unit<br>2177 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-7,111,234 | 09-2006 | Peck et al. | 715/255 |
| * | B | US-6,266,683 | 07-2001 | Yehuda et al. | 715/234 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | Phelps et al., "The Multivalent Browser:  A Platform for New Ideas", DocEng'0l, November 9-10, 2001, Atlanta, Georgia, p. 58-67. |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 7 | document and word near processor and text near tag same action | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 14:55 |
| L2 | 127 | document and word near processor and text near (mark or send or select) same action | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 14:58 |
| L3 | 946 | (document or text) near (mark or send or select) same (action or copy or comment or share) same (section or portion or line or tag) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:12 |
| L4 | 1690 | (document or text) near (section or portion or select$4) same (route or send) same (mark or select or tag) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:20 |
| L5 | 462 | 4 AND ( (G06F3/0482 OR G06F3/0483 OR G06F3/04842 OR G06F3/04883 OR G06F17/2235 OR G06F17/24 OR G06F17/241 OR G06F17/30011 OR G06F17/30554 OR G06F17/3089 OR G06F3/048 OR G06F17/2735 OR G06F17/30 OR G06F17/30165 OR G06F17/30286 OR G06F17/30289 OR G06F17/30716 OR G06F21/608 OR G06F3/01 OR G06F3/0481 OR G06F3/0485 OR G06F3/1222 OR G06F3/1238 OR G06F3/167 OR G06F15/16 OR G06F17/212 OR G06F17/22 OR G06F17/2211 OR G06F17/2229 OR G06F17/2247 OR G06F17/2288 OR G06F17/28 OR G06F17/30126 OR G06F17/30168 OR G06F17/30194 OR G06F17/30247 OR G06F17/30477 OR G06F17/30595 OR G06F17/30622 OR G06F17/30643 OR G06F17/30705 OR G06F17/30728 OR G06F17/30867 OR G06F17/30887 OR G06F17/30985 OR G06F19/322 OR G06F19/3487 OR G06F1/266 OR G06F1/3293 OR G06F21/00 OR G06F21/31 OR G06F21/57 OR G06F21/60 OR G06F21/6209 OR G06F21/6218 OR G06F21/6227 OR G06F2221/2103 OR G06F2221/2107 OR G06F2221/2111 OR G06F2221/2141 OR G06F3/013 OR G06F3/017 OR G06F3/041 OR G06F3/1204 OR G06F3/1205 OR G06F3/1253 OR G06F3/1275 OR G06F3/1288 OR G06F3/16 OR G06F7/00 OR G06F8/30 OR G06F9/06 OR G06F9/4448 OR G06F9/455 OR G06F9/45533 OR G06F9/54).CPC. ) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:21 |
| L6 | 110 | 4 AND ( (G06F3/0483 OR G06F3/04842 OR G06F17/24 OR G06F17/30011 OR G06F3/048 OR G06F17/30165 OR G06F17/30716).CPC. ) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:21 |
| L7 | 3433 | (715/.255).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2014/02/27 15:22 |
| L8 | 3771 | (document or text) near (section or portion or select$4) same (route or send or copy or comment) same (mark or select or tag) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:41 |
| L9 | 262239 | (email or (user near (id or identifier))) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:42 |
| L10 | 279518 | (email or ((user or group) near (id or identifier))) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:42 |
| L11 | 1686 | L8 and L10 | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:42 |
| L12 | 153 | 11 AND ( (G06F17/241 OR G06F17/24 OR G06F17/30 OR G06F17/30067 OR G06F17/30882 OR G06F11/3438 OR G06F17/218 OR G06F17/30165 OR G06F17/30321 OR G06F17/30082 OR G06F17/30126 OR G06F17/30985).CPC. ) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:44 |
| L13 | 4 | 11 AND ( (G06F17/218).CPC. ) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:44 |
| L14 | 12 | (US-20050188322-$ or US-20070258100-$ or US-20050033813-$ or US-20060095836-$ or US-20040122843-$).did. or (US-5890177-$ or US-6551357-$ or US-6567830-$ or US-7437421-$ or US-6438545-$ or US-7680820-$ or US-6266683-$).did. | US-PGPUB; USPAT | OR | ON | 2014/02/27 15:46 |
| L15 | 0 | (715/255anddocumentand(sectionorsegmentorselection)same(sendorshareorapprov$3orcomment)).CCLS | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2014/02/27 16:19 |
| L16 | 345 | 715/.255.ccls. and document and (section or seg$ment or selection)same(send or share or approv$3 or comment) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/02/27 16:20 |

**EAST Search History (Interference)**

<This search history is empty>

**2/27/2014 5:38:46 PM**
**C:\ Users\ arutledge\ Documents\ EAST\ Workspaces\ 11803920.wsp**

EAST Search History

EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 16 | US-6240429-$.DID. OR US-6253217-$.DID. OR US-6266670-$.DID. OR US-6266682-$.DID. OR US-6269380-$.DID. OR US-6308179-$.DID. OR US-6324551-$.DID. OR US-6330573-$.DID. OR US-6370538-$.DID. OR US-6370533-$.DID. OR US-6397231-$.DID. OR US-6430575-$.DID. OR US-6535884-$.DID. OR US-6562076-$.DID. OR US-6647391-$.DID. OR US-20030237051-$.DID. | US-PGPUB; USPAT; USOCR | OR | ON | 2010/03/19 18:36 |
| S2 | 2101 | (715/255).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2010/03/19 18:36 |
| S3 | 57616 | document same (edit$3 or word near process$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:56 |
| S4 | 2337 | document same (edit$3 or word near process$3) same tag | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:57 |
| S5 | 33009 | (collaborat$4 or shar$3) same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| S6 | 693 | S4 and S5 | US-PGPUB; USPAT; FPRS; EPO; JPO; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| S7 | 716067 | (edit$3 or word near process$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| S8 | 4442 | (collaborat$4 or shar$3) same document same S7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| S9 | 276 | S8 and S4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| S10 | 7712 | tag near (location or paragraph or section or sentence) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:00 |
| S11 | 50 | S9 and S10 | US-PGPUB; USPAT; FPRS; EPO; JPO; DERWENT | OR | ON | 2010/03/19 19:00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | IBM_TDB | | 2010/03/19 |
| S12 | 5 | (US-20050188322-$ or US-20070258100-$).did. or (US-5890177-$ or US-6551357-$ or US-6567830-$).did. | | US-PGPUB; USPAT | OR | ON | 2010/03/19 19:50 |
| S13 | 20324 | digital near signature and encrypt$4 | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:51 |
| S14 | 0 | S12 and S13 | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:51 |
| S15 | 33 | S9 and S13 | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:51 |
| S16 | 2 | ("20050033813").PN. | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2010/03/19 19:55 |
| S17 | 2225 | (715/255).CCLS. | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2010/08/25 19:46 |
| S18 | 2480 | document same (edit$3 or word near process$3) same tag | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| S19 | 747454 | (edit$3 or word near process$3) | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| S20 | 4744 | (collaborat$4 or shar$3) same document same S19 | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| S21 | 300 | S20 and S18 | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| S22 | 8223 | tag near (location or paragraph or section or sentence) | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| S23 | 56 | S21 and S22 | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| S24 | 21708 | digital near signature and encrypt$4 | | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; | OR | ON | 2010/08/25 19:46 |

| Ref# | Hits | Search Query | Databases | | | Time |
|---|---|---|---|---|---|---|
| S25 | 34 | S21 and S24 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| S26 | 7 | document and word near processor and text near tag same action | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 14:55 |
| S27 | 127 | document and word near processor and text near (mark or send or select) same action | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 14:58 |
| S28 | 946 | (document or text) near (mark or send or select) same (action or copy or comment or share) same (section or portion or line or tag) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:12 |
| S29 | 1690 | (document or text) near (section or portion or select$4) same (route or send) same (mark or select or tag) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:20 |
| S30 | 462 | S29 AND ( (G06F3/0482 OR G06F3/0483 OR G06F3/04842 OR G06F3/04883 OR G06F17/2235 OR G06F17/24 OR G06F17/241 OR G06F17/30011 OR G06F17/30554 OR G06F17/3089 OR G06F3/048 OR G06F17/2735 OR G06F17/30 OR G06F17/30165 OR G06F17/30286 OR G06F17/30289 OR G06F17/30716 OR G06F21/608 OR G06F3/01 OR G06F3/0481 OR G06F3/0485 OR G06F3/1222 OR G06F3/1238 OR G06F3/167 OR G06F15/16 OR G06F17/212 OR G06F17/22 OR G06F17/2211 OR G06F17/2229 OR G06F17/2247 OR G06F17/2288 OR G06F17/28 OR G06F17/30126 OR G06F17/30168 OR G06F17/30194 OR G06F17/30247 OR G06F17/30477 OR G06F17/30595 OR G06F17/30622 OR G06F17/30643 OR G06F17/30705 OR G06F17/30728 OR G06F17/30867 OR G06F17/30887 OR G06F17/30985 OR G06F19/322 OR G06F19/3487 OR G06F1/266 OR G06F1/3293 OR G06F21/00 OR G06F21/31 OR G06F21/57 OR G06F21/60 OR G06F21/6209 OR G06F21/6218 OR G06F21/6227 OR G06F2221/2103 OR G06F2221/2107 OR G06F2221/2111 OR G06F2221/2141 OR G06F3/013 OR G06F3/017 OR G06F3/041 OR G06F3/1204 OR G06F3/1205 OR G06F3/1253 OR G06F3/1275 OR G06F3/1288 OR G06F3/16 OR G06F7/00 OR G06F8/30 OR G06F9/06 OR G06F9/4448 OR G06F9/455 OR G06F9/45533 OR G06F9/54).CPC. ) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:21 |
| S31 | 110 | S29 AND ( (G06F3/0483 OR G06F3/04842 OR G06F17/24 OR G06F17/30011 OR G06F3/048 OR G06F17/30165 OR G06F17/30716).CPC. ) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:21 |
| S32 | 3433 | (715/255).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2014/02/27 15:22 |
| S33 | 3771 | (document or text) near (section or portion or select$4) same (route or send or copy or comment) same (mark or select or tag) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:41 |
| S34 | 262239 | (email or (user near (id or identifier))) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:42 |
| S35 | 279518 | (email or ((user or group) near (id or identifier))) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:42 |
| S36 | 1686 | S33 and S35 | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:42 |
| S37 | 153 | S36 AND ( (G06F17/241 OR G06F17/24 OR G06F17/30 OR G06F17/30067 OR G06F17/30882 OR G06F11/3438 OR G06F17/218 OR G06F17/30165 OR G06F17/30321 OR G06F17/30082 OR G06F17/30126 OR G06F17/30985).CPC. ) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:44 |
| S38 | 4 | S36 AND ( (G06F17/218).CPC. ) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/02/27 15:44 |
| S39 | 12 | (US-20050188322-$ or US-20070258100-$ or US-20050033813-$ or US-20060095836-$ or US-20040122843-$).did. or (US-5890177-$ or US-6551357-$ or US-6567830-$ or US-7437421-$ or US-6438545-$ or US-7680820-$ or US-6266683-$).did. | US-PGPUB; USPAT | OR | | 2014/02/27 15:46 |
| S40 | 0 | (715/255anddocumentand(sectionorsegmentorselection)same(sendorshareorapprov$3orcomment)).CCLS | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2014/02/27 16:19 |
| S41 | 345 | 715/255.ccls. and document and (section or seg$ment or selection)same(send or share or approv$3 or comment) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/02/27 16:20 |
| S42 | 0 | document near (edit or share or display or copy) near tag near inline | US-PGPUB; USPAT | OR | ON | 2014/05/06 17:44 |
| S43 | 0 | document near (edit or share or display or copy) same tag near inline | US-PGPUB | OR | ON | 2014/05/06 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT | | | 17:45 |
| S44 | 1 | document same (edit or share or display or copy) same tag near inline | US-PGPUB; USPAT | OR | ON | 2014/05/06 17:45 |
| S45 | 9409 | document same (edit or share or display or copy) same tag | US-PGPUB; USPAT | OR | ON | 2014/05/06 17:45 |
| S46 | 24 | document near (edit or share or display or copy) near tag | US-PGPUB; USPAT | OR | ON | 2014/05/06 17:45 |
| S47 | 4 | tag near action same in$line same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/18 20:02 |
| S48 | 55 | tag same action same in$line same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/18 20:03 |
| S49 | 4 | tag near action same edit same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/18 21:49 |
| S50 | 18 | tag near (copy or comment or share or send) same edit same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/18 21:51 |
| S51 | 4 | tag near custom and tag near (copy or comment or share or send) and edit near document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/18 21:56 |
| S52 | 4 | tag near custom and tag near (copy or comment or share or send or action) and edit near document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/18 21:57 |
| S53 | 59 | tag near (copy or comment or share or send or action) and edit near document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/18 21:57 |
| S54 | 2 | ("6266683").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2014/05/18 22:05 |

**EAST Search History (Interference)**

< This search history is empty>

5/19/2014 12:37:20 PM
C:\Users\arutledge\Documents\EAST\Workspaces\11803920.wsp

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| L1 | 59 | tag near (copy or comment or share or send or action) and edit near document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/19 12:39 |
| L2 | 19 | 1 AND ( (G06F17/241 OR G06F17/218 OR G06F17/24).CPC. ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2014/05/19 12:39 |

**EAST Search History (Interference)**

< This search history is empty>

**5/19/2014 12:44:32 PM**
**C:\Users\arutledge\Documents\EAST\Workspaces\11803920.wsp**

Web   Images   More...                                                          Sign in

Google        tag inline action document edit copy share send comment        [   ]

Scholar       About 16,700 results (0.16 sec)                                  [   ]  [  ]

Articles        **The multivalent browser: a platform for new ideas**                    [PDF] from accountingenhancements.com
                TA Phelps, R Wilensky - ... of the 2001 ACM Symposium on **Document** ... 2001 - dl.acm.org
Case law        ... given parent to achieve sorted order, clipboard markup generates a representation of the selected
                text with markup **tags**, and one ... Hierarchy within a behavior **tag** is left to that behavior to interpret.
My library      It can be content, as in Post-it notes where the text of the note is stored **inline**; or it ...
                Cited by 60   Related articles   All 9 versions   Cite   Save

Any time        [CITATION] Eclipse in **action**: a guide for java developers
Since 2014      D Gallardo, E Burnette, R McGovern - 2003 - Manning Publications Co.
Since 2013      Cited by 46   Related articles   All 8 versions   Cite   Save   More
Since 2010
Custom range... **WebStickers: using physical tokens to access, manage and share bookmarks to the Web**   [PDF] from redstrom.se
                P Ljungstrand, J Redström, LE Holmquist - Proceedings of DARE 2000 ... 2000 - dl.acm.org
[   ] — 2007    ... Such barcode **tags** have globally unique numbers, allowing for individual pricing of the goods
                in a a ... It is hard to match these properties using other **tagging** technologies, given the intended
[          ]    purpose ... page that is currently shown in the browser window, and a barcode-**tagged** object ...
                Cited by 144   Related articles   All 7 versions   Cite   Save

Sort by relevance [CITATION] CGI Programming in C & perl
Sort by date    T Boutell - 1996 - Addison-Wesley Professional
                Cited by 49   Related articles   All 5 versions   Cite   Save   More

[ ] include patents [PDF] **Parag Walimbe Doodle–Remote Tagging, Storage, Retrieval and Display of User**   [PDF] from haw-hamburg.de
[✓] include citations **Annotations within a Browser Environment**
                SR **Tagging** - 2006 - inet.cpt.haw-hamburg.de
                ... Any addition of content to this **tagged** content needs also to be in the form of **tags** (Unless it's
[≋] Create alert an addition to ... The redisplay of remote **tags** need the exact address of the base or reference **tag**
                in the web content in the ... 2.3.2 Using technical data of remote **tags** for remote evaluation ...
                All 4 versions   Cite   Save   More

                **JavaML: a markup language for Java source code**                       [HTML] from washington.edu
                GJ Badros - Computer Networks, 2000 - Elsevier
                ... and it is trivial to convert back to the classical representation: we simply remove all **tags** and leave ...
                1, notice the use of the formal-argument g **in line** 17 as the target of the message ... Instead, we use
                a single element **tag** and disambiguate these literals based on a kind attribute. ...
                Cited by 271   Related articles   All 19 versions   Cite   Save

                [PDF] **Interleaf active documents**                                      [PDF] from psu.edu
                PM English, R Tennell - Electronic publishing, 1994 - Citeseer
                ... an **inline** component, which is used structurally to set off content that is formatted **in line** with its ...
                in the middle of a component text stream to **change** style without requiring an **inline** component. ...
                Tioga editor allows **tagging** of the nodes of a doc- ument tree and **tagging** of individual ...
                Cited by 8   Related articles   All 5 versions   Cite   Save   More

                [BOOK] **PDF with Acrobat 5**
                J Alspach - 2001 - books.google.com
                ... a Slide Show with Acrobat 184 Adding Sounds or Movies to PDFs 186 Using Page **Actions** 188
                Chapter ... Most people download the free Acrobat Reader program so they can view the many PDF

(Portable **Document** Format) files ... Many sites that contain PDF **documents** also offer ...
Cited by 7   Related articles   All 4 versions   Cite   Save   More

[PDF] from nott.ac.uk

[PDF] Rita - an Editor and User Interface for Manipulating Structured **Documents**

DD Cowan, EW Mackie, GM Pianosi... - Electronic ..., 1991 - cajun.cs.nott.ac.uk
... The "user embed" **tag** brackets structural components which do not parse correctly when a
previously ... 2 The choice of GML or SGML **tags** is governed by the **document** grammar which ... users
understand that there are rules governing the structure of a **tagged document**, they tend ...
Cited by 52   Related articles   All 6 versions   Cite   Save   More

[PDF] from hpsk7.org

[PDF] © 2006 Apple Computer, Inc. All rights reserved. Under the copyright laws, this manual may
not be **copied**, in whole or in part, without the written consent of ...

K Apple - 2006 - hpsk7.org
... 123 Chapter 6: Working With Graphics and Other Media 123 Working With Graphics 125 Adding
Fixed and **Inline** Objects 127 Using PDF Files as Graphics 128 Cropping ... Help **tags** are also
available for many onscreen items. ... To display a help **tag**, rest the pointer over an item. ...
All 314 versions   Cite   Save   More

✉ Create alert

Goooooooooogle ▶

1 2 3 4 5 6 7 8 9 10   Next

About Google Scholar     All About Google     Privacy & Terms     Give us feedback

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA TAPP | 2177 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| G06F 17/218 | 5/19/2014 | AT |
| G06F 17/241 | 5/19/2014 | AT |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 715 | 255 | 3/19/2010 | AR |
| 715 | 255 | 8/25/2010 | AR |
| 715 | 255 | 5/19/2014 | AT |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) - -See Search History Printout. | 3/19/2010 | AR |
| PALM Inventor Name Search | 3/19/2010 | AR |
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) - -See Search History Printout. | 8/25/2010 | AR |
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) - -See Search History Printout. | 5/19/2014 | AT |
| NPL Search - www.google.com; see search printout | 5/19/2014 | AT |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | /A.T./ Primary Examiner.Art Unit 2177 |
|---|---|

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | Examiner | Art Unit |
| | AMELIA TAPP | 2177 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 03/19/2010 | 08/25/2010 | 05/19/2014 | | | | | |
| | 1 | ✓ | ✓ | ✓ | | | | | |
| | 2 | ✓ | ✓ | ✓ | | | | | |
| | 3 | ✓ | ✓ | ✓ | | | | | |
| | 4 | ✓ | ✓ | - | | | | | |
| | 5 | ✓ | ✓ | ✓ | | | | | |
| | 6 | ✓ | ✓ | ✓ | | | | | |
| | 7 | ✓ | ✓ | ✓ | | | | | |
| | 8 | ✓ | ✓ | ✓ | | | | | |
| | 9 | ✓ | ✓ | ✓ | | | | | |
| | 10 | ✓ | ✓ | ✓ | | | | | |
| | 11 | ✓ | ✓ | ✓ | | | | | |
| | 12 | ✓ | ✓ | ✓ | | | | | |
| | 13 | ✓ | ✓ | ✓ | | | | | |
| | 14 | ✓ | ✓ | ✓ | | | | | |
| | 15 | ✓ | ✓ | ✓ | | | | | |
| | 16 | ✓ | ✓ | - | | | | | |
| | 17 | ✓ | ✓ | ✓ | | | | | |
| | 18 | ✓ | ✓ | ✓ | | | | | |
| | 19 | ✓ | ✓ | ✓ | | | | | |
| | 20 | ✓ | ✓ | ✓ | | | | | |
| | 21 | ✓ | ✓ | ✓ | | | | | |
| | 22 | ✓ | ✓ | ✓ | | | | | |
| | 23 | ✓ | ✓ | ✓ | | | | | |
| | 24 | ✓ | ✓ | ✓ | | | | | |
| | 25 | ✓ | ✓ | ✓ | | | | | |

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
### (Submitted Only via EFS-Web)

| Application Number | 11/803,920 | Filing Date | 2007-05-15 | Docket Number (if applicable) | PARC-20061126-US-NP | Art Unit | 2176 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Diana K. Smetters | | | Examiner Name | Rutledge, Amelia L. | | |

This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application.  The Instruction Sheet for this form is located at WWW.USPTO.GOV

### SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

- [ ] Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

  - [ ] Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

  - [ ] Other _____

- [x] Enclosed

  - [x] Amendment/Reply

  - [ ] Information Disclosure Statement (IDS)

  - [ ] Affidavit(s)/ Declaration(s)

  - [ ] Other

### MISCELLANEOUS

- [ ] Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a  period of months _____
  (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

- [ ] Other _____

### FEES

**The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
- [x] The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No   240037

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

- [x] Patent Practitioner Signature
- [ ] Applicant Signature

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /Shun Yao/ | Date (YYYY-MM-DD) | 2010-10-26 |
| Name | Shun Yao | Registration Number | 59242 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.    The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.    A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.    A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.    A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.    A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.    A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.    A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.    A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.    A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Application Number  :  11/803,920          Confirmation Number: 7378
Applicant          :  Diana K. Smetters et al.
Filed              :  15 May 2007
T.C./A.U.          :  2176
Examiner           :  Rutledge, Amelia L.

Docket Number      :  PARC-20061126-US-NP
Customer No.       :  35699


Amendment after Final Rejection
Via Electronic Filing


## AMENDMENT

Sir:

     In response to the Office Action of **31 August 2010**, please amend the above-identified Application as follows:


**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.


**Remarks/Arguments** begin on page 8 of this paper.

1

## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1.     1.     (Currently amended) A method for facilitating content
2. dissemination, the method comprising:
3.     providing a tool for an owner of a document to ~~add~~ insert a tag ~~to~~ inline
4. within the document, wherein the tag indicates an action to be performed on a
5. partial portion of the document and a receiving entity corresponding to the action;
6.     processing the tag; and
7.     disseminating the document portion indicated by the tag ~~performing the~~
8. ~~action with respect~~ to the corresponding receiving entity such that the action
9. specified in ~~on the document portion based on~~ the tag is performed on the
10. document portion.

1.     2.     (Previous presented) The method of claim 1, wherein the tag also
2. indicates the portion of the document.

1.     3.     (Previous presented) The method of claim 2,
2.     wherein the action comprises one or more of:
3.     a showing of, sharing of, copying of, request of comment
4.     for, and a request of approval for the document portion with
5.     respect to the receiving entity;
6.     wherein the document portion includes one or more of: a paragraph, a
7. section, and a specific text location; and
8.     wherein the receiving entity is identified by at least one of:

2

9          one or more user identifiers,

10         one or more group identifiers,

11         one or more email addresses,

12         one or more network addresses, and

13         one or more pathnames.


1     4.     (Cancelled).


1     5.     (Currently amended) The method of ~~claim 4~~ <u>claim 1</u>, wherein
2     ~~allowing the user~~<u>providing the tool for the owner</u> to insert the tag in the document
3     comprises:
4          providing the ~~user~~ <u>owner</u> with a visual representation of a collection of
5     tags; and
6          allowing the ~~user~~ <u>owner</u> to select one or more tags from the collection of
7     tags.


1     6.     (Currently amended) The method of claim 1,
2          wherein the operation includes sending the document portion to a ~~second~~
3     user <u>of the document</u>; and
4          wherein the method further comprises:
5          receiving ~~a second document or~~ <u>another</u> document portion in response to
6     the operation performed; and
7          modifying the ~~first~~ document based on the ~~second document or~~ <u>other</u>
8     <u>received</u> document portion.


1     7.     (Original) The method of claim 1, further comprising receiving a
2     user command which triggers the processing of the tag.

1       8.     (Original) The method of claim 1, wherein the processing of the

2    tag is performed at pre-determined times.

1       9.     (Original) The method of claim 1, further comprising triggering

2    the processing of the tag based on one or more events.

1      10.    (Currently amended) The method of claim 1, wherein ~~performing~~

2    ~~the action on~~disseminating  the document portion comprises:

3          encrypting a copy of the document portion; and

4          sending the encrypted copy to the receiving entity.

1      11.    (Currently amended) The method of claim 1, wherein ~~performing~~

2    ~~the action on~~ disseminating the document portion comprises:

3          authenticating a copy of the document portion by signing the copy with a

4    digital signature; and

5          sending the authenticated copy to the receiving entity.

1      12.    (Previous presented) The method of claim 1, wherein at least a

2    part of the tag is formulated in natural language or contains an abstract

3    specification which is used to identify at least one portion of the document.

1      13.    (Currently amended) A non-transitory computer-readable storage

2    medium storing instructions that when executed by a computer cause the

3    computer to perform a method for facilitating content dissemination, the method

4    comprising:

5          providing a tool for an owner of a document to ~~add~~ insert a tag ~~to~~ inline

6    within the document, wherein the tag indicates an action to be performed on a

7    partial portion of the document and a receiving entity corresponding to the action;

8          processing the tag; and

4

9       disseminating the document portion indicated by the tag ~~performing the~~

10    ~~action with respect~~ to the corresponding receiving entity such that the action

11    specified in ~~on the document portion based on~~ the tag is performed on the

12    document portion.

1       14.     (Previous presented) The storage medium of claim 13, wherein the

2     tag also indicates

3       the portion of the document.

1       15.     (Previous presented) The storage medium of claim 14,

2         wherein the action comprises one or more of:

3             a showing of, sharing of, copying of, request of comment

4         for, and a request of approval for the document portion with

5         respect to the receiving entity;

6         wherein the document portion includes one or more of: a paragraph, a

7     section, and a specific text location; and

8         wherein the receiving entity is identified by at least one of:

9         one or more user identifiers,

10        one or more group identifiers,

11        one or more email addresses,

12        one or more network addresses, and

13        one or more pathnames.

1       16.     (Cancelled).

1       17.     (Currently amended) The storage medium of ~~claim 16~~ claim 13,

2     wherein ~~allowing the user~~ providing the tool for the owner to insert the tag in the

3     document comprises:

5

4        providing the ~~user~~ owner with a visual representation of a collection of

5    tags; and

6        allowing the ~~user~~ owner to select one or more tags from the collection of

7    tags.

1        18.    (Currently amended) The storage medium of claim 13,

2        wherein the operation includes sending the document portion to a ~~second~~

3    user of the document; and

4        wherein the method further comprises:

5        receiving ~~a second document or~~ another document portion in response to

6    the operation performed; and

7        modifying the ~~first~~ document based on the ~~second document or~~ other

8    received document portion.

1        19.    (Original) The storage medium of claim 13, further comprising

2    receiving a user command which triggers the processing of the tag.

1        20.    (Original) The storage medium of claim 13, wherein the

2    processing of the tag is performed at pre-determined times.

1        21.    (Original) The storage medium of claim 13, further comprising

2    triggering the processing of the tag based on one or more events.

1        22.    (Currently amended) The storage medium of claim 13, wherein

2    ~~performing the action on~~ disseminating the document portion comprises:

3        encrypting a copy of the document portion; and

4        sending the encrypted copy to the receiving entity.

6

1       23.     (Currently amended) The storage medium of claim 13, wherein

2 ~~performing the action on~~disseminating the document portion comprises:

3       authenticating a copy of the document portion by signing the copy with a

4 digital signature; and

5       sending the authenticated copy to the receiving entity.

1       24.     (Previous presented) The storage medium of claim 13, wherein at

2 least a part of the tag is formulated in natural language or contains an abstract

3 specification which is used to identify at least one portion of the document.

1       25.     (Currently amended) A computer system that facilitates content

2 dissemination, the computer system comprising:

3       a processor;

4       a memory;

5       a tagging mechanism configured to provide a tool for an owner of a

6 document to ~~add~~ insert a tag ~~to~~ inline within the document, wherein the tag

7 indicates an action to be performed on a <u>partial</u> portion of the document and a

8 receiving entity corresponding to the action; and

9       a tag processing mechanism to process the tag and <u>disseminate the</u>

10 <u>document portion indicated by the tag</u> ~~perform the action with respect~~ to the

11 corresponding receiving entity <u>such that the action specified in</u> ~~on the document~~

12 ~~portion based on~~ the tag <u>is performed on the document portion</u>.

**REMARKS**

In the Official Action mailed on **31 August 2010** (hereinafter "Office Action"), Examiner reviewed claims 1-25.  Examiner rejected claims 1-25 under 35 U.S.C. § 103 based on Moody et al. (U.S. Patent No. 5,890,177, hereinafter "Moody"), in view Bhogal et al. (U.S. Pub. No. 2005/0033813, hereinafter "Bhogal").

**Interview Summary**

Applicant thanks Examiner for the telephone interview conducted on 12 October 2010.  Applicant proposed amendments to the claims and argued that the cited references Moody and Bhogal do not disclose inserting a tag inline within the document and disseminating the tagged document portion.  Examiner suggests further clarifying that the document portion is indicated by the tag.  Accordingly, Applicant has incorporated the proposed amendments and Examiner's suggestions into this response.

**Rejections under 35 U.S.C. § 103**

Examiner rejected claims 1-25 under 35 U.S.C. § 103 based on Moody in view of Bhogal.  Applicant respectfully disagrees with the rejections, because neither Moody nor Bhogal discloses inserting **a tag inline** within the document that indicates an action to be performed, and **disseminating the document portion indicated by the tag** to a receiving entity corresponding to perform the action.

Specifically, embodiments of the present invention provide a system that facilitates content dissemination.  During operation, the system allows an owner of a document to insert a tag inline within the document, such that the tag indicates an action to be performed on a portion of the document and specifies a receiving entity corresponding to the action (see FIG. 2, paragraphs [0038] and

8

[0042] of the instant application).  The system then processes the tag, and further disseminates the document portion to the receiving entity specified in the tag to perform the action indicated in the tag (see paragraph [0082] of the instant application).

In the Office Action, Examiner indicated, and Applicant agrees, that Moody does not disclose performing the action with respect to the corresponding receiving entity on the document portion based on the tag (see Office Action, page 3).  However, Examiner cited column 12, line 12 to column 13, line 29 of Bhogal to reject the aforementioned feature (see Office Action, page 3).  Nevertheless, the cited sections in Bhogal merely disclose using metadata to display revisions of the document, or specify administrators and collaborators of the entire document (see Bhogal FIG. 3 and paragraphs [0046]-[0049] and [0138]).  Nowhere in Bhogal discloses disseminating the document portion indicated by the tag to a receiving entity corresponding to perform the action specified in the tag.

Accordingly, Applicant has amended claims 1, 13, and 25 to clarify that embodiments of the present invention involve disseminating the document portion indicated by the tag to a receiving entity corresponding to perform the action specified in the tag.  These amendments find support in FIG.2 and paragraphs [0038], [0042], and [0082] of the instant application.  Also, Applicant has amended claims 5-6, 10-11, 17-18, and 22-23 to improve clarity of the claim language.  Applicant has cancelled claims 4 and 16 without prejudice.  No new matter has been added.

Hence, Applicant respectfully submits that independent claims 1, 13, and 25 as presently amended are in condition for allowance.  Applicant also submits that claims 2-12, which depend upon claim 1, and claims 14-24, which depend upon claim 13, are for the same reasons in condition for allowance and for reasons of the unique combinations recited in such claims.

9

## <u>CONCLUSION</u>

It is submitted that the application is presently in form for allowance. Such action is respectfully requested.

Respectfully submitted,

By     _/Ying Wang/_____
Ying Wang
Registration No. 63,786

By     _/Shun Yao/_____
Shun Yao
Registration No. 59,242

Date:  26 October 2010

Ying Wang
Park, Vaughan, Fleming & Dowler LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel: (530) 204-4051
Fax: (530) 759-1665
Email: annie@parklegal.com

Shun Yao
Park, Vaughan, Fleming & Dowler LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel: (530) 759-1667
Fax: (530) 759-1665
Email: shun@parklegal.com

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11803920 |
| **Filing Date:** | 15-May-2007 |
| **Title of Invention:** | Method and system for in-document markup in support of information sharing |
| **First Named Inventor/Applicant Name:** | Diana K. Smetters |
| **Filer:** | Shun Yao |
| **Attorney Docket Number:** | PARC-20061126-US-NP |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Request for continued examination | 1801 | 1 | 810 | 810 |
| **Total in USD ($)** | | | | **810** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 8703724 |
| **Application Number:** | 11803920 |
| **International Application Number:** | |
| **Confirmation Number:** | 7378 |
| **Title of Invention:** | Method and system for in-document markup in support of information sharing |
| **First Named Inventor/Applicant Name:** | Diana K. Smetters |
| **Customer Number:** | 35699 |
| **Filer:** | Shun Yao |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | PARC-20061126-US-NP |
| **Receipt Date:** | 26-OCT-2010 |
| **Filing Date:** | 15-MAY-2007 |
| **Time Stamp:** | 16:46:46 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $810 |
| RAM confirmation Number | 3428 |
| Deposit Account | 240037 |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Request for Continued Examination (RCE) | RCEe_fill_shun.pdf | 697894<br>cfcf81231d939d6edccf751a5e8c61ddc40dd1c3 | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 2 | | PARC-20061126-US-NP_Amendment_B.pdf | 93315<br>087590752a818f90d5979fee87ee49b45c2cd481 | yes | 10 |
|---|---|---|---|---|---|

| | **Multipart Description/PDF files in .zip description** | | | | |
|---|---|---|---|---|---|
| | **Document Description** | | **Start** | **End** | |
| | Amendment After Final | | 1 | 1 | |
| | Claims | | 2 | 7 | |
| | Applicant Arguments/Remarks Made in an Amendment | | 8 | 10 | |

**Warnings:**

**Information:**

| 3 | Fee Worksheet (PTO-875) | fee-info.pdf | 30269<br>bcc905836757f9e94b17f82f228960 7b900a4c03 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | 821478 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>11/803,920 | Filing Date<br>05/15/2007 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) | SMALL ENTITY ☐ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

### APPLICATION AS AMENDED – PART II

|  |  | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | 10/26/2010 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * 23 | Minus | ** 25 | = 0 | X $ = | | OR X $52= | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | X $ = | | OR X $220= | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | 0 |

|  |  | (Column 1) | (Column 2) | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | |
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/BRENDA HARRISON/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

35699        7590        10/18/2010
PVF -- PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| EXAMINER |
|---|
| RUTLEDGE, AMELIA L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2176 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/18/2010 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

uspto-incoming@parklegal.com
Office.Action@xerox.com

PTOL-90A (Rev. 04/07)

| ***Interview Summary*** | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/803,920 | SMETTERS ET AL. | |
| | Examiner | Art Unit | |
| | AMELIA RUTLEDGE | 2176 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Amelia Rutledge - USPTO*.                    (3) *Jianning Mai - applicant's representative*.

(2) *Ying Wang- applicant's representative*.        (4) _____.

Date of Interview: *12 October 2010*.

Type:  a)☒ Telephonic    b)☐ Video Conference
        c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:    d)☐ Yes    e)☒ No.
        If Yes, brief description: _____.

Claim(s) discussed: *1*.

Identification of prior art discussed: *Moody, Bhogal*.

Agreement with respect to the claims f)☐ was reached.   g)☒ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Compared features of applicant's invention to the prior art of record.  Discussed possible ways in which the claims could be amended to overcome the prior art of record.*

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

| /Amelia  Rutledge/ | |
|---|---|
| Primary Examiner, Art Unit 2176 | |

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.
It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication.  If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
–   Application Number (Series Code and Serial Number)
–   Name of applicant
–   Name of examiner
–   Date of interview
–   Type of interview (telephonic, video-conference, or personal)
–   Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
–   An indication whether or not an exhibit was shown or a demonstration conducted
–   An identification of the specific prior art discussed
–   An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
–   The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.
A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

35699      7590      08/31/2010
PVF -- PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| EXAMINER |
|---|
| RUTLEDGE, AMELIA L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2176 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/31/2010 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

uspto-incoming@parklegal.com
Office.Action@xerox.com

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 11/803,920 | SMETTERS ET AL. |
| | Examiner | Art Unit | |
| | AMELIA RUTLEDGE | 2176 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

> A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
> - Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
> - If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
> - Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
>   Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>17 June 2010</u>.
2a)☒ This action is **FINAL**.      2b)☐ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
    closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-25</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1-25</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some * c)☐ None of:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
          application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 11/803,920                                    Page 2
Art Unit: 2176

## DETAILED ACTION

1.      This action is responsive to the following communications:  Amendment, filed 06/17/2010.

2.      Claims 1-25 are pending.  Claims 1, 13, and 25 are independent claims.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

**Claims 1-25 are rejected under 35 U.S.C. 102(b) as being anticipated by Moody et al. ("Moody"), U.S. Patent No. 5,890,177, issued March 1999, in view of Bhogal et al. ("Bhogal"), U.S. Pub. No. 2005/0033813 A1, published February 2005.**

**Regarding independent claim 1**, Moody teaches *a method for facilitating content dissemination, the method comprising:  providing a tool for an owner of a document to add a tag to the document, wherein the tag indicates an action to be performed on a portion of the document*; because Moody teaches a method of collaboratively editing a document by multiple editors (Col. 2, l. 25-52)  Moody teaches assigning special tags to sentences and paragraphs of a document by editors who own special tags to show the edits in the document (col. 5, l. 48-col. 6, l. 55).  The tags are

Application/Control Number: 11/803,920                                    Page 3
Art Unit: 2176

used for document comparison, to highlight edits and portions of text, and to show

editing changes (Fig. 3).

     Moody does not explicitly teach wherein the tag indicates *a receiving entity*

*corresponding to the action*; however, Bhogal teaches identifying collaborators and

administrators, and authority actions, using metadata element tags in an email

document (col. 12, l. 12-col. 13, l. 29).  Bhogal further teaches using the HTML "from"

field to delegate signatory authority to recipients (col. 17, l. 10-58).

     Moody teaches *processing the tag;* because Moody teaches processing the tags

to show differences between edited copies of documents (col. 6, l. 15-55), and to accept

edits and consolidate into a final document (col. 7, l. 1-20).

     While Moody does not explicitly teach *performing the action with respect to the*

*corresponding receiving entity the document portion based on the tag*; Bhogal teaches

identifying collaborators and administrators, and authority actions, using metadata

element tags in an email document (col. 12, l. 12-col. 13, l. 29).  Bhogal further teaches

using the HTML "from" field to delegate signatory authority to recipients (col. 17, l. 10-

58).

     Both Moody and Bhogal are directed to collaborative editing of documents where

the edits are marked using tags.  Further, Bhogal discloses that the permissions for

editing and versions are marked using tags, i.e., identifiers; and it would have been

obvious to one of ordinary skill in the art at the time of the invention to have combined

the additional tags disclosed by Bhogal with the collaborative editing system disclosed

by Moody, since Moody disclosed a collaborative document editing system and Bhogal

Application/Control Number: 11/803,920                                          Page 4
Art Unit: 2176

disclosed that there was a need in the art for improvements in signing, viewing, and

editing collaborative email documents (par. 0005), it would have been obvious to apply

the features disclosed by Bhogal to Moody using known methods of adding and

combining tag elements.

**Regarding dependent claim 2**, Moody teaches *the method of claim 1, wherein*

*the tag also indicates the portion of the document*; because Moody teaches assigning

special tags to sentences and paragraphs of a document by editors who own special

tags to show the edits in the document (col. 5, l. 48-col. 6, l. 55).  The tags are used for

document comparison, to highlight edits and portions of text, and to show editing

changes (Fig. 3).

**Regarding dependent claim 3**, Moody teaches *the method of claim 2, wherein*

*the action comprises one or more of:*

*a showing of, sharing of, copying of, request of comment for, and a request of*

*approval for the document portion with respect to the receiving entity*;

*wherein the document portion includes one or more of:  a paragraph, a section,*

*and a specific text location*; because Moody teaches processing the tags to show

differences between edited copies of documents (col. 6, l. 15-55), and to accept edits

and consolidate into a final document (col. 7, l. 1-20).

Moody teaches *wherein the receiving entity is identified by at least one of: one or*

*more user identifiers, one or more group identifiers, one or more email addresses, one*

*or more network addresses, and one or more pathnames*; because Moody teaches

Application/Control Number: 11/803,920                                         Page 5
Art Unit: 2176

sending copies of the edited document to multiple editors for comments via the internet, or email (col. 4, l. 7-51; Fig. 2A-2B).

      **Regarding dependent claim 4**, Moody teaches *wherein providing the tool for the owner of the document to add the tag comprises allowing the user to insert the tag inline within the document*; because Moody teaches that the tags are used for document comparison, to highlight edits and portions of text, and to show editing changes (Fig. 3). Moody teaches appending numbers to paragraph tags and marking the paragraphs both internally and externally (col. 6, l. 15-32).

      **Regarding dependent claim 5**, Moody suggests the method of claim 4, *wherein allowing the user to insert the tag in the document comprises: providing the user with a visual representation of a collection of tags*; and allowing the user to select one or more tags from the collection of tags; because Moody teaches that the tags are used for document comparison, to highlight edits and portions of text, and to show editing changes (Fig. 3). Moody teaches appending numbers to paragraph tags and marking the paragraphs both internally and externally (col. 6, l. 15-32).

      Moody does not explicitly teach *providing the user with a visual representation of a collection of tags*; however, Bhogal teaches a method for viewing and editing a collaborative email document providing the user with a visual representation of a collection of tags because Bhogal teaches a toolbar showing tags for revisions marked by version number and tags to identify collaborators and administrators (par. 0059-0061; par. 0070-0073; par 0122-0723).

Application/Control Number: 11/803,920                                    Page 6
Art Unit: 2176

Both Moody and Bhogal are directed to collaborative editing of documents where the edits are marked using tags.  Further, Bhogal discloses that the permissions for editing and versions are marked using tags, i.e., identifiers; and it would have been obvious to one of ordinary skill in the art at the time of the invention to have combined the additional tags disclosed by Bhogal with the collaborative editing system disclosed by Moody, since Moody disclosed a collaborative document editing system and Bhogal disclosed that there was a need in the art for improvements in signing, viewing, and editing collaborative email documents (par. 0005), it would have been obvious to apply the features disclosed by Bhogal to Moody.

**Regarding dependent claim 6**, Moody teaches *the method of claim 1, wherein the operation includes sending the document portion to a second user; and wherein the method further comprises: receiving a second document or document portion in response to the operation performed; and modifying the first document based on the second document or document portion*; because Moody teaches sending copies of the edited document to multiple editors for comments via the internet, or email (col. 4, l. 7-51; Fig. 2A-2B), and consolidating the edits to the original document by accepting or rejecting editing changes (col. 4, l. 52-col. 5, l. 37).

**Regarding dependent claim 7**, Moody teaches the method of claim 1, further comprising receiving a user command which triggers the processing of the tag (col. 7, l. 1-11), because Moody teaches that the edits can be accepted either manually or automatically.

Application/Control Number: 11/803,920                                    Page 7
Art Unit: 2176

**Regarding dependent claim 8**, Moody teaches the method of claim 1, wherein the processing of the tag is performed at pre-determined times (col. 7, l. 1-11), because Moody teaches that the edits can be accepted either manually or automatically.

**Regarding dependent claim 9**, Moody teaches the method of claim 1, further comprising triggering the processing of the tag based on one or more events (col. 7, l. 1-11), because Moody teaches that the edits can be accepted manually by a user decision, i.e., an event.

**Regarding dependent claims 10 and 11**, Moody does not disclose

*wherein performing the action on the document portion comprises: encrypting a copy of the document portion; and sending the encrypted copy to the receiving entity*; and

*wherein performing the action on the document portion comprises: authenticating a copy of the document portion by signing the copy with a digital signature; and sending the authenticated copy to the receiving entity*; however, Bhogal teaches a method for viewing and editing a collaborative email document, encrypting the copy using a digital signature (par. 0142-0143) and an authority delegation system including a signer's private key to encrypt the document (par. 0097-0098).

Both Moody and Bhogal are directed to collaborative editing of documents where the edits are marked using tags.  Further, Bhogal discloses that the permissions for editing and versions are marked using tags, i.e., identifiers; and it would have been obvious to one of ordinary skill in the art at the time of the invention to have combined the additional tags disclosed by Bhogal with the collaborative editing system disclosed

Application/Control Number: 11/803,920                                    Page 8
Art Unit: 2176

by Moody, since Moody disclosed a collaborative document editing system and Bhogal disclosed that there was a need in the art for improvements in signing, viewing, and editing collaborative email documents (par. 0005), it would have been obvious to apply the features disclosed by Bhogal to Moody.

      **Regarding dependent claim 12**, Moody teaches *the method of claim 1, wherein at least a part of the tag is formulated in natural language or contains an abstract specification which is used to identify at least one portion of the document*; because Moody teaches assigning special tags to sentences and paragraphs of a document by editors who own special tags to show the edits in the document (col. 5, l. 48-col. 6, l. 55), and that the tags contain a specification of editor and location in the document, and a number and the editor's identifier.

      **Regarding independent claim 13 and dependent claims 14-24,** claims 13-24 are directed to the computer-readable storage medium storing instructions that when executed by a computer cause the computer to perform the methods claimed in claims 1-12, and are rejected along a similar rationale.

      **Regarding independent claim 25**, claim 25 is directed to the system for implementing the methods as claimed in independent claim 1, and is rejected along a similar rationale.

### *Response to Arguments*

      Applicant's arguments with respect to claims 1-25 have been considered but are moot in view of the new ground(s) of rejection.   The new grounds of rejection includes

Application/Control Number: 11/803,920                                             Page 9
Art Unit: 2176

the Bhogal publication, which is being relied upon to teach the newly claimed limitations

of independent claims 1, 13, and 25.

*Conclusion*

Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to AMELIA RUTLEDGE whose telephone number is

(571)272-7508.  The examiner can normally be reached on Monday - Friday 9:30 - 6:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Doug Hutton can be reached on 571-272-4137.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 11/803,920                                    Page 10
Art Unit: 2176

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Amelia  Rutledge/
Primary Examiner, Art Unit 2176

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 2225 | (715/255).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2010/08/25 19:46 |
| L2 | 2480 | document same (edit$3 or word near process$3) same tag | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| L3 | 747454 | (edit$3 or word near process $3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| L4 | 4744 | (collaborat$4 or shar$3) same document same L3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| L5 | 300 | L4 and L2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| L6 | 8223 | tag near (location or paragraph or section or sentence) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |

| L7 | 56 | L5 and L6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| L8 | 21708 | digital near signature and encrypt$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |
| L9 | 34 | L5 and L8 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/08/25 19:46 |

8/25/2010 7:47:32 PM
C:\ Documents and Settings\ arutledge\ My Documents\ EAST\ Workspaces\ 11803920. wsp

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | Examiner | Art Unit |
| | AMELIA RUTLEDGE | 2176 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 03/19/2010 | 08/25/2010 | | | | | | |
| | 1 | ✓ | ✓ | | | | | | |
| | 2 | ✓ | ✓ | | | | | | |
| | 3 | ✓ | ✓ | | | | | | |
| | 4 | ✓ | ✓ | | | | | | |
| | 5 | ✓ | ✓ | | | | | | |
| | 6 | ✓ | ✓ | | | | | | |
| | 7 | ✓ | ✓ | | | | | | |
| | 8 | ✓ | ✓ | | | | | | |
| | 9 | ✓ | ✓ | | | | | | |
| | 10 | ✓ | ✓ | | | | | | |
| | 11 | ✓ | ✓ | | | | | | |
| | 12 | ✓ | ✓ | | | | | | |
| | 13 | ✓ | ✓ | | | | | | |
| | 14 | ✓ | ✓ | | | | | | |
| | 15 | ✓ | ✓ | | | | | | |
| | 16 | ✓ | ✓ | | | | | | |
| | 17 | ✓ | ✓ | | | | | | |
| | 18 | ✓ | ✓ | | | | | | |
| | 19 | ✓ | ✓ | | | | | | |
| | 20 | ✓ | ✓ | | | | | | |
| | 21 | ✓ | ✓ | | | | | | |
| | 22 | ✓ | ✓ | | | | | | |
| | 23 | ✓ | ✓ | | | | | | |
| | 24 | ✓ | ✓ | | | | | | |
| | 25 | ✓ | ✓ | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA RUTLEDGE | 2176 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 715 | 255 | 3/19/2010 | AR |
| 715 | 255 | 8/25/2010 | AR |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) --See Search History Printout. | 3/19/2010 | AR |
| PALM Inventor Name Search | 3/19/2010 | AR |
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) --See Search History Printout. | 8/25/2010 | AR |

### INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

| | /A. R./ Primary Examiner.Art Unit 2176 |
|---|---|

Application Number   :  11/803,920             Confirmation Number: 7378
Applicant            :  Diana K. Smetters et al.
Filed                :  15 May 2007
T.C./A.U.            :  2176
Examiner             :  Rutledge, Amelia L.

Docket Number        :  PARC-20061126-US-NP
Customer No.         :  35699


Amendment after Non Final Rejection
Via Electronic Filing


<div align="center">

**AMENDMENT**

</div>

Sir:

      In response to the Office Action of **25 March 2010**, please amend the above-identified Application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

<div align="center">

1

</div>

## <u>AMENDMENTS TO THE CLAIMS</u>

This listing of claims will replace all prior versions, and listings, of claims in the application:

## <u>Listing of Claims:</u>

1        1.        (Currently Amended) A method for facilitating content
2    dissemination, the method comprising:
3            ~~allowing a user~~ providing a tool for an owner of a document to add a tag
4    to ~~a first~~ the document, wherein the tag indicates an ~~operation~~ action to be
5    performed on a portion of the document and a receiving entity corresponding to
6    the action;
7            processing the tag; and
8            performing the ~~operation~~ action with respect to the corresponding
9    receiving entity on the document portion based on the tag.


1        2.        (Currently Amended) The method of claim 1, wherein the tag also
2    indicates ~~specifies one or more of:~~
3            ~~an action;~~
4            the portion of the document~~; and~~
5            ~~a receiving entity corresponding to the action~~.


1        3.        (Currently Amended) The method of claim 2,
2            wherein the action comprises one or more of:
3                    a showing of, sharing of, copying of, request of comment
4            for, and a request of approval for the document portion with
5            respect to the receiving entity;

2

6        wherein the document portion ~~may include~~ includes one or more of: a

7    paragraph, a section, ~~and/or~~ and a specific text location; and

8        wherein the receiving entity ~~can be~~ is identified by at least one of:

9        one or more user identifiers,

10       one or more group identifiers,

11       one or more email addresses,

12       one or more network addresses, and

13       one or more pathnames.


1        4.      (Currently Amended) The method of claim 1, wherein ~~allowing the~~

2  ~~user~~ providing the tool for the owner of the document to add the tag comprises

3  allowing the user to insert the tag inline within the document.


1        5.      (Original) The method of claim 4, wherein allowing the user to

2  insert the tag in the document comprises:

3        providing the user with a visual representation of a collection of tags; and

4        allowing the user to select one or more tags from the collection of tags.


1        6.      (Original) The method of claim 1,

2        wherein the operation includes sending the document portion to a second

3  user; and

4        wherein the method further comprises:

5        receiving a second document or document portion in response to the

6  operation performed; and

7        modifying the first document based on the second document or document

8  portion.


1        7.      (Original) The method of claim 1, further comprising receiving a

2  user command which triggers the processing of the tag.

3

1       8.     (Original) The method of claim 1, wherein the processing of the

2    tag is performed at pre-determined times.

1       9.     (Original) The method of claim 1, further comprising triggering

2    the processing of the tag based on one or more events.

1       10.    (Currently Amended) The method of claim 1, wherein performing

2    the ~~operation~~ action on the document portion comprises:

3       encrypting a copy of the document portion; and

4       sending the encrypted copy to the receiving entity.

1       11.    (Currently Amended) The method of claim 1, wherein performing

2    the ~~operation~~ action on the document portion comprises:

3       authenticating a copy of the document portion by signing the copy with a

4    digital signature; and

5       sending the authenticated copy to the receiving entity.

1       12.    (Currently Amended) The method of claim 1, wherein at least a

2    part of the tag is formulated in natural language or contains an abstract

3    specification which ~~can be~~ is used to identify at least one portion of the ~~first~~

4    document.

1       13.    (Currently Amended) A non-transitory computer-readable storage

2    medium storing instructions that when executed by a computer cause the

3    computer to perform a method for facilitating content dissemination, the method

4    comprising:

5       ~~allowing a user~~ providing a tool for an owner of a document to add a tag

6    to ~~a first~~ the document, wherein the tag indicates an ~~operation~~ action to be

7  performed on a portion of the document and a receiving entity corresponding to

8  the action;

9        processing the tag; and

10        performing the ~~operation~~ action with respect to the corresponding

11  receiving entity on the document portion based on the tag.

1        14.    (Currently Amended) The storage medium of claim 13, wherein

2  the tag also indicates ~~specifies one or more of:~~

3        ~~an action;~~

4        -the portion of the document~~; and~~

5        ~~a receiving entity corresponding to the action~~.

1        15.    (Currently Amended) The storage medium of claim 14,

2        wherein the action comprises one or more of:

3              a showing of, sharing of, copying of, request of comment

4        for, and a request of approval for the document portion with

5        respect to the receiving entity;

6        wherein the document portion ~~may include~~ includes one or more of: a

7  paragraph, a section, ~~and/or~~ and a specific text location; and

8        wherein the receiving entity ~~can be~~ is identified by at least one of:

9        one or more user identifiers,

10        one or more group identifiers,

11        one or more email addresses,

12        one or more network addresses, and

13        one or more pathnames.

1        16.    (Currently Amended) The storage medium of claim 13, wherein

2  ~~allowing the user~~ providing the tool for the owner of the document to add the tag

3  comprises allowing the user to insert the tag inline within the document.

5

1       17.    (Original) The storage medium of claim 16, wherein allowing the

2    user to insert the tag in the document comprises:

3        providing the user with a visual representation of a collection of tags; and

4        allowing the user to select one or more tags from the collection of tags.


1       18.    (Original) The storage medium of claim 13,

2        wherein the operation includes sending the document portion to a second

3    user; and

4        wherein the method further comprises:

5        receiving a second document or document portion in response to the

6    operation performed; and

7        modifying the first document based on the second document or document

8    portion.


1       19.    (Original) The storage medium of claim 13, further comprising

2    receiving a user command which triggers the processing of the tag.


1       20.    (Original) The storage medium of claim 13, wherein the

2    processing of the tag is performed at pre-determined times.


1       21.    (Original) The storage medium of claim 13, further comprising

2    triggering the processing of the tag based on one or more events.


1       22.    (Currently Amended) The storage medium of claim 13, wherein

2    performing the ~~operation~~ action on the document portion comprises:

3        encrypting a copy of the document portion; and

4        sending the encrypted copy to the receiving entity.

6

1      23.    (Currently Amended) The storage medium of claim 13, wherein

2  performing the ~~operation~~ action on the document portion comprises:

3      authenticating a copy of the document portion by signing the copy with a

4  digital signature; and

5      sending the authenticated copy to the receiving entity.

1      24.    (Currently Amended) The storage medium of claim 13, wherein at

2  least a part of the tag is formulated in natural language or contains an abstract

3  specification which ~~can be~~ is used to identify at least one portion of the ~~first~~

4  document.

1      25.    (Currently Amended) A computer system that facilitates content

2  dissemination, the computer system comprising:

3      a processor;

4      a memory;

5      a tagging mechanism ~~to allow a user~~ configured to provide a tool for an

6  owner of a document to add a tag to a first document, wherein the tag indicates an

7  ~~operation~~ action to be performed on a portion of the document and a receiving

8  entity corresponding to the action; and

9      a tag processing mechanism to process the tag and perform the ~~operation~~

10  action with respect to the corresponding receiving entity on the document portion

11  based on the tag.

## **REMARKS**

In the Official Action mailed on **25 March 2010** (hereinafter "Office Action"), Examiner reviewed claims 1-25.  Examiner rejected claims 1-4, 6-8, 10, 12-16, 18-20, 22 and 24-25 under 35 U.S.C. § 102(b) based on Moody et al. (U.S. Patent No. 5,890,177, hereinafter "Moody").  Examiner rejected claims 5, 9, 11, 17 and 21-23.  Examiner rejected claims 5, 9, 11, 17, 21 and 23 under 35 U.S.C. § 103(a) based on Moody, in view of Bhogal et al. (U.S. Pub. No. 2005/0033813, hereinafter "Bhogal").

## **Examiner Interview**

Applicant thanks Examiner for the telephone interview conducted on 21 April 2010.  Applicant proposed amendments to the claims and argued that the cited reference Moody does not disclose a tag that **indicates an action** to be performed on a portion of the document, and **indicates a receiving entity** corresponding to the action.  Examiner agrees that the proposed amendments overcome the cited reference.  Accordingly, Applicant has incorporated the proposed amendments into this response.

## **Rejections under 35 U.S.C. § 102**

Examiner rejected claims 1-4, 6-8, 10, 12-16, 18-20, 22 and 24-25 under 35 U.S.C. § 102(b) based on Moody.  Applicant respectfully disagrees with Examiner's rejection.  Moody does not disclose a tag that **indicates an action** to be performed on a portion of the document, and **indicates a receiving entity** corresponding to the action.

Specifically, embodiments of the present invention provide a system that facilitates content dissemination.  During operation, the system allows an owner of a document to add a tag to the document, such that the tag indicates an action

8

to be performed on a portion of the document, and indicates a receiving entity corresponding to the action (see instant application at pars. [0038] and [0042]). The system then processes the tag, and performs the action with respect to the receiving entity on the document portion based on the tag (see instant application at par. [0082]).

In the Office Action, Examiner rejected the independent claims and claim 2, averring that Moody discloses the above limitations, citing to col. 5 at line 48 – col. 6 at line 55, and FIG. 3 of Moody (see Office Action at pages 3 – 4). However, Applicant respectfully notes that the cited sections of Moody merely disclose:

> When reviewing the changes, the duplicated paragraphs allow the author to see the edits in the different versions of the edited paragraphs in context.  Each paragraph has a special tag at the beginning of the paragraph with the editor's initials and a number indicating a paragraph set to which the paragraph belongs (see Moody at col. 5, lines 54 – 59).

Thus, Moody merely discloses that a tag indicates an author and paragraph for an edit **that has already been applied** to a document.  Moreover, Applicant respectfully points out that Moody is merely concerned with a system that **retrieves and compares edited copies** of a document, and creates a single marked-up document that displays the edited sections (see Moody, abstract).  However, Applicant finds no disclosure in Moody that discloses a tag which indicates an action to be performed on a portion of the document, and indicates a receiving entity corresponding to the action.

Accordingly, Applicant has amended claims 1, 13, and 25 to clarify that a tag that indicates an action to be performed on a portion of the document, and indicates a receiving entity corresponding to the action.  These amendments find support in paragraphs [0038] and [0042] of the instant application.  Also, Applicant has amended claims 2-4, 10-12, 14-16, and 22-24 to improve claim language consistency.  No new matter has been added.

9

Hence, Applicant respectfully submits that independent claims 1, 13, and 25 as presently amended are in condition for allowance.  Applicant also submits that claims 2-12, which depend upon claim 1, and claims 14-24, which depend upon claim 13, are for the same reasons in condition for allowance and for reasons of the unique combinations recited in such claims.

# **CONCLUSION**

It is submitted that the application is presently in form for allowance. Such action is respectfully requested.

Respectfully submitted,

By    _/Ying Wang/_____
Ying Wang
Registration No. 63,786

By    _/Shun Yao/_____
Shun Yao
Registration No. 59,242

Date:  17 June 2010

Ying Wang
Park, Vaughan & Fleming LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel: (530) 204-4051
Fax: (530) 759-1665
Email: annie@parklegal.com

Shun Yao
Park, Vaughan & Fleming LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel: (530) 759-1667
Fax: (530) 759-1665
Email: shun@parklegal.com

JXC Amendment A PARC-20061126 (non-final OAR).doc

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7838749 |
| **Application Number:** | 11803920 |
| **International Application Number:** | |
| **Confirmation Number:** | 7378 |
| **Title of Invention:** | Method and system for in-document markup in support of information sharing |
| **First Named Inventor/Applicant Name:** | Diana K. Smetters |
| **Customer Number:** | 35699 |
| **Filer:** | A.Richard Park |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | PARC-20061126-US-NP |
| **Receipt Date:** | 17-JUN-2010 |
| **Filing Date:** | 15-MAY-2007 |
| **Time Stamp:** | 17:46:01 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | Authorization-deposit-account-PARC.pdf | 20985 90f5af86d62912a40a7fb3f7a5f88a68a16dc327 | no | 1 |

**Warnings:**

**Information:**

| 2 | PARC-20081126_Amendment_A.pdf | 95179<br>e61cb59b30bf4ff60239684c628affbb8c430479 | yes | 11 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 11 |

| **Warnings:** |
|---|
| **Information:** |

| **Total Files Size (in bytes):** | 116164 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# **AUTHORIZATION TO DEDUCT ANY UNDERPAYMENTS OR CREDIT ANY OVERPAYMENTS TO DEPOSIT ACCOUNT 24-0037**

Please deduct any <u>underpayments,</u> credit any <u>overpayments,</u> and charge all required <u>extension of time fees</u> associated with attached filing to Deposit Account Number 24-0037.

Park, Vaughan & Fleming LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel:  (530) 759-1661
Fax: (530) 759-1665
Email: <u>richard@parklegal.com</u>

Respectfully submitted,

By       *A. Richard Park*

A. Richard Park
Registration No. 41,241

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>11/803,920 | Filing Date<br>05/15/2007 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) | SMALL ENTITY ☐ OR | | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

### APPLICATION AS AMENDED – PART II

|  |  | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 06/17/2010 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 25 | Minus | ** 25 | = 0 | X $ = | | OR | X $52= | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | X $ = | | | X $220= | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | 0 |

|  |  | (Column 1) | (Column 2) | (Column 3) |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/FELICIA FARMER/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

35699        7590        04/26/2010
PVF -- PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| EXAMINER |
|---|
| RUTLEDGE, AMELIA L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2176 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/26/2010 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

uspto-incoming@parklegal.com

PTOL-90A (Rev. 04/07)

| **Interview Summary** | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/803,920 | SMETTERS ET AL. | |
| | Examiner | Art Unit | |
| | AMELIA RUTLEDGE | 2176 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Amelia Rutledge - USPTO_.          (3)_Ying Wang - applicant's representative_.

(2) _Jorge Campos - applicant's representative_.          (4)_____.

Date of Interview: _21 April 2010_.

Type:   a)☒ Telephonic   b)☐ Video Conference
        c)☐ Personal [copy given to:  1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
        If Yes, brief description: _____.

Claim(s) discussed: _1_.

Identification of prior art discussed: _Moody_.

Agreement with respect to the claims f)☐ was reached.   g)☒ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Discussed the features of applicant's invention and applicant's proposed amendments. The proposed amendments to independent claim 1, "providing a tool for an owner of a document to add a tag to the document, wherein the tag indicates an action to be performed on a portion of the document an a receiving entity corresponding to the action;..." would overcome Moody and require a new search, because the tag disclosed in Moody indicates an owner and a paragraph or document section, but does not indicate an action to be performed._

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

| /Amelia Rutledge/ | |
|---|---|
| Primary Examiner, Art Unit 2176 | |

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication.  If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP | 7378 |

35699        7590        03/25/2010
PVF -- PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| EXAMINER |
|---|
| RUTLEDGE, AMELIA L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2176 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/25/2010 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

uspto-incoming@parklegal.com

PTOL-90A (Rev. 04/07)

<table>
<tr><td rowspan="2"><strong><em>Office Action Summary</em></strong></td><td><strong>Application No.</strong><br>11/803,920</td><td><strong>Applicant(s)</strong><br>SMETTERS ET AL.</td></tr>
<tr><td><strong>Examiner</strong><br>AMELIA RUTLEDGE</td><td><strong>Art Unit</strong><br>2176</td></tr>
</table>

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>15 May 2007</u>.
2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-25</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1-25</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☒ The drawing(s) filed on <u>15 May 2007</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All   b)☐ Some * c)☐ None of:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date <u>07/02/2007</u>.
4)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

Application/Control Number: 11/803,920                                    Page 2
Art Unit: 2176

## DETAILED ACTION

1.      This action is responsive to the following communications:  original application,

filed 05/15/2007; Information Disclosure Statement, filed 07/02/2007.

2.      Claims 1-25 are pending.  Claims 1, 13, and 25 are independent claims.


### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

**Claims 1-4, 6-8, 10, 12-16, 18-20, 22, 24, and 25 are rejected under 35**

**U.S.C. 102(b) as being anticipated by Moody et al. ("Moody"), U.S. Patent No.**

**5,890,177, issued March 1999, or, in the alternative, under 35 U.S.C. 103(a) as**

**obvious over Moody.**

**Regarding independent claim 1**, Moody teaches *a method for facilitating*

*content dissemination, the method comprising: allowing a user to add a tag to a first*

*document, wherein the tag indicates an operation to be performed on a portion of the*

Application/Control Number: 11/803,920                                      Page 3
Art Unit: 2176

*document*; because Moody teaches a method of collaboratively editing a document by

multiple editors (Col. 2, l. 25-52)  Moody teaches assigning special tags to sentences

and paragraphs of a document by editors who own special tags to show the edits in the

document (col. 5, l. 48-col. 6, l. 55).  The tags are used for document comparison, to

highlight edits and portions of text, and to show editing changes (Fig. 3).

Moody teaches *processing the tag; and performing the operation on the*

*document portion based on the tag*; because Moody teaches processing the tags to

show differences between edited copies of documents (col. 6, l. 15-55), and to accept

edits and consolidate into a final document (col. 7, l. 1-20).


Even if Moody did not disclose *processing the tag; and performing the operation*

*on the document portion based on the tag*; it would have been obvious to one of

ordinary skill in the art at the time of the invention to perform the steps of processing the

tag; and performing the operation on the document portion based on the tag, because

Moody discloses that editing differences are marked and visibly indicated in the

paragraph, and that special tags can mark revision insertions and deletions (col. 5, l. 38-

col. 6, l. 32), and Moody also discloses accepting editing changes (col. 7, l. 1-11),

therefore because the tags were used to mark editing changes which were accepted in

a subsequent step, it would have been obvious to make the editing changes on the

document portions based on the tag, since the tags were used to mark the types of

edits made by multiple editors.

Application/Control Number: 11/803,920                                          Page 4
Art Unit: 2176

    **Regarding dependent claim 2**, Moody teaches *the method of claim 1, wherein the tag specifies one or more of: an action; the portion of the document; and a receiving entity corresponding to the action*; because Moody teaches assigning special tags to sentences and paragraphs of a document by editors who own special tags to show the edits in the document (col. 5, l. 48-col. 6, l. 55).  The tags are used for document comparison, to highlight edits and portions of text, and to show editing changes (Fig. 3).

    **Regarding dependent claim 3**, Moody teaches *the method of claim 2, wherein the action comprises one or more of:*

    *a showing of, sharing of, copying of, request of comment for, and a request of approval for the document portion with respect to the receiving entity*;

    *wherein the document portion may include a paragraph, a section, and/or a specific text location*; because Moody teaches processing the tags to show differences between edited copies of documents (col. 6, l. 15-55), and to accept edits and consolidate into a final document (col. 7, l. 1-20).

    Moody teaches *wherein the receiving entity can be identified by at least one of: one or more user identifiers, one or more group identifiers, one or more email addresses, one or more network addresses, and one or more pathnames*; because Moody teaches sending copies of the edited document to multiple editors for comments via the internet, or email (col. 4, l. 7-51; Fig. 2A-2B).

    **Regarding dependent claim 4**, Moody teaches *wherein allowing the user to add the tag comprises allowing the user to insert the tag inline within the document*; because Moody teaches that the tags are used for document comparison, to highlight edits and

Application/Control Number: 11/803,920                                          Page 5
Art Unit: 2176

portions of text, and to show editing changes (Fig. 3).  Moody teaches appending

numbers to paragraph tags and marking the paragraphs both internally and externally

(col. 6, l. 15-32).

      **Regarding dependent claim 6**, Moody teaches *the method of claim 1, wherein*

*the operation includes sending the document portion to a second user; and wherein the*

*method further comprises: receiving a second document or document portion in*

*response to the operation performed; and modifying the first document based on the*

*second document or document portion*; because Moody teaches sending copies of the

edited document to multiple editors for comments via the internet, or email (col. 4, l. 7-

51; Fig. 2A-2B), and consolidating the edits to the original document by accepting or

rejecting editing changes (col. 4, l. 52-col. 5, l. 37).

      **Regarding dependent claim 7**, Moody teaches the method of claim 1, further

comprising receiving a user command which triggers the processing of the tag (col. 7, l.

1-11), because Moody teaches that the edits can be accepted either manually or

automatically.

      **Regarding dependent claim 8**, Moody teaches the method of claim 1, wherein

the processing of the tag is performed at pre-determined times (col. 7, l. 1-11), because

Moody teaches that the edits can be accepted either manually or automatically.

      **Regarding dependent claim 9**, Moody teaches the method of claim 1, further

comprising triggering the processing of the tag based on one or more events (col. 7, l.

1-11), because Moody teaches that the edits can be accepted manually by a user

decision, i.e., an event.

Application/Control Number: 11/803,920                                    Page 6
Art Unit: 2176

    **Regarding dependent claim 9**, Moody teaches *the method of claim 1, wherein*
*at least a part of the tag is formulated in natural language or contains an abstract*
*specification which can be used to identify at least one portion of the first document*;
because Moody teaches assigning special tags to sentences and paragraphs of a
document by editors who own special tags to show the edits in the document (col. 5, l.
48-col. 6, l. 55), and that the tags contain a specification of editor and location in the
document, and a number and the editor's identifier.

    **Regarding independent claim 13 and dependent claims 14-16, 18-20, 22,**
**and 24,** claims 14-16, 18-20, 22, and 24 are directed to the computer-readable storage
medium storing instructions that when executed by a computer cause the computer to
perform the methods claimed in claims 1-4, 6-8, 10, and 12, and are rejected along a
similar rationale.

    **Regarding independent claim 25**, claim 25 is directed to the system for
implementing the methods as claimed in independent claim 1, and is rejected along a
similar rationale.

Application/Control Number: 11/803,920                                              Page 7
Art Unit: 2176

      **Claims 5, 9, 11, 17, 21, and 23 are rejected under 35 U.S.C. 103(a) as being unpatentable over Moody as applied to claims 1-4, 6-8, 10, 12-16, 18-20, 22, 24, and 25 above, and further in view of Bhogal et al. ("Bhogal"), U.S. Pub. No. 2005/0033813 A1, published February 2005.**

      **Regarding dependent claim 5**, Moody suggests the method of claim 4, *wherein allowing the user to insert the tag in the document comprises: providing the user with a visual representation of a collection of tags*; and allowing the user to select one or more tags from the collection of tags; because Moody teaches that the tags are used for document comparison, to highlight edits and portions of text, and to show editing changes (Fig. 3).  Moody teaches appending numbers to paragraph tags and marking the paragraphs both internally and externally (col. 6, l. 15-32).

      Moody does not explicitly teach *providing the user with a visual representation of a collection of tags*; however, Bhogal teaches a method for viewing and editing a collaborative email document providing the user with a visual representation of a collection of tags because Bhogal teaches a toolbar showing tags for revisions marked by version number and tags to identify collaborators and administrators (par. 0059-0061; par. 0070-0073; par 0122-0723).

      Both Moody and Bhogal are directed to collaborative editing of documents where the edits are marked using tags.  Further, Bhogal discloses that the permissions for editing and versions are marked using tags, i.e., identifiers; and it would have been obvious to one of ordinary skill in the art at the time of the invention to have combined the additional tags disclosed by Bhogal with the collaborative editing system disclosed

Application/Control Number: 11/803,920                                      Page 8
Art Unit: 2176

by Moody, since Moody disclosed a collaborative document editing system and Bhogal

disclosed that there was a need in the art for improvements in signing, viewing, and

editing collaborative email documents (par. 0005), it would have been obvious to apply

the features disclosed by Bhogal to Moody.

      **Regarding dependent claim 9**, Moody does not disclose *the method of claim 1,*

*wherein performing the operation on the document portion comprises: encrypting a copy*

*of the document portion; and sending the encrypted copy to the receiving entity*;

however, Bhogal teaches a method for viewing and editing a collaborative email

document, encrypting the copy using a digital signature (par. 0142-0143) and an

authority delegation system including a signer's private key to encrypt the document

(par. 0097-0098).

      Both Moody and Bhogal are directed to collaborative editing of documents where

the edits are marked using tags.  Further, Bhogal discloses that the permissions for

editing and versions are marked using tags, i.e., identifiers; and it would have been

obvious to one of ordinary skill in the art at the time of the invention to have combined

the additional tags disclosed by Bhogal with the collaborative editing system disclosed

by Moody, since Moody disclosed a collaborative document editing system and Bhogal

disclosed that there was a need in the art for improvements in signing, viewing, and

editing collaborative email documents (par. 0005), it would have been obvious to apply

the features disclosed by Bhogal to Moody.

      **Regarding dependent claim 11**, Moody does not disclose *the method of claim*

*1, wherein performing the operation on the document portion comprises: authenticating*

Application/Control Number: 11/803,920                                    Page 9
Art Unit: 2176

*a copy of the document portion by signing the copy with a digital signature; and sending the authenticated copy to the receiving entity*; however, Bhogal teaches a method for viewing and editing a collaborative email document, encrypting the copy using a digital signature (par. 0142-0143) and an authority delegation system including a signer's private key to encrypt the document (par. 0097-0098).

Both Moody and Bhogal are directed to collaborative editing of documents where the edits are marked using tags.  Further, Bhogal discloses that the permissions for editing and versions are marked using tags, i.e., identifiers; and it would have been obvious to one of ordinary skill in the art at the time of the invention to have combined the additional tags disclosed by Bhogal with the collaborative editing system disclosed by Moody, since Moody disclosed a collaborative document editing system and Bhogal disclosed that there was a need in the art for improvements in signing, viewing, and editing collaborative email documents (par. 0005), it would have been obvious to apply the features disclosed by Bhogal to Moody.

**Regarding dependent claims 17, 21, and 23**, claims 17, 21, and 23 are directed to the computer-readable storage medium storing instructions that when executed by a computer cause the computer to perform the methods claimed in dependent claims 5, 9, and 11, and are rejected along a similar rationale.

Application/Control Number: 11/803,920                                              Page 10
Art Unit: 2176

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

| **Madduri** | **U.S. Patent No. 6,567,830 B1** | **issued** | **May 2003** |
|---|---|---|---|
| **Madduri** | **U.S. Patent No. 6,551,351 B1** | **issued** | **April 2003** |
| **Kano** | **U.S. Pub. No. 2007/0258100 A1** | **published** | **November 2007** |
| **Napoleon** | **U.S. Pub. No. 2005/0188322 A1** | **published** | **August 2005** |

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to AMELIA RUTLEDGE whose telephone number is

(571)272-7508.  The examiner can normally be reached on Monday - Friday 9:30 - 6:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Doug Hutton can be reached on 571-272-4137.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

Application/Control Number: 11/803,920                                    Page 11
Art Unit: 2176

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Amelia  Rutledge/
Primary Examiner, Art Unit 2176

| *Notice of References Cited* | Application/Control No.<br>11/803,920 | Applicant(s)/Patent Under Reexamination<br>SMETTERS ET AL. | |
|---|---|---|---|
| | Examiner<br>AMELIA RUTLEDGE | Art Unit<br>2176 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-5,890,177 | 03-1999 | Moody et al. | 715/210 |
| * | B | US-2005/0033813 | 02-2005 | Bhogal et al. | 709/206 |
| * | C | US-6,537,830 | 03-2003 | Arita et al. | 438/3 |
| * | D | US-6,551,351 | 04-2003 | Smith et al. | 623/1.16 |
| * | E | US-2007/0258100 | 11-2007 | Kano, Toshinobu | 358/001.5 |
| * | F | US-2005/0188322 | 08-2005 | Napoleon, Suzanne | 715/760 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Index of Claims*** | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA RUTLEDGE | 2176 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 03/19/2010 | | | | | | | | |
| | 1 | ✓ | | | | | | | | |
| | 2 | ✓ | | | | | | | | |
| | 3 | ✓ | | | | | | | | |
| | 4 | ✓ | | | | | | | | |
| | 5 | ✓ | | | | | | | | |
| | 6 | ✓ | | | | | | | | |
| | 7 | ✓ | | | | | | | | |
| | 8 | ✓ | | | | | | | | |
| | 9 | ✓ | | | | | | | | |
| | 10 | ✓ | | | | | | | | |
| | 11 | ✓ | | | | | | | | |
| | 12 | ✓ | | | | | | | | |
| | 13 | ✓ | | | | | | | | |
| | 14 | ✓ | | | | | | | | |
| | 15 | ✓ | | | | | | | | |
| | 16 | ✓ | | | | | | | | |
| | 17 | ✓ | | | | | | | | |
| | 18 | ✓ | | | | | | | | |
| | 19 | ✓ | | | | | | | | |
| | 20 | ✓ | | | | | | | | |
| | 21 | ✓ | | | | | | | | |
| | 22 | ✓ | | | | | | | | |
| | 23 | ✓ | | | | | | | | |
| | 24 | ✓ | | | | | | | | |
| | 25 | ✓ | | | | | | | | |

U.S. Patent and Trademark Office

Part of Paper No. : 20100319

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11803920 | SMETTERS ET AL. |
| | **Examiner** | **Art Unit** |
| | AMELIA RUTLEDGE | 2176 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 715 | 255 | 3/19/2010 | AR |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST(US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) --See Search History Printout. | 3/19/2010 | AR |
| PALM Inventor Name Search | 3/19/2010 | AR |

## INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

| | /A. R./<br>Primary Examiner.Art Unit 2176 |
|---|---|



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 7378**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | 715 | 2176 | PARC-20061126-US-NP |
| | **RULE** | | | |

**APPLICANTS**
  Diana K. Smetters, Belmont, CA;
  Elizabeth F. Churchill, San Francisco, CA;
  Lester D. Nelson, Santa Clara, CA;

** CONTINUING DATA *************************

** FOREIGN APPLICATIONS *************************

** IF REQUIRED, FOREIGN FILING LICENSE GRANTED **
  06/14/2007

| Foreign Priority claimed | ☐ Yes ☑ No | | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met | ☐ Yes ☑ No | ☐ Met after Allowance | | CA | 6 | 25 | 3 |
| Verified and Acknowledged | /AMELIA L RUTLEDGE/ Examiner's Signature | Initials | | | | | |

**ADDRESS**
  PVF -- PARC
  c/o PARK, VAUGHAN & FLEMING LLP
  2820 FIFTH STREET
  DAVIS, CA 95618-7759
  UNITED STATES

**TITLE**
  Method and system for in-document markup in support of information sharing

| FILING FEE RECEIVED 1380 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

# EAST Search History

## EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 16 | US-6240429-$.DID. OR US-6253217-$.DID. OR US-6266670-$.DID. OR US-6266682-$.DID. OR US-6269380-$.DID. OR US-6308179-$.DID. OR US-6324551-$.DID. OR US-6330573-$.DID. OR US-6370538-$.DID. OR US-6370533-$.DID. OR US-6397231-$.DID. OR US-6430575-$.DID. OR US-6535884-$.DID. OR US-6562076-$.DID. OR US-6647391-$.DID. OR US-20030237051-$.DID. | US-PGPUB; USPAT; USOCR | OR | ON | 2010/03/19 18:36 |
| L2 | 2101 | (715/255).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2010/03/19 18:36 |
| L3 | 57616 | document same (edit$3 or word near process$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:56 |
| L4 | 2337 | document same (edit$3 or word near process$3) same tag | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:57 |
| L5 | 33009 | (collaborat$4 or shar$3) same document | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| L6 | 693 | L4 and L5 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |

| L7 | 716067 | (edit$3 or word near process$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| L8 | 4442 | (collaborat$4 or shar$3) same document same L7 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| L9 | 276 | L8 and L4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 18:58 |
| L10 | 7712 | tag near (location or paragraph or section or sentence) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:00 |
| L11 | 50 | L9 and L10 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:00 |
| L12 | 5 | (US-20050188322-$ or US-20070258100-$).did. or (US-5890177-$ or US-6551357-$ or US-6567830-$).did. | US-PGPUB; USPAT | OR | ON | 2010/03/19 19:50 |
| L13 | 20324 | digital near signature and encrypt$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:51 |
| L14 | 0 | L12 and L13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:51 |
| L15 | 33 | L9 and L13 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2010/03/19 19:51 |

| L16 | 2 | ("20050033813").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2010/03/19 19:55 |

**3/ 19/ 2010 8:23:20 PM**
**C:\ Documents and Settings\ arutledge\ My Documents\ EAST\ Workspaces\ 11803920.wsp**

Case 2:20-cv-10754-AB-MRW    Document 47-13    Filed 02/26/21    Page 171 of 232    Page ID #:1518

Receipt date: 07/02/2007                                                        11803920 - GAU: 2176



| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | | ATTY. DOCKET NO.<br>PARC-20061126-US-NP | APPLICATION NO.<br>11/803,920 |
|---|---|---|---|
| | | APPLICANT<br>Diana K. Smetters, et al. | |
| | | FILING DATE<br>15 May 2007 | GROUP ART UNIT<br>2176 |

| U.S. PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
| | 6,240,429 | 29 May 2001 | Thornton et al. | 707 | 500 | 31 August 1998 |
| | 6,253,217 | 26 June 2001 | Dourish et al. | 707 | 500 | 31 August 1998 |
| | 6,266,670 | 24 July 2001 | LaMarca et al. | 707 | 100 | 31 August 1998 |
| | 6,266,682 | 24 July 2001 | LaMarca et al. | 707 | 501 | 31 August 1998 |
| | 6,269,380 | 31 July 2001 | Terry et al. | 707 | 200 | 31 August 1998 |
| | 6,308,179 | 23 October 2001 | Petersen et al. | 707 | 102 | 31 August 1998 |
| | 6,324,551 | 27 November 2001 | Lamping et al. | 707 | 500 | 31 August 1998 |
| | 6,330,573 | 11 December 2001 | Salisbury et al. | 707 | 511 | 31 August 1998 |
| | 6,370,538 | 9 April 2002 | Lamping et al. | 707 | 102 | 22 November 1999 |
| | 6,370,533 | 9 April 2002 | Edwards et al. | 707 | 514 | 31 August 1998 |
| | 6,397,231 | 28 May 2002 | Salisbury et al. | 707 | 515 | 31 August 1998 |
| | 6,430,575 | 6 August 2002 | Dourish et al. | 707 | 200 | 10 September 1999 |
| | 6,535,884 | 18 March 2003 | Thornton et al. | 707 | 100 | 11 July 2000 |

Attorney Docket No. PARC-20061126-US-NP

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R./

Receipt date: 07/02/2007

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | | ATTY. DOCKET NO.<br>PARC-20061126-US-NP | APPLICATION NO.<br>11/803,920 |
|---|---|---|---|
| | | APPLICANT<br>Diana K. Smetters, et al. | |
| | | FILING DATE<br>15 May 2007 | GROUP ART UNIT<br>2176 |

| U.S. PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
| | 6,562,076 | 13 May 2003 | Edwards et al. | 715 | 515 | 31 August 1998 |
| | 6,647,391 | 11 November 2003 | Smith et al. | 707 | 100 | 11 July 2000 |
| | US 2003/0237051 | 25 December 2003 | LaMarca et al. | 715 | 513 | 14 May 2003 |

| FOREIGN PATENT DOCUMENTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation | |
| | | | | | | Yes | No |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.) |
|---|
| |
| |
| |
| |

| EXAMINER | /Amelia Rutledge/ | DATE CONSIDERED<br>03/19/2010 |
|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /A.R./



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP |

**CONFIRMATION NO. 7378**

35699
PVF -- PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

**PUBLICATION NOTICE**


*OC000000033209852*

**Title:** Method and system for in-document markup in support of information sharing

**Publication No.** US-2008-0288862-A1
**Publication Date:** 11/20/2008

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Office of Public Records. The Office of Public Records can be reached by telephone at (703) 308-9726 or (800) 972-6382, by facsimile at (703) 305-8759, by mail addressed to the United States Patent and Trademark Office, Office of Public Records, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently http://pair.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO |
|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | 2176 | 1380 | PARC-20061126-US-NP |

CONFIRMATION NO. 7378

35699
PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA95618-7759

**UPDATED FILING RECEIPT**

Date Mailed: 07/16/2007

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please write to the Office of Initial Patent Examination's Filing Receipt Corrections. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**

Diana K. Smetters, Belmont, CA;
Elizabeth F. Churchill, San Francisco, CA;
Lester D. Nelson, Santa Clara, CA;

**Power of Attorney:** The patent practitioners associated with Customer Number 35699

**Domestic Priority data as claimed by applicant**

**Foreign Applications**

**If Required, Foreign Filing License Granted:** 06/14/2007

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US11/803,920**

**Projected Publication Date:** 11/20/2008

**Non-Publication Request:** No

**Early Publication Request:** No

**Title**

Method and system for in-document markup in support of information sharing

**Preliminary Class**

715

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

---

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to

espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

**CERTIFICATE OF MAILING**
I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, Alexandria, VA 22313-1450, on  28 June 2007

Katja M. Thomas
(Typed or Printed Name of Person Mailing Paper or Fee)

(Signature of Person Mailing Paper or Fee)

Attorney Docket No.: PARC-20061126-US-NP

**INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. 1.97**

| | |
|---|---|
| **Inventor:** | Diana K. Smetters, et al. |
| **Title:** | METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING |
| **Filing Date:** | 15 May 2007 |
| **Serial Number:** | 11/803,920 |
| **Group Art Unit:** | 2176 |
| **Examiner:** | To Be Assigned |

Listed below or on an attached Form PTO-1449 is information known to applicant(s) and submitted pursuant to 37 C.F.R. §1.56. A copy of each listed publication and foreign patent, except for pending U.S. Patents and published U.S. Applications, is being submitted herewith, along with a concise explanation of information in a foreign language, if any, pursuant to 37 C.F.R. §1.97-1.98.

Applicants respectfully request that the listed information be considered by the Examiner and be made of record in the above-identified application. If form PTO-1449 is enclosed, the Examiner is requested to initial and return it in accordance with MPEP §609.

This statement is not intended to represent that a search has been made or that the information cited in the statement is, or is considered to be, material to patentability as defined in §1.56.

**X**     This statement qualifies under *37 C.F.R. §1.97*, subsection (b) because (check all that apply):

     **X**   (1)   It is being filed within 3 months of the application filing date.
                  -- OR --

     __   (2)   It is being filed within 3 months of entry of a national stage.
                  -- OR --

     __   (3)   It is being filed before the mail date of the first Office Action on the merits.

     __   (4)   It is being filed before the mail date of a first Office action after the filing of a request for continued examination under 37 C.F.R. §1.114.

1

___   ___   *37 C.F.R. §1.97(c)*. If this statement is being filed after the latest of: (1) three months beyond the filing date of a national application; (2) three months beyond the date of entry of the national stage as set forth in §1.491 in an international application; or (3) the mailing date of a first Office action on the merits, but before the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, then:

    ___   a certification as specified in §1.97(e) is provided below; **or**

    ___   a fee of $180.00 as set forth in §1.17(p) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

___   *37 C.F.R. §1.97(d)*. If this statement is being filed after the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, but before payment of the issue fee, then:

    A.   a certification as specified in §1.97(e) is completed below; **and**

    B.   a fee of $180.00 as set forth in §1.17(p) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

___   This statement is being filed after the payment of the issue fee but before issuance of the patent.

___   Statement under 37 C.F.R. 1.97(e) - I hereby certify that either: each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement; or that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was know to any individual designated in 1.56(c) more than three months prior to the filing of the information disclosure statement.

Signature: _____

        A. Richard Park  (Reg. No. 41,241)        Date

Respectfully submitted,

By: _____

      Shun Yao
      Reg. No. 59,242

PARK, VAUGHAN & FLEMING LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel: (530) 759-1667
Fax: (530) 759-1665
Email: shun@parklegal.com
Date:  28 June 2007

2

Attorney Docket No. PARC-20061126-US-NP



SHEET 1 OF 2

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | | ATTY. DOCKET NO.<br>PARC-20061126-US-NP | APPLICATION NO.<br>11/803,920 |
|---|---|---|---|
| | | APPLICANT<br>Diana K. Smetters, et al. | |
| | | FILING DATE<br>15 May 2007 | GROUP ART UNIT<br>2176 |

| U.S. PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|  | 6,240,429 | 29 May 2001 | Thornton et al. | 707 | 500 | 31 August 1998 |
|  | 6,253,217 | 26 June 2001 | Dourish et al. | 707 | 500 | 31 August 1998 |
|  | 6,266,670 | 24 July 2001 | LaMarca et al. | 707 | 100 | 31 August 1998 |
|  | 6,266,682 | 24 July 2001 | LaMarca et al. | 707 | 501 | 31 August 1998 |
|  | 6,269,380 | 31 July 2001 | Terry et al. | 707 | 200 | 31 August 1998 |
|  | 6,308,179 | 23 October 2001 | Petersen et al. | 707 | 102 | 31 August 1998 |
|  | 6,324,551 | 27 November 2001 | Lamping et al. | 707 | 500 | 31 August 1998 |
|  | 6,330,573 | 11 December 2001 | Salisbury et al. | 707 | 511 | 31 August 1998 |
|  | 6,370,538 | 9 April 2002 | Lamping et al. | 707 | 102 | 22 November 1999 |
|  | 6,370,533 | 9 April 2002 | Edwards et al. | 707 | 514 | 31 August 1998 |
|  | 6,397,231 | 28 May 2002 | Salisbury et al. | 707 | 515 | 31 August 1998 |
|  | 6,430,575 | 6 August 2002 | Dourish et al. | 707 | 200 | 10 September 1999 |
|  | 6,535,884 | 18 March 2003 | Thornton et al. | 707 | 100 | 11 July 2000 |

SHEET 2 OF 2

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | ATTY. DOCKET NO.<br>PARC-20061126-US-NP | APPLICATION NO.<br>11/803,920 |
|---|---|---|
| | APPLICANT<br>Diana K. Smetters, et al. | |
| | FILING DATE<br>15 May 2007 | GROUP ART UNIT<br>2176 |

### U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| | 6,562,076 | 13 May 2003 | Edwards et al. | 715 | 515 | 31 August 1998 |
| | 6,647,391 | 11 November 2003 | Smith et al. | 707 | 100 | 11 July 2000 |
| | US 2003/0237051 | 25 December 2003 | LaMarca et al. | 715 | 513 | 14 May 2003 |

### FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation | |
|---|---|---|---|---|---|---|---|
| | | | | | | Yes | No |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | |
| | |
| | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance <u>and</u> not considered. Include copy of this form with next communication to applicant.

2

JUL 0 2 2007

CERTIFICATE OF MAILING
I hereby certify that this correspondence is being deposited with the U.S. Postal Service with
sufficient postage as first class mail in an envelope addressed to: Commissioner for
Patents, M/S Missing Parts, PO Box 1450, Alexandria, VA 22313-1450, on  27 June 2007
Katja M. Thomas
(Typed or Printed Name of Person Mailing Paper or Fee)

Kus Thomas
(Signature of Person Mailing Paper or Fee)

**PATENT**
**Attorney Docket No. PARC-20061126-US-NP**

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| IN RE PATENT APPLICATION OF | ) | Examiner: *Unassigned* |
| | ) | |
| Diana K. Smetters et al. | ) | Group Art Unit: 2176 |
| | ) | |
| Serial No. 11/803,920 | ) | |
| | ) | |
| Filing Date: 15 May 2007 | ) | |
| | ) | |
| Title: METHOD AND SYSTEM FOR IN- | ) | |
| DOCUMENT MARKUP IN SUPPORT OF | ) | |
| INFORMATION SHARING | ) | |

### TRANSMITTAL LETTER FOR MISSING PARTS OF APPLICATION

Mail Stop:  <u>Missing Parts</u>
Commissioner for Patents
P.O. Box  1450
Alexandria, VA  22313-1450

Sir:

      In complete response to the Notice to File Missing Parts of Nonprovisional Application dated <u>15 June 2007</u>, enclosed please find:

      [x]     a combined Declaration and Power of Attorney for Patent Application signed by the inventor(s) and the surcharge of [ ] $65.00 [X] $130.00 as set forth in 37 C.F.R. § 1.16(e);

      [ ]     a Declaration Claiming Small Entity Status, and a Request for Refund;

      [ ]     a Petition for Extension of Time;

      [ ]     a verified English translation of the Application, and the $130.00 fee as set forth in 37 C.F.R. § 1.17(k);

      [x]     an Assignment document, Form PTO-1595, and the $40.00 Assignment Recording Fee;

      [ ]     Revocation & New Power of Attorney by Assignee of Entire Interest;

[x]     Form PTO-1533 (copy of Notice to File Missing Parts);

[ ]     Other: _____ ;

[ ]     Additional claim fees in the amount of $_____ ; and

[x]     Please charge all required fees to Deposit Account Number 24-0037 (Docket Number: PARC-20061126-US-NP).

Respectfully submitted,

By: _____

Shun Yao
Registration No. 59,242

Park, Vaughan & Fleming LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel: (530) 759-1667
Fax: (530) 759-1665
Email: shun@parklegal.com

Date: 27 June 2007

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP |

35699
PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

**CONFIRMATION NO. 7378**
**FORMALITIES**
**LETTER**

Date Mailed: 06/15/2007

# NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

## FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below,
however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all
required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by
filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The oath or declaration is missing. *A properly signed oath or declaration in compliance with 37 CFR 1.63,
  identifying the application by the above Application Number and Filing Date, is required.
  Note: If a petition under 37 CFR 1.47 is being filed, an oath or declaration in compliance with 37 CFR 1.63
  signed by all available joint inventors, or if no inventor is available by a party with sufficient proprietary
  interest, is required.*

The applicant needs to satisfy supplemental fees problems indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

- To avoid abandonment, a surcharge (for late submission of filing fee, search fee, examination fee or oath or
  declaration) as set forth in 37 CFR 1.16(f) of $130 for a non-small entity, must be submitted with the missing items
  identified in this letter.

**SUMMARY OF FEES DUE:**

Total additional fee(s) required for this application is **$130** for a non-small entity

- **$130** Surcharge.

Replies should be mailed to:     Mail Stop Missing Parts

07/03/2007 SSESHE1  00000052 240037   11803920
01 FC:1051        130.00 DA

Commissioner for Patents

P.O. Box 1450

Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or
visit our website at http://www.uspto.gov/ebc.

---

*If you are not using EFS-Web to submit your reply, you must include a copy of this notice.*

Office of Initial Patent Examination (571) 272-4000, or 1-800-PTO-9199
PART 2 - COPY TO BE RETURNED WITH RESPONSE



Attorney Docket Number: PARC-20061126-US-NP

**DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION**

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name,

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

### METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING

the specification and claims of which
☐ are attached hereto      OR      ☒ was filed on <u>15 May 2007</u> as U.S. Application No. <u>11/803,920</u>

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims.

I acknowledge the duty to disclose information which is material to the patentability as defined in Title 37, Code of Federal Regulations, §1.56.

I hereby claim priority benefits under Title 35, United States Code, §119 of any foreign or U.S. Provisional application(s) for patent listed below, and have also identified below any foreign application(s) or Provisional application(s) for patent having a filing date before that of the application on which priority is claimed:

Prior Foreign or U.S. Provisional Application(s)

| (Number) | (Country) | (Day/Month/Year Filed) |
|---|---|---|
| | | |

POWER OF ATTORNEY: As a named inventor, I hereby appoint the Patent Practitioners associated with the Customer Number **35699** to prosecute this application and transact all business in the Patent and Trademark Office connected therewith, and to file, prosecute and transact all business in connection with international applications directed to said invention.

| ADDRESS ALL CORRESPONDENCE TO:<br>**Shun Yao, Reg. No. 59,242**<br>**Park, Vaughan & Fleming LLP**<br>**2820 Fifth Street**<br>**Davis, CA 95618-7759** | DIRECT TELEPHONE CALLS TO:<br>(name and telephone number)<br>**Shun Yao, Reg. No. 59,242**<br>**(530) 759-1667** |
|---|---|

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under §1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

35699
PATENT TRADEMARK OFFICE

35699
PATENT TRADEMARK OFFICE

1

Attorney Docket Number: PARC-20061126-US-NP

**DECLARATION AND POWER OF ATTORNEY, continued**

Name of sole or first inventor:   **Diana K. Smetters**

Inventor's Signature: _____   Date: _____
Residence:   **2416 DeKoven Avenue, Belmont, CA 94002**
Citizenship:   **United States**                                   Mailing Address:
                                                                  (Same as above)


Name of second joint inventor:   **Elizabeth F. Churchill**

Inventor's Signature: _____   Date: _____
Residence:   **3740 25th Street, Apt. 206, San Francisco, CA 94110**
Citizenship:   **United Kingdom**                                Mailing Address:
                                                                  (Same as above)


Name of third joint inventor:   **Lester D. Nelson**

Inventor's Signature: _____   Date: _____
Residence:   **2453 Michele Jean Way, Santa Clara, CA 95050**
Citizenship:   **United States**                                 Mailing Address:
                                                                  (Same as above)

2



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 11/803,920 | 05/15/2007 | 2176 | 1250 | PARC-20061126-US-NP | 25 | 3 |

CONFIRMATION NO. 7378

35699
PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA95618-7759

**FILING RECEIPT**

Date Mailed: 06/15/2007

Receipt is acknowledged of this regular Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please mail to the Commissioner for Patents P.O. Box 1450 Alexandria Va 22313-1450. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).**

**Applicant(s)**

Diana K. Smetters, Residence Not Provided;
Elizabeth F. Churchill, Residence Not Provided;
Lester D. Nelson, Residence Not Provided;

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**

**Foreign Applications**

**If Required, Foreign Filing License Granted:** 06/14/2007

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US11/803,920**

**Projected Publication Date:** To Be Determined - pending completion of Missing Parts

**Non-Publication Request:** No

**Early Publication Request:** No

**Title**

Method and system for in-document markup in support of information sharing

**Preliminary Class**

715

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or a regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

---

## LICENSE FOR FOREIGN FILING UNDER

### Title 35, United States Code, Section 184

### Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of

Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 11/803,920 | 05/15/2007 | Diana K. Smetters | PARC-20061126-US-NP |

CONFIRMATION NO. 7378

35699
PARC
c/o PARK, VAUGHAN & FLEMING LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

**FORMALITIES
LETTER**

Date Mailed: 06/15/2007

# NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The oath or declaration is missing. *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*
  *Note: If a petition under 37 CFR 1.47 is being filed, an oath or declaration in compliance with 37 CFR 1.63 signed by all available joint inventors, or if no inventor is available by a party with sufficient proprietary interest, is required.*

The applicant needs to satisfy supplemental fees problems indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

- To avoid abandonment, a surcharge (for late submission of filing fee, search fee, examination fee or oath or declaration) as set forth in 37 CFR 1.16(f) of $130 for a non-small entity, must be submitted with the missing items identified in this letter.

**SUMMARY OF FEES DUE:**

Total additional fee(s) required for this application is **$130** for a non-small entity

- **$130** Surcharge.

Replies should be mailed to:     Mail Stop Missing Parts

Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or
visit our website at http://www.uspto.gov/ebc.

---

*If you are not using EFS-Web to submit your reply, you must include a copy of this notice.*

Office of Initial Patent Examination (571) 272-4000, or 1-800-PTO-9199
PART 3 - OFFICE COPY

U.S. PTO
11/803920
05/15/2007



**PATENT APPLICATION**
**Express Mail Label No. *EV 929839895 US***
**Attorney Docket No. PARC-20061126-US-NP**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

## <u>UTILITY PATENT</u>
## <u>APPLICATION TRANSMITTAL LETTER</u>

Asst. Commissioner for Patents
Box Patent Application
PO Box 1450
Alexandria, VA 22313-1450

Sir:

    Enclosed for filing is an [X] original patent application or,  [ ] a continuation-in-part

patent application, by inventor(s) __Diana K. Smetters, Elizabeth F. Churchill, Lester D. Nelson__, entitled
<u>METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION
SHARING</u>.


      No. of pages in Application: _30__; No. of Claims: _25__.
      No. of Sheets of Drawings:      Formal: _6_,          Informal: ___.


Also enclosed are:

    [ ]    a claim for foreign priority under 35 U.S.C. §§ 119 and/or 365 in

        [ ] a separate document  [ ] the declaration;

    [ ]    a certified copy of the priority document;

    [ ]    an Associate Power of Attorney;

    [ ]    ___ verified statement(s) claiming small entity status;

    [ ]    a Combined Declaration and Power of Attorney of the inventors(s);

    [X]    a signed Combined Declaration and Power of Attorney of the inventors will follow;

    [ ]    an Assignment document and form PTO-1595;

    [ ]    a Power of Attorney by Assignee; and

    [ ]    Information Disclosure Statement and Form PTO-1449.

Attorney Docket No. PARC-20061126-US-NP

The fee has been calculated as follows:

| | NO. OF CLAIMS | | EXTRA CLAIMS | RATE | FEE |
|---|---|---|---|---|---|
| CLAIMS | | | | | |
| Basic Filing Fee ($300.00), Search Fee ($500.00) and Examination Fee ($200.00) | | | | | $1,000.00 |
| Total Claims | 25 | MINUS 20 = | 5 | $50.00= | $250.00 |
| Independent Claims | 3 | MINUS 3 = | 0 | $200.00= | $0.00 |
| If multiple dependent claims are presented, add $300.00 | | | | | 0 |
| Total Application Fee | | | | | $1,250.00 |
| If verified statement claiming small entity status is enclosed, subtract 50% of Total Application Fee | | | | | |
| Add Recording Fee of $40.00 if Assignment document is enclosed | | | | | $.00 |
| **TOTAL APPLICATION FEE DUE** | | | | | $1,250.00 |

[ ]    a check in the amount of $ 0.00 is enclosed.

[ ]    Application fee will follow with missing parts.

[X]    Please charge all required fees to Deposit Account Number 24-0037.

Please direct all correspondence concerning the above-identified application to the following address:

Shun Yao

Park, Vaughan & Fleming LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel: (530) 759-1667
Fax: (530) 759-1665

Email: shun@parklegal.com

35699

PATENT TRADEMARK OFFICE

Respectfully submitted,

By _____
Shun Yao
Registration No. 59,242

Date:  15 May 2007

Attorney Docket No. PARC-20061126-US-NP

"Express Mail" Mailing Label No. **EV 929839895 US**

**PATENT APPLICATION**
**ATTORNEY DOCKET NO. PARC-20061126-US-NP**

5

# METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING

10

15  **Inventors:**  Diana K. Smetters, Elizabeth F. Churchill, and Lester D. Nelson

## BACKGROUND

20

### Field of the Invention

[0001] Embodiments of the present invention relate to document management. More specifically, embodiments of the present invention relate to a method and system for content dissemination by in-document tagging.

25

### Related Art

[0002] Network-based document dissemination is an increasingly critical part of everyday work. However, current dissemination mechanisms, such as

1

email, networked file systems, document management systems, or workflow
systems suffer from several limitations.

[0003] In conventional systems, users can only send information at the
level of entire documents.  To share selected portions of documents, a user is
5    typically required to manually extract the specific content to be shared, e.g. using
cut and paste, and sending it to the recipient as a separate document or in an email
message.  This manual process not only is cumbersome, but also makes it difficult
to reestablish context for the information or to incorporate responses into the
original content when the recipient replies with comments or changes to the
10   shared content.

[0004] In addition, conventional document sharing typically requires
special sharing-related interfaces or applications, which are often stand-alone
modules and are outside the context in which the information to be shared is
actually generated (e.g., a word processor where the document is edited).  In
15   addition, most of these interfaces or applications only allow simple distribution of
information, whereas specialized functions, such as requests for comments, edits,
or approval, are often performed in an ad-hoc fashion using, for example, context
provided in an email message.


20                                  **SUMMARY**

[0005] One embodiment of the present invention provides a system that
facilitates content dissemination.  During operation, the system allows a user to
add a tag to a first document, wherein the tag indicates an operation to be
performed on a portion of the document.  The system then processes the tag and
25   performs the operation on the document portion based on the tag.


2

Attorney Docket No. PARC-20061126-US-NP                          Inventors: Smetters et al.
SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

[0006] In a variation on this embodiment, the tag specifies one or more of: an action, the portion of the document, and a receiving entity corresponding to the action.

[0007] In a further variation, the action comprises one or more of: a showing of, sharing of, copying of, request of comment for, and a request of approval for the document portion with respect to the receiving entity. The document portion may include a paragraph, a section, and/or a specific text location. The receiving entity can be identified by at least one of: one or more user identifiers, one or more group identifiers, one or more email addresses, one or more network addresses, and one or more pathnames.

[0008] In a variation on this embodiment, allowing the user to add the tag involves allowing the user to insert the tag inline within the document.

[0009] In a further variation, allowing the user to insert the tag in the document involves providing the user with a visual representation of a collection of tags and allowing the user to select one or more tags from the collection of tags.

[0010] In a variation on this embodiment, the operation includes sending the content portion to a second user. The system further receives a second document or document portion in response to the operation performed and modifies the first document based on the second document or document portion.

[0011] In a variation on this embodiment, the system receives a user command which triggers the processing of the tag.

[0012] In a variation on this embodiment, the processing of the tag is performed at pre-determined times.

[0013] In a variation on this embodiment, the system triggers the processing of the tag based on one or more events.

3

Attorney Docket No. PARC-20061126-US-NP                                    Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

[0014] In a variation on this embodiment, performing the operation on the document portion involves encrypting a copy of the document portion and sending the encrypted copy to the receiving entity.

[0015] In a variation on this embodiment, performing the operation on the document portion involves authenticating a copy of the document portion by signing the copy with a digital signature and sending the authenticated copy to the receiving entity.

[0016] In a variation of this embodiment, at least a part of the tag is formulated in natural language or contains an abstract specification which can be used to identify at least one portion of the first document.

## BRIEF DESCRIPTION OF THE FIGURES

[0017] FIG. 1 illustrates an exemplary architecture that facilitates in-document tagging for content dissemination in accordance with one embodiment of the present invention.

[0018] FIG. 2 illustrates an exemplary in-document tag in accordance with one embodiment of the present invention.

[0019] FIG. 3 illustrates exemplary tags specified in WORD comment structures in accordance with one embodiment of the present invention.

[0020] FIG. 4 illustrates exemplary tags specified inline with WORD content in accordance with an embodiment of the present invention.

[0021] FIG. 5 illustrates exemplary tags with transaction IDs in accordance with an embodiment of the present invention.

[0022] FIG. 6 illustrates an example where tags are managed at the data-repository level in accordance with one embodiment of the present invention.

4

[0023] FIG. 7 illustrates an example where tags are managed through customized interactions which support specific information sharing needs in accordance with one embodiment of the present invention.

[0024] FIG. 8 presents a flowchart illustrating an exemplary process of tag

5   processing for content-dissemination in accordance with one embodiment of the present invention.

[0025] FIG. 9 illustrates an exemplary computer system that facilitates in-document tagging in support of content dissemination in accordance with one embodiment of the present invention.

10   [0026] TABLE 1 presents a section of exemplary Visual Basic code for tag processing in accordance with one embodiment of the present invention.

## DETAILED DESCRIPTION

[0027] The following description is presented to enable any person skilled

15   in the art to make and use the invention, and is provided in the context of a particular application and its requirements.  Various modifications to the disclosed embodiments will be readily apparent to those skilled in the art, and the general principles defined herein may be applied to other embodiments and applications without departing from the spirit and scope of the present invention.  Thus, the

20   present invention is not limited to the embodiments shown, but is to be accorded the widest scope consistent with the claims.

[0028] The data structures and code described in this detailed description are typically stored on a computer-readable storage medium, which may be any device or medium that can store code and/or data for use by a computer system.

25   This includes, but is not limited to, volatile memory, non-volatile memory, magnetic and optical storage devices such as disk drives, magnetic tape, CDs

5

(compact discs), DVDs (digital versatile discs or digital video discs), or other media capable of storing computer readable media now known or later developed.

## Overview

5      **[0029]**  One embodiment of the present invention provides a system that enables users to disseminate portions of documents.  Such a portion can be disseminated either in isolation, or with the remainder of the original document which is provided as context whereas the disseminated portion can be made immediately and directly accessible.  This content sharing/dissemination system

10     provides a number of desirable features.

       **[0030]**  First, many documents are often large, and both the originating and receiving users may be interested in only part of a document.  The present inventive content-dissemination system can reduce the amount of information the recipient needs to consider.  Further more, by using the present content-

15     dissemination system, the originating user can increase both the likelihood that the recipient will be able to respond in a timely fashion, and the likelihood that the response will be more focused on the issues of concern.

       **[0031]**  Second, a recipient of shared content may be only authorized to have access to some, but not all of the entire document.  Currently, the only means

20     to accomplish partial content dissemination is manual extraction of the content from the containing document, as described above.  Embodiments of the present invention facilitate dissemination of only a portion of a sensitive document without manual extraction.

       **[0032]**  Embodiments of the present invention also enable users to share

25     content in the context of their ongoing workflow.  For example, a user can mark a certain paragraph as "shared with Jean" while editing that paragraph, without having to remember to send the document or a portion thereof separately later.

Attorney Docket No. PARC-20061126-US-NP                                                      Inventors: Smetters et al.
SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

Such in-document tag-based dissemination reduces cognitive load on the sender, and therefore can reduce mistakes, such as a user forgetting to send the information.   This system also lowers the barrier to and overhead of information exchange, so that users can take greater advantage of the resources made available

5    by information sharing.

[0033] Furthermore, embodiments of the present invention provide not only a one-way information-dissemination system, but also a mechanism to request and receive content, thereby "closing the loop" for the context of a user's work flow.  For example, a user can indicate directly in the file she is working on

10   that another user Jean should be sent a request for comments on a given paragraph.  The system can then automatically present the returned comments in the context of that paragraph.  Such presentation allows the user to be immediately aware of both the provided response and the context of the information being discussed, without manually searching for or merging multiple

15   inputs into a single document.

[0034] In this disclosure, certain terminologies are given the following definitions:

[0035] The term "content" refers to a collection of information which can be based on any format.  For example, a piece of content can include text, audio

20   data, visual data, or a mixture thereof.

[0036] The term "document" refers to a piece of content.  For example, a document can be a text file, an audio file, an email, a piece of programming code, a video clip, or a multi-media file.  Generally, embodiments of the present invention can operate on a document or a portion of a document.  Such a

25   document portion can be any subset of a document, including, but not limited to, one or more sentences, paragraphs, sections, graphs, audio or video clips, or an arbitrary combination of text and/or other forms of media.  A document portion

7

can also include discontinuous pieces of a document.  Furthermore, a piece of content can refer to a document or a portion of a document.

[0037] The term "disseminate" or "dissemination" refers to the operation of sending a document or a portion thereof to a receiving entity.  Such operation

5    not only includes allowing the receiving entity to view or access the content, but can also include requesting and receiving responses, such as approval, comments, feedback, or a piece of modified content.  In this disclosure, "sharing" means allowing a receiving entity to view and change the content, and the modified content can be incorporated into the original content.  "Showing" means allowing

10   a receiving entity to view the disseminated content but the system does not perform incorporation-back.

[0038] The term "tag" refers to a piece of descriptive text which can be inserted in a document, often inline with the document.  A tag can specify an operation to be performed on a portion of the document.  In this disclosure, a tag

15   is also referred to as "markup" or "meta-data," both of which can be used to describe the content.  A tag can be delineated from other text by special symbols, such as "<," ">," or "|."  "Tagging" refers to the operation of inserting one or more tags into a document.

[0039] The term "receiving entity" refers to not only one or more users,

20   but also a non-human recipient, such as a data storage mechanism, a computer system, or a software application.  In general, a receiving entity can include one or more recipients.  A receiving entity can be identified by a user identifier, an email address, a network address, a pathname, or a combination thereof.

25   **In-Document Tagging for Content Dissemination**

[0040] Typically, tagging involves manual addition of meta-data to a piece of content.  One embodiment of the present invention provides a system that

8

facilitates in-document tagging for disseminating of a portion of a document. This technique is referred to as "keyhole tagging," because by looking through a "keyhole" one can have a restricted view of the document.

[0041] In one embodiment, a user can add text tags within a document that
5  is being read or is under creation. Tags can be grammatical elements that indicate how content is to be stored and/or directed and thus effectively shared. Parsing the tags according to a set of pre-specified rules is important to a service for pointing people to resources. Therefore, keyhole tagging can facilitate social resource management, and is an easy-to-use form of scoped syndication of
10  socially relevant media.

[0042] In general, a tag specifies an action, a portion of the document upon which the action is to be performed, and a receiving entity corresponding to the action. The action specified by a tag can be any information dissemination operation, such as showing, sharing, or copying. Such operation can also be a
15  request for comments or approval.

[0043] The document portion specified by a tag can be a paragraph, a section, a chapter, or specific text locations indicated by page number, column number, and/or line number.

[0044] The exemplary scenarios below illustrate the concept.
20

**<u>Keyhole Tagging Scenario</u>**

[0045] Sitting the café, user Jeffrey is drafting the content for his latest article. This article is in reaction to a conversation earlier in the day about the recent Survival Research Labs show that he and some friends saw in San Jose. As
25  he constructs his argument regarding the technical, social, and cultural issues in the show, he realizes user Jane may be interested in the comments he is making on the technical aspects of the tele-robotics in the show. As this comes to mind, he

9

types the following keyhole tags into the text: <<Show> <paragraph> <to Jane>>.
He continues typing.  Some time later, on inserting an image and a short video
clip he took of the event, he decides that these would illustrate some of the text he
has noted to show Jane, and also that Dick would likely be interested.  At this

5    point he types the keyhole tags <<Show><video, image><to Dick, Jane>>.

       [0046] On saving the document, Jeffrey's computer processes these tags
and sends emails to Dick and Jane.  Both Dick and Jane are informed by email
that Jeffery has some content to show them.  The email message to Jane includes
three links (for the text, video and picture), and the message to Dick includes two

10    links (for the video and picture).  Clicking on the links takes Jane and Dick to the
respective content Jeffrey has indicated.  In one embodiment, these content pieces
are shown as elements in Jeffrey's Keyhole Pinboard, a web-based repository with
access control to elements as granted by the tags he has placed in the text.  This
pinboard is effectively an aggregation or collage of media elements, each with

15    access restrictions that determine what readers can see.

       [0047] As Jeffrey continues, it becomes apparent that the final conclusion
needs work.  Thinking that user Belinda may be able to help him with this
problem, he types <<Share> <document> <with Belinda>> in the document.  On
finishing up for the evening, he saves the file.  A dialogue box opens indicating

20    that Belinda is not a known recipient, and the Keyhole Tagging Management
Interface opens to allow Jeffrey to add Belinda and her contact information to his
list of contacts.  He saves this information, and the notification is sent to Belinda,
who receives a link which downloads the file.  By stating "share" instead of
"show" Jeffrey has indicated a greater level of access control to the document –

25    that is, both read and write privileges instead of only read privileges that Dick and
Jane have been granted in the sharing of the paragraph, and the video and text.

<div align="center">10</div>

[0048] In one embodiment Jeffrey can see the formats he has shared with Dick and Jane by selecting the links that are recorded in a sharing manager. He can also insert tags that allow him to use elements of the document to create new configurations as web pages or other documents. For example, when he types

5   <<Show> <paragraph 1, video, caption, paragraph 8> <to Web>>, he has indicated that the new document for view should include paragraph 1, the video, the nearest caption, and paragraph 8. This tool therefore allows artful creation of new views and new content from preexisting elements. The syntax <<action><content><destination>> is thus very powerful.

10   [0049] In general, keyhole tagging can facilitate:

a.   different views of content;

b.   keyhole tagging mashup, which allows an application to aggregate or integrate multiple pieces of content shared by keyhole tagging;

c.   in document mark-up;

15   d.   exchange of standaside content;

e.   related work, which for video data can include scene-graphs, and Web annotation;

f.   tagging/data routing through attribution;

g.   interaction methods for viewing tags; and

20   i.   sharing active tags.

[0050] A second exemplary scenario involves a National Institute of Health (NIH) grants peer-review-meeting situation based on shared virtual workspace, which is described at http://enterprisearchitecture.nih.gov/ArchLib/AT/TA/sharedvirtualworkspceusage

25   scenarios.htm.

[0051] In this scenario, a central office and a number of satellite offices conduct meetings of peer scientists to synthesize expert opinion on a set of grant

11

applications in order to establish priority of approval recommendations for extramural research grants. These meetings typically have high security and sensitivity concerns in order to protect the integrity and openness of the discussions while avoiding any ethical conflicts that might arise if a reviewer has

5    a personal or financial connection with another applicant. Historically, NIH has incurred substantial costs to bring these reviewers to a common location to review large paper applications. It is more effective and efficient to conduct these meetings virtually. A virtual workplace allows NIH to recruit reviewers who are willing to participate in the process but cannot, for personal or business reasons,

10    afford to spend the time traveling to a single location. This virtual workplace also helps NIH avoid travel costs and the time needed to arrange and reimburse such travel.

       [0052] Assume that a user, Dr. Sage, has been asked to lead an effort to quickly qualify which set of proposals should be considered next for full review

15    from the pool of submitted documents. He opens the first proposal document and, based on personal experience in his field, quickly assigns reviewers for the technical and cost parts of the  proposal, respectively:

           *SHARE SECTION WITH drspock@brainfarm.edu*, and

           *SHARE SECTION WITH fortune500@costmagic.com.*

20    This assignment allows each expert to view and comment on their assigned section. In one embodiment, the system allows one recipient to see the response returned by other recipients in reaction to the tags. In other words, the system functions as a hub and relays the responses from different recipients.

       [0053] Note that Dr. Sage can send to a recipient only an isolated

25    document portion which is intended to be shared. Dr. Sage can also send the document portion with additional context from the document while making the portion intended for sharing distinguishable from the context and easily navigable.

Attorney Docket No. PARC-20061126-US-NP                       Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

This way, the recipient can expand his view of the document portion to read the surrounding context. This type of sharing with context can facilitate the recipient's understanding of the content, especially if the sender just wants to draw attention to the intended portion but does not want to limit access to the

5    document, or if the sender misjudges how much context is necessary for the intended document portion. In addition, Dr. Sage can still assign a negative access control to certain document portions, which prevents the recipient from accessing the protected portions. For example, Dr. Sage can add a tag

*RESTRICT PARAGRAPH from conflict@blah.com.*

10   This way, even if a recipient (represented by *conflict@blah.com* in this case) can view the rest of the document as context, he still cannot access the sensitive portions protected by the tag above.

[0054] Assume that, for a separate multi-team proposal, the assignment is more difficult, because the best qualified expert has a potential conflict of interest

15   on one part of the overall plan, but not on one point of fact where his expertise is most relevant. Dr. Sage resolves this issue by tagging the sensitive paragraph in question, which in this example is a table of results, with the tag

*SHOW PARAGRAPH TO oblio@pointoffact.edu.*

[0055] Note that, in general, the system can have different levels of

20   disclosure of the context. For example, the system can implement the following context-disclosure levels:

(a) Show only the tagged content.

(b) Show the tagged content with a representation of the context.

(e.g., encrypted, obscured, redacted, visually minimized for easy

25   reading, etc.).

(c) Show (b) above only if requested and if the recipient is allowed to access the requested context.

13

(d) Show the tagged content with a portion of the original context (the actual document or a copy of the document).

(e) Show (d) above only if requested and if the recipient is allowed to access the requested context.

5      (f) Show the tagged content with the entire original context (the actual document or a copy of the document).

(g) Show (f) above only if requested and if the recipient is allowed to access the requested context.

[0056]    A third exemplary scenario where keyhole tagging can be used is

10    a subcontractor proposal situation, which is based on a project described in http://arjuna.ncl.ac.uk/projects/workflow_system/98-03-09.pdf.  This situation is based on a workflow reference model used for Workflow Management and has been modified to accentuate cross-organizational boundaries.  The original business situation is the design of airplane parts.

15      [0057] In this scenario, it is assumed that two groups work together.  One group includes design engineers in charge of airplane design.  The other group is responsible for standard parts and includes standard part engineers (or standard engineers for short).  Design engineers contact the standard parts group to select standard parts, to ask for modification of parts or to ask for the design of new

20    standard parts.  When a design engineer is in need of a standard part, he discovers that as part of his work.  If a design engineer is not able to find a standard part, he most likely asks for the modification of an existing part according to his needs or he asks for a completely new part.

[0058] Assume that a design engineer, Desi, who works for

25    WeMakeBigSystems, Inc., needs to write up a memorandum documenting a subassembly implementation strategy as part of a larger design proposal.  She opens her office application with a memo template and starts entering the part

14

information, cutting and pasting from design notes as needed.  As she writes, she realizes that a part from PartCo.biz might be good, but requires more information. She enters the following keyhole tag in the Memo,

> *SHOW PARAGRAPH TO servicerep.Pat@partco.com.*

5      **[0059]** This action results in the specified request being made, and provides a marker back into her memo when the reply comes back.  Desi realizes that the standard part might need to be modified, and alternative parts considered, so she tags the memo with

> *SHARE PARAGRAPH WITH standards@wemakebigsystems.com.*

10      **[0060]** In this way, the standard parts group can see the design memo draft and the part indicated to decide what modification might be appropriate, if any. This action results in the document being shared with paragraph highlighted, and provides a marker back into the memo when the reply comes back.  Note that the system can also facilitate multi-party tagging.  That is, one recipient can observe

15      the reaction of other recipients to their tags.  In this example, a member of the standard parts group can see what a member of the design group says about a standard part and can then change the standard description accordingly.

## **Implementations**

20      **[0061]** FIG. 1 illustrates an exemplary architecture that facilitates in-document tagging for content dissemination in accordance with one embodiment of the present invention.  In one embodiment, the system includes a content and markup database 102.  A piece of content 112 that includes tags (markup) can be stored in content and markup database 102.

25      **[0062]** The tags inserted in content 112 are constructed in accordance with a set of markup language specification 104.  A markup manager 106 processes the tags in content 112 and passes the dissemination operations to a sharing

<div align="center">15</div>

Attorney Docket No. PARC-20061126-US-NP                                 Inventors: Smetters et al.
SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

manager 108. Note that the processing of tags can be triggered by an explicit or implicit user command. For example, tag processing can be triggered by a "process tag" command issued by the user, or by a "document save" command or an "exit" command. In further embodiments, the processing of tags can be performed at pre-determined times, such as at regular intervals. Tag processing can also be triggered by certain system events, such as when the system clock reaches a certain time, or when the user performs certain operations.

[0063] Sharing manager 108 is responsible for determining how the content is to be communicated to a receiving entity. Note that a number of communication services can be used to deliver the content. Such services can include email, instant messaging, wireless services, phone-based services, and fax-based services. In one embodiment, sharing manager 108 can encrypt the content piece to be disseminated to increase the security level of document sharing. In addition, sharing manager 108 can also authenticate a copy of the content piece by, for example, signing the copy with a trusted digital signature.

[0064] Sharing manager 108 subsequently selects from a set of information sharing support services 114 and performs the sharing operation. Information sharing support services 114 can include a number of services, such as a Keyhole Pinboard 116. As described above, Keyhole Pinboard 116 can be a repository with access control to content pieces as specified by the tags. Note that information sharing support services 114 can provide a number of services, such as content routing, content access control, and re-representing the content with a summary, elision, transformation, or a merge.

[0065] Tagging can also be used to implement other functions, such as annotation services 110. Annotation services 110 can include in-document services and over-document services.

16

Attorney Docket No. PARC-20061126-US-NP                          Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

[0066] In one embodiment, the keyhole tagging system is implemented in conjunction with MICROSOFT WORD™. Content and markup can be stored inline in MICROSOFT WORD files. Distribution of markup data and links to content can be stored in a MySQL database table.

5

[0067] One form of meta-data expression is based on keyword tags. These keyword tags are processed according to rules run in tandem or together with the content editing process. For example, if a user tags a paragraph with "|SHOW BOB|" or "|COPY bob@bobscompany.net|," the content of that paragraph is transmitted to Bob by using any possible addressing scheme, such as

10 name lookup or direct addressing.

[0068] In a further embodiment, a user can form more complicated expressions by "tagging the tags" to qualify the sharing intent. For example, if a user tags a paragraph with |SHOW-BOB COPY-TED, CAROL, ALICE|, then two specifically addressed actions are indicated. Namely, the SHOW tag has been

15 modified with the BOB tag indicating a single destination for the SHOW action, and this is distinct from the COPY tag which has multiple addresses.

[0069] Another form of tagging involves formatting markup, such as an explicitly declared syntax following, for example, the Backus-Naur form:

1.    &lt;markup&gt; ::= "|" &lt;action&gt; &lt;content&gt; &lt;destination&gt; "|"

20    2.    &lt;action&gt; ::= SHOW | SHARE | CLIP | COPY

3.    &lt;content&gt; ::= SENTENCE | PARAGRAPH | SECTION | DOCUMENT

4.    &lt;destination&gt; ::= TO &lt;person&gt;

5.    &lt;person&gt; ::= DICK | JANE | JEFFERY | BELINDA

25    6.    &lt;group&gt; ::= HUMAN RESOURCES | TECH SUPPORT | MANAGEMENT

17

Note that a group can be identified by a group name instead of an explicit list of people, and the group membership can be maintained outside the document. Similarly, a person can be identified by his/her role, such as "general manager." The identity associated with different roles can also be managed outside the

5    document.

[0070] In one embodiment, a tag can be formulated in natural language instead of in syntactical specifications. For example, tags can contain abstract descriptions of content which form a content group, rather than syntactical specification of content or content locations. In general, any abstract specification

10   can be used to describe the content to which the tag applies. Particularly, a single specification can be used to dynamically identify multiple, potentially disconnected portions of the document. For example, a user can specify "DENY BOB ALL PARAGRAPHS REFERRING TO PAYROLL," and a natural language-based post-processing system can be used to automatically identify all

15   the paragraphs meeting the condition "REFERRING TO PAYROLL" and apply the tag operation "DENY BOB" to these paragraphs. Note that any natural language processing technologies can be used to parse such tags formulated in natural language.

[0071] FIG. 2 illustrates an exemplary in-document tag in accordance with

20   one embodiment of the present invention. A tag 202, "|Show Paragraph to Jane|," is inserted at the end of a paragraph in a WORD document. Note that tag 202 is delineated by a special symbol "|."

[0072] In one embodiment, the annotation services are provided by a MICROSOFT WORD macro implemented in Visual Basic for applications

25   executed upon user request when a file is saved or upon any designated events. The following operations are performed for tag processing, where "match" designates any parsing match function, such as the operation of a tokenizer.

18

Attorney Docket No. PARC-20061126-US-NP                    Inventors: Smetters et al.
SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

1.      Search for tag text (e.g., in regular expression form |SHOW?*|)

2.      If a tag string matches ("PARAGRAPH"), expand search selection to the paragraph where the tag is located (e.g., in Visual Basic for Applications, *Selection.Expand* may be used).

5      3.      If a tag string matches ("DOCUMENT"), create a link to the document content (e.g., generalized filename, Universal Resource Locator, identifier in a document management system).

4.      Query if markup is already in the database.

5.      If not, write the content and meta-data into the content and markup

10     database (e.g., connect to a mySQL database and issue an Insert instruction).  Tag content may be stored in any repository, including hidden fields of a document, local and remote files, or local or remote databases.

[0073] TABLE 1 presents a section of exemplary Visual Basic code for tag processing in accordance with one embodiment of the present invention.

15     [0074] Note that tags may be written inline with content as entities associated with the content, such as comments or other embedded control structures.  FIG. 3 illustrates exemplary tags specified in WORD comment structures in accordance with one embodiment of the present invention.  In this example, tags, such as tag 302, are inserted in the document as comments.  Note

20     that although in WORD comments are generally directed to a single word, the tags can still specify an arbitrary portion of the document, such as a paragraph, a section, or a collection of discontinuous segments of the document.

[0075] FIG. 4 illustrates exemplary tags specified inline with WORD content in accordance with an embodiment of the present invention.  Here similar

25     tags as those in FIG. 3 are inserted as in-line text tags.  Tag 402, which has similar syntax as tag 302, is inserted after the second paragraph with "|" symbols as delineators.

19

Attorney Docket No. PARC-20061126-US-NP                                          Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

```
Sub DoTag()
    On Error GoTo DoTagErrorHandler
    Selection.Find.ClearFormatting
    With Selection.Find
        .Text = "|Show?*|"
        .Replacement.Text = ""
        .Forward = True
        .Wrap = wdFindContinue
        .Format = False
        .MatchCase = False
        .MatchWholeWord = False
        .MatchByte = False
        .MatchAllWordForms = False
        .MatchSoundsLike = False
        .MatchFuzzy = False
        .MatchWildcards = True
    End With
    Selection.Find.Execute
    If Len(Selection.Text) > 1 Then
        With Selection
        .Collapse
        .Expand Unit:=wdParagraph
        End With
        Selection.Copy
        If Not URLIsValid("http://localhost/phptests/mydb.php?value="_
                    + Selection.Range) Then
            MsgBox ("URL is bogus")
        End If
    End If
DoTagErrorHandler:
    Exit Sub
End Sub

Function URLIsValid(URL As String) As Boolean
'Requires Microsoft WinHTTP Services (winhttp.dll) to be registered
'on the host system.
    On Error GoTo URLIsValid_Error
    Dim objHTTPRequest As Object
    Set objHTTPRequest = CreateObject("WinHttp.WinHttpRequest.5.1")
    With objHTTPRequest
    .Open 1, URL ' WinHttpRequestOption_URL = 1
    .Send
    End With

Clean_Up:
        Set objHTTPRequest = Nothing
        URLIsValid = True
    Exit Function

URLIsValid_Error:
    URLIsValid = False
    Resume Clean_Up
End Function
```

**TABLE 1**

20

Attorney Docket No. PARC-20061126-US-NP                    Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

[0076] After keyhole tags are processed, they are marked as processed and assigned a transaction identifier. This identifier prevents inadvertent reprocessing and also allows subsequent processing to be merged or tracked back to the

5   original content and any external storage of content and/or meta-data (e.g., in a database). Subsequent processing may include replies sent back to the original document from any addressed destination and incorporation of additional information either into the original content or data attached to the original content (such as comments), or supplemental recording of the additions into any external

10   storage of content and/or meta-data (e.g., in a database).

[0077] In one embodiment, markup manager 106 can be a general database interface, such as mySQLFront, or a customized collection of general purpose access methods, implemented in for example PHP scripts. FIG. 6 illustrates an example where tags are managed at the data-repository level in

15   accordance with one embodiment of the present invention. Here the tags are managed at a MySQL database which serves as a data repository for tags and the corresponding content. The Markup Manger in this case is the MySQL database interface.

[0078] Similarly, an information sharing service such as the Keyhole

20   Pinboard or Sharing Manager may be implemented as a customized collection of access methods implemented in for example PHP scripts. FIG. 7 illustrates an example where tags are managed through customized interactions which support specific information sharing needs in accordance with one embodiment of the present invention. Here the Markup Manager is implemented using PHP scripts

25   and is accessible as a Web page.

[0079] Within this framework the system may implement a number of refinements and extensions under different circumstances. For example, the

21

system may implement exception-handling procedures to generate feedback for incomplete, incorrect, or underspecified markups. The system can also provide a user a visual representation, such as a drop-down menu, of ready-to-use tags. That is, the system can provide a click-and-select type of user interface to

5   facilitate tag insertion. Furthermore, the system can extend its library of tags by allowing a user to add to and/or edit existing tags. Note that the system can employ a variety of visual representation of tags, such as graphical palette of common tags, or association between a tag and a color. For example, when applying a functional tag to a set of disconnected blocks of text, a user can select

10  or highlight the intended portions in one color. The user can then right click on the highlighted portions and add a tag to the highlighted portions. In a further embodiment, the system an provide a user interface that adds one or more tags to a document or document portion by allowing a user to add that document or document portion to an existing group of content over which one or more tags are

15  configured to operate.

　　　　[0080] The system can also be configured to handle new or changed actions, objects, and sharing destinations. In one embodiment, the markup system extendible though user commands or through and administrative interface. The system can further implement version control and assign metadata on the markup.

20  For example, the system can assign and propagate timestamps and ID's to tags.

　　　　[0081] In further embodiments, the system can provide alternative representations and views and storage of markup. For example, the system can automatically convert processed markup into alternative forms and/or structures such as XML and/or MICROSOFT WORD Comments.

25  　　　[0082] FIG. 8 presents a flowchart which illustrating an exemplary process of tag processing for content-dissemination in accordance with one embodiment of the present invention. During operation, the system receives tags for document

Attorney Docket No. PARC-20061126-US-NP　　　　　　　　　　　　　　　Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

sharing in a document-editing context, such as within a word processor (operation 802).  The system them processes the tags (operation 804).  The system further disseminate document portion specified in a tag to a recipient (operation 806).  Optionally, the system receives a response (operation 808).  The system then

5   incorporates the response into the original content (operation 810).

[0083] FIG. 9 illustrates an exemplary computer system that facilitates in-document tagging in support of content dissemination in accordance with one embodiment of the present invention.  A computer system 902 includes a processor 904, a memory 906, and a storage device 908.  Computer system 902 is

10   coupled to a display 914, a keyboard 910, and a pointing device 912.

[0084] Storage device 908 stores in in-document tagging application 916, as well as applications 920 and 922.  In-document tagging application 916 includes a content merging module 918, which allows a response from a recipient to be merged back.  During operation, in-document tagging application 916 is

15   loaded into memory 906, and processor 904 executes in-document tagging application 916 to allow a user to share contents by keyhole tagging.

[0085] The foregoing descriptions of embodiments of the present invention have been presented only for purposes of illustration and description.  They are not intended to be exhaustive or to limit the present invention to the

20   forms disclosed.  Accordingly, many modifications and variations will be apparent to practitioners skilled in the art.  Additionally, the above disclosure is not intended to limit the present invention.  The scope of the present invention is defined by the appended claims.

23

**What Is Claimed Is:**

1      1.    A method for facilitating content dissemination, the method

2  comprising:

3      allowing a user to add a tag to a first document, wherein the tag indicates

4  an operation to be performed on a portion of the document;

5      processing the tag; and

6      performing the operation on the document portion based on the tag.


1      2.    The method of claim 1, wherein the tag specifies one or more of:

2      an action;

3      the portion of the document; and

4      a receiving entity corresponding to the action.


1      3.    The method of claim 2,

2      wherein the action comprises one or more of:

3      a showing of, sharing of, copying of, request of comment

4      for, and a request of approval for the document portion with

5      respect to the receiving entity;

6      wherein the document portion may include a paragraph, a section, and/or a

7  specific text location; and

8      wherein the receiving entity can be identified by at least one of:

9      one or more user identifiers,

10      one or more group identifiers,

11      one or more email addresses,

24

Attorney Docket No. PARC-20061126-US-NP             Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

12          one or more network addresses, and

13          one or more pathnames.

1           4.      The method of claim 1, wherein allowing the user to add the tag

2    comprises allowing the user to insert the tag inline within the document.

3           5.      The method of claim 4, wherein allowing the user to insert the tag

4    in the document comprises:

5                   providing the user with a visual representation of a collection of tags; and

6                   allowing the user to select one or more tags from the collection of tags.

1           6.      The method of claim 1,

2                   wherein the operation includes sending the document portion to a second

3    user; and

4                   wherein the method further comprises:

5                   receiving a second document or document portion in response to the

6    operation performed; and

7                   modifying the first document based on the second document or document

8    portion.

1           7.      The method of claim 1, further comprising receiving a user

2    command which triggers the processing of the tag.

1           8.      The method of claim 1, wherein the processing of the tag is

2    performed at pre-determined times.

25

Attorney Docket No. PARC-20061126-US-NP                    Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

1       9.      The method of claim 1, further comprising triggering the
2   processing of the tag based on one or more events.


1       10.     The method of claim 1, wherein performing the operation on the
2   document portion comprises:
3           encrypting a copy of the document portion; and
4           sending the encrypted copy to the receiving entity.


1       11.     The method of claim 1, wherein performing the operation on the
2   document portion comprises:
3           authenticating a copy of the document portion by signing the copy with a
4   digital signature; and
5           sending the authenticated copy to the receiving entity.


1       12.     The method of claim 1, wherein at least a part of the tag is
2   formulated in natural language or contains an abstract specification which can be
3   used to identify at least one portion of the first document.


1       13.     A computer-readable storage medium storing instructions that
2   when executed by a computer cause the computer to perform a method for
3   facilitating content dissemination, the method comprising:
4           allowing a user to add a tag to a first document, wherein the tag indicates
5   an operation to be performed on a portion of the document;
6           processing the tag; and
7           performing the operation on the document portion based on the tag.

Attorney Docket No. PARC-20061126-US-NP                         Inventors: Smetters et al.
SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

1       14.     The storage medium of claim 13, wherein the tag specifies one or

2   more of:

3           an action;

4           the portion of the document; and

5           a receiving entity corresponding to the action.


1       15.     The storage medium of claim 14,

2           wherein the action comprises one or more of:

3               a showing of, sharing of, copying of, request of comment

4           for, and a request of approval for the document portion with

5           respect to the receiving entity;

6           wherein the document portion may include a paragraph, a section, and/or a

7   specific text location; and

8           wherein the receiving entity can be identified by at least one of:

9           one or more user identifiers,

10          one or more group identifiers,

11          one or more email addresses,

12          one or more network addresses, and

13          one or more pathnames.


1       16.     The storage medium of claim 13, wherein allowing the user to add

2   the tag comprises allowing the user to insert the tag inline within the document.


3       17.     The storage medium of claim 16, wherein allowing the user to

4   insert the tag in the document comprises:

5           providing the user with a visual representation of a collection of tags; and

6           allowing the user to select one or more tags from the collection of tags.


27

1       18.     The storage medium of claim 13,

2              wherein the operation includes sending the document portion to a second

3   user; and

4              wherein the method further comprises:

5              receiving a second document or document portion in response to the

6   operation performed; and

7              modifying the first document based on the second document or document

8   portion.

1       19.     The storage medium of claim 13, further comprising receiving a

2   user command which triggers the processing of the tag.

1       20.     The storage medium of claim 13, wherein the processing of the tag

2   is performed at pre-determined times.

1       21.     The storage medium of claim 13, further comprising triggering the

2   processing of the tag based on one or more events.

1       22.     The storage medium of claim 13, wherein performing the operation

2   on the document portion comprises:

3              encrypting a copy of the document portion; and

4              sending the encrypted copy to the receiving entity.

1       23.     The storage medium of claim 13, wherein performing the operation

2   on the document portion comprises:

3              authenticating a copy of the document portion by signing the copy with a

Attorney Docket No. PARC-20061126-US-NP                     Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

4    digital signature; and

5         sending the authenticated copy to the receiving entity.


1         24.    The storage medium of claim 13, wherein at least a part of the tag

2    is formulated in natural language or contains an abstract specification which can

3    be used to identify at least one portion of the first document.


1         25.    A computer system that facilitates content dissemination, the

2    computer system comprising:

3         a processor;

4         a memory;

5         a tagging mechanism to allow a user to add a tag to a first document,

6    wherein the tag indicates an operation to be performed on a portion of the

7    document; and

8         a tag processing mechanism to process the tag and perform the operation

9    on the document portion based on the tag.


29

# METHOD AND SYSTEM FOR IN-DOCUMENT MARKUP IN SUPPORT OF INFORMATION SHARING

## ABSTRACT

A system is provided to facilitate content dissemination.  During operation, the system allows a user to add a tag to a first document, wherein the tag indicates an operation to be performed on a portion of the document.  The system then processes the tag and performs the operation on the document portion based on the tag.

30

Attorney Docket No. PARC-20061126-US-NP                    Inventors: Smetters et al.

SY Y:\PARC\PARC-20061126-US-NP\PARC-20061126-US-NP APPLICATION V5.DOC

Case 2:20-cv-10754-AB-MRW   Document 47-18   Filed 02/26/21   Page 224 of 232   Page ID #:1571

**FIG. 1**



**FIG. 2**



**FIG. 3**



**FIG. 4**



**FIG. 5**



**FIG. 6**



**FIG. 7**

Case 2:20-cv-10754-AB-MRW Document 47-13 Filed 02/26/21 Page 228 of 232 Page ID #:1575



**FIG. 8**

Case 2:20-cv-10754-AB-MRW   Document 47-18   Filed 02/26/21   Page 229 of 232   Page ID #:1576



**FIG. 9**

**PATENT APPLICATION SERIAL NO.** _____

**U.S. DEPARTMENT OF COMMERCE**
**PATENT AND TRADEMARK OFFICE**
<u>**FEE RECORD SHEET**</u>

```
05/18/2007 HNGUYEN1 00000007 240037    11803920
01 FC:1011        300.00 DA
02 FC:1111        500.00 DA
03 FC:1311        200.00 DA
04 FC:1202        250.00 DA
```

PTO-1556
(5/87)

PTO/SB/06 (02-07)
Approved for use through 02/28/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number: 11803920

### APPLICATION AS FILED – PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE ($) | SMALL ENTITY FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | OTHER THAN SMALL ENTITY FEE ($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b). or (c)) | N/A | N/A | N/A | $150 | | N/A | $300 |
| SEARCH FEE (37 CFR 1.16(k), (i). or (m)) | N/A | N/A | N/A | $250 | | N/A | $500 |
| EXAMINATION FEE (37 CFR 1.16(o), (p). or (q)) | N/A | N/A | N/A | $100 | | N/A | $200 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 25 | minus 20 = 5 | x $25 = | | OR | x $50 = | 250 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 | minus 3 = 1 | x $100 = | | | x $200 = | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | $125 | | | $250 | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | +180 = | | | +360 = | |
| | * If the difference in column 1 is less than zero, enter "0" in column 2. | | TOTAL | | | TOTAL | 1250 |

### APPLICATION AS AMENDED – PART II 1, 13, 25

#### AMENDMENT A

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE ($) | SMALL ENTITY ADDI-TIONAL FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | OTHER THAN SMALL ENTITY ADDI-TIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $25 = | | OR | x $50 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus. | *** | = | x $100 = | | OR | x $200 = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | $125 | | | $250 | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | +180 = | | OR | +360 = | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

#### AMENDMENT B

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE ($) | SMALL ENTITY ADDI-TIONAL FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | OTHER THAN SMALL ENTITY ADDI-TIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $25 = | | OR | x $50 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $100 = | | OR | x $200 = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | $125 | | | $250 | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | +180 = | | OR | +360 = | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

DocCode - SCORE

# SCORE Placeholder Sheet for IFW Content

Application Number: **11803920**          Document Date: **05/15/2007**

The presence of this form in the IFW record indicates that the following document type was received in paper and is scanned and stored in the SCORE database.

- Drawings

Images of the original documents are scanned in gray scale or color and stored in SCORE.  Bi-tonal images are also stored in IFW.   Defects visible in both IFW and SCORE are indicative of defects in the original paper documents.

To access the documents in the SCORE database, refer to instructions developed by SIRA.

At the time of document entry (noted above):
- Examiners may access SCORE content via the eDAN interface.
- Other USPTO employees can bookmark the current SCORE URL (http://es/ScoreAccessWeb/).
- External customers may access SCORE content via the Public and Private PAIR interfaces.

Form Revision Date:  December 8, 2006