Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Grace W. Kang - State Bar No. 271260
  gkang@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Nicholas Groombridge (*pro hac vice*)
  ngroombridge@paulweiss.com
Jenny C. Wu (*pro hac vice*)
  jcwu@paulweiss.com
Michael F. Milea (*pro hac vice*)
  mmilea@paulweiss.com
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

J. Steven Baughman (*pro hac vice*)
  sbaughman@paulweiss.com
Megan Raymond (*pro hac vice*)
  mraymond@paulweiss.com
Tanya S. Manno (*pro hac vice*)
  tmanno@paulweiss.com
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Attorneys for Defendant / Counterclaim-Plaintiff Twitter, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br>          Plaintiff / Counterclaim-Defendant, <br><br>     vs. <br><br> TWITTER, INC., <br><br>          Defendant / Counterclaim-Plaintiff. | Case No. 2:20-cv-10754-AB(MRWx) <br><br> **TWITTER'S ANSWER AND DEFENSES TO PALO ALTO RESEARCH CENTER INC.'S COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Assigned to Hon. André Birotte Jr. |

**TWITTER'S ANSWER AND DEFENSES TO**

**PALO ALTO RESEARCH CENTER'S COMPLAINT AND**

**COUNTERCLAIMS**

Defendant Twitter, Inc. ("Twitter") hereby files its answer and defenses ("Answer") to the Complaint, Dkt. No. 1.  Twitter denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.  Twitter further denies that Palo Alto Research Center Inc. ("PARC") is entitled to the relief requested in the Complaint, or to any other relief.

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

**RESPONSE TO ALLEGATIONS**

**REGARDING "SUMMARY OF THE ACTION"**

1.      Twitter admits that the Complaint purports to be a complaint for patent infringement under 35 U.S.C. § 271, but denies that the Complaint has any merit.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 1 of the Complaint.

2.      Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and on that basis, denies them.

3.      Twitter admits that it was launched in 2006.  Twitter further admits that its services and user base have expanded over the years.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 3 of the Complaint.

4.      Twitter denies that PARC "anticipated many of [the issues PARC alleges in Paragraph 3 of the Complaint] before they began to plague Twitter."  Twitter further denies that it has engaged in the "unauthorized and unlicensed use of the PARC Patents."  Twitter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint, and on that basis, denies them.

## RESPONSE TO ALLEGATIONS REGARDING
## "THE PARTIES"

5.      Twitter admits that PARC alleges that it is a "wholly-owned subsidiary of Xerox Corporation ('Xerox') with a principal place of business at 3333 Coyote Hill Road, Palo Alto, California 94304."

6.      Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and on that basis, denies them.

7.      Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and on that basis, denies them.

## RESPONSE TO ALLEGATIONS REGARDING
## "DEFENDANT"

8.      Twitter admits that Twitter is a Delaware corporation.  Twitter denies that its principal place of business is the address listed in the Complaint—Twitter's principal place of business is located at 1355 Market St. Ste. 900, San Francisco, CA 94103.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Twitter denies the allegations of Paragraph 9 of the Complaint.

## RESPONSE TO ALLEGATIONS REGARDING "JURISDICTION AND
## VENUE"

10.     Twitter admits that the Complaint purports to be a complaint for patent infringement under 35 U.S.C. § 271, but denies that the Complaint has any merit. Twitter admits that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Twitter admits that venue is proper in this judicial district for purposes of this lawsuit only.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 10 of the Complaint.

11.     Twitter denies the allegations of Paragraph 11 of the Complaint.

12.     Twitter denies the allegations of Paragraph 12 of the Complaint.

13.     Twitter admits that it maintains an office in the Los Angeles metropolitan area and employs personnel within this District.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 13 of the Complaint.

14.     Twitter denies the allegations of Paragraph 14 of the Complaint.

15.     Twitter admits that it maintains offices and employs personnel within this District.  Twitter denies any wrongdoing alleged in the Complaint.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 15 of the Complaint.

16.     Twitter admits that it is subject to the personal jurisdiction of this Court for purposes of this lawsuit only.  Twitter further admits that venue is proper in this judicial district for purposes of this lawsuit only.  Twitter denies any wrongdoing alleged in the Complaint.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Twitter denies the allegations of Paragraph 17 of the Complaint.

18.     Twitter admits that PARC alleges that it maintains "business connections in this District."  To the extent that a further response is needed, Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and on that basis, denies them.

**RESPONSE TO ALLEGATIONS REGARDING**

**"FACTUAL BACKGROUND"**

**Response to Allegations Regarding "PARC'S History of Innovation"**

19.     Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and on that basis, denies them.

20.     Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and on that basis, denies them.

4

1    21.    Twitter is without knowledge or information sufficient to form a belief

2    as to the truth of the allegations of Paragraph 21 of the Complaint, and on that basis,

3    denies them.

4                          **Response to Allegations Regarding**

5    **"Twitter Has Long Benefited from Its Use of PARC's Patented Technologies"**

6    22.    Twitter admits that Twitter reported advertising revenue of

7    approximately $885 million in the fourth quarter of 2019.  To the extent not expressly

8    admitted herein, Twitter denies the remaining allegations of Paragraph 22 of the

9    Complaint.

10    23.    Twitter admits that Twitter reported a total of 187 million monetizable

11    Daily Active Users in the third quarter of 2020.  Twitter admits that the COVID-19

12    pandemic began prior to the third quarter of 2020.  Twitter denies that Twitter's user

13    traffic relates to the infringement allegations of the Complaint.  To the extent not

14    expressly admitted herein, Twitter denies the remaining allegations of Paragraph 23

15    of the Complaint.

16    24.    Twitter denies that Mr. Segal is Twitter's CEO.  To the extent that the

17    allegations set forth in Paragraph 24 purport to summarize or characterize the contents

18    of Twitter's Q3 2020 earnings call, Twitter refers the Court to the contents of the call

19    transcript itself.  Insofar as a further response is necessary, Twitter denies the

20    remaining allegations of Paragraph 24 of the Complaint.

21    25.    Twitter admits that Paragraph 25 of the Complaint cites to an article that

22    purportedly describes a prediction made by a third party unrelated to Twitter.  To the

23    extent not expressly admitted herein, Twitter denies the remaining allegations of

24    Paragraph 25 of the Complaint.

25    26.    Twitter denies the allegations of Paragraph 26 of the Complaint.

26                                **RESPONSE TO**

27                         **"FIRST CLAIM FOR RELIEF**

28    **INFRINGEMENT OF U.S. PATENT NO. 8,489,599"**

27.     Twitter incorporates by reference and re-alleges all of the foregoing paragraphs of this Answer as if fully set forth herein.

28.     Twitter denies the allegations of Paragraph 28 of the Complaint.

29.     Twitter admits that the United States Patent and Trademark Office ("USPTO") lists PARC as the assignee of the '599 Patent.  Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis, denies them.

30.     Twitter admits that Exhibit A to the Complaint appears to be a copy of the '599 Patent.

**<u>Response to Allegations Regarding "The '599 Patent"</u>**

31.     The '599 Patent speaks for itself such that no further response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 31 of the Complaint.

32.     Twitter admits that Paragraph 32 of the Complaint purports to quote from the '599 Patent.  The '599 Patent speaks for itself such that no response is necessary. However, insofar as a further response is necessary, Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and on that basis, denies them.

33.     Twitter admits that Paragraph 33 of the Complaint purports to quote from the '599 Patent.  The '599 Patent speaks for itself such that no further response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 33 of the Complaint.

34.     Twitter admits that Paragraph 34 of the Complaint purports to quote from the '599 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 34 of the Complaint.

35.     Twitter admits that Paragraph 35 of the Complaint purports to quote from the '599 Patent.  The '599 Patent speaks for itself such that no further response is

necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 35 of the Complaint.

36.    Twitter admits that Paragraph 36 of the Complaint purports to quote from the '599 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 36 of the Complaint.

37.    Twitter admits that Paragraph 37 of the Complaint purports to quote from the '599 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 37 of the Complaint.

38.    Twitter admits that Paragraph 38 of the Complaint purports to quote from the '599 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 38 of the Complaint.

**Response to Allegations Regarding "'599 Patent Allegations"**

39.    Twitter admits that Paragraph 39 of the Complaint purports to quote from Twitter's website.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 39 of the Complaint.

40.    Twitter denies the allegations of Paragraph 40 of the Complaint.

41.    Twitter denies the allegations of Paragraph 41 of the Complaint.

42.    Twitter denies the allegations of Paragraph 42 of the Complaint.

43.    Twitter denies the allegations of Paragraph 43 of the Complaint.

44.    Twitter denies the allegations of Paragraph 44 of the Complaint.

45.    Twitter denies the allegations of Paragraph 45 of the Complaint.

46.    Twitter denies the allegations of Paragraph 46 of the Complaint.

47.    Twitter admits that PARC's Complaint, with a purported copy of the '599 Patent attached, was filed on November 25, 2020, and served on December 2, 2020.  Twitter admits that the Complaint purports to be a complaint for patent

infringement under 35 U.S.C. § 271, but denies that the Complaint has any merit. Twitter denies that Twitter has infringed the '599 Patent. To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 47 of the Complaint.

48.     Twitter denies the allegations of Paragraph 48 of the Complaint.

49.     Twitter admits that there are instructions for using its products on its website. Twitter denies that any of its products infringe any of the asserted patents or are used in an infringing manner by anyone. Twitter denies that it provides accused products to its users "such that they will use the '599 Infringing Products in a directly infringing manner." To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 49 of the Complaint.

50.     Twitter denies the allegations of Paragraph 50 of the Complaint.

51.     Twitter denies the allegations of Paragraph 51 of the Complaint.

52.     Twitter denies the allegations of Paragraph 52 of the Complaint.

53.     Twitter denies the allegations of Paragraph 53 of the Complaint.

54.     Twitter denies the allegations of Paragraph 54 of the Complaint.

55.     Twitter denies that any of its activities constitute infringement of the '599 Patent. Twitter denies any wrongdoing, denies that the claims against Twitter have any merit, and denies that PARC is entitled to relief of any kind. To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 55 of the Complaint.

## RESPONSE TO "SECOND CLAIM FOR RELIEF INFRINGEMENT OF U.S. PATENT NO. 9,208,439"

56.     Twitter incorporates by reference and re-alleges all of the foregoing paragraphs of this Answer as if fully set forth herein.

57.     Twitter denies the allegations of Paragraph 57 of the Complaint.

58.     Twitter admits that the USPTO lists PARC as the assignee of the '439 Patent. Twitter is without knowledge or information sufficient to form a belief as to

8

1  the truth of the allegations of Paragraph 58, and on that basis, denies them.

2      59.    Twitter admits that Exhibit B to the Complaint appears to be a copy of

3  the '439 Patent.

4          **Response to Allegations Regarding "The '439 Patent"**

5      60.    The '439 Patent speaks for itself such that no response is necessary.  To

6  the extent not expressly admitted herein, Twitter denies the allegations of Paragraph

7  60 of the Complaint.

8      61.    Twitter admits that Paragraph 61 of the Complaint purports to quote from

9  the '439 Patent.  The '439 Patent speaks for itself such that no response is necessary.

10 However, insofar as a further response is necessary, Twitter is without knowledge or

11 information sufficient to form a belief as to the truth of the allegations of Paragraph

12 61 of the Complaint, and on that basis, denies them.

13     62.    Twitter admits that Paragraph 62 of the Complaint purports to quote from

14 the '439 Patent, which speaks for itself such that no response is necessary.  To the

15 extent not expressly admitted herein, Twitter denies the allegations of Paragraph 62

16 of the Complaint.

17     63.    Twitter admits that Paragraph 63 of the Complaint purports to quote from

18 the '439 Patent, which speaks for itself such that no response is necessary.  To the

19 extent not expressly admitted herein, Twitter denies the allegations of Paragraph 63

20 of the Complaint.

21     64.    Twitter admits that Paragraph 64 of the Complaint purports to quote from

22 the '439 Patent, which speaks for itself such that no response is necessary.  To the

23 extent not expressly admitted herein, Twitter denies the allegations of Paragraph 64

24 of the Complaint.

25     65.    Twitter admits that Paragraph 65 of the Complaint purports to quote from

26 the '439 Patent, which speaks for itself such that no response is necessary.  To the

27 extent not expressly admitted herein, Twitter denies the allegations of Paragraph 65

28 of the Complaint.

9

<u>**Response to Allegations Regarding "'439 Patent Allegations"**</u>

66.    Twitter admits that Paragraph 66 of the Complaint purports to quote from Twitter's website.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 66 of the Complaint.

67.    Twitter denies the allegations of Paragraph 67 of the Complaint.

68.    Twitter denies the allegations of Paragraph 68 of the Complaint.

69.    Twitter denies the allegations of Paragraph 69 of the Complaint.

70.    Twitter denies the allegations of Paragraph 70 of the Complaint.

71.    Twitter denies the allegations of Paragraph 71 of the Complaint.

72.    Twitter admits that PARC's Complaint, with a purported copy of the '439 Patent attached, was filed on November 25, 2020, and served on December 2, 2020.  Twitter admits that the Complaint purports to be a complaint for patent infringement under 35 U.S.C. § 271, but denies that the Complaint has any merit. Twitter denies that Twitter has infringed the '439 Patent.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 72 of the Complaint.

73.    Twitter denies the allegations of Paragraph 73 of the Complaint.

74.    Twitter admits that there are instructions for using its products on its website.  Twitter denies that any of its products infringe any of the asserted patents or are used in an infringing manner by anyone.  Twitter denies that it provides accused products to its users "such that they will use the '439 Infringing Products in a directly infringing manner."  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 74 of the Complaint.

75.    Twitter denies the allegations of Paragraph 75 of the Complaint.

76.    Twitter denies the allegations of Paragraph 76 of the Complaint.

77.    Twitter denies the allegations of Paragraph 77 of the Complaint.

78.    Twitter denies the allegations of Paragraph 78 of the Complaint.

79.    Twitter denies the allegations of Paragraph 79 of the Complaint.

80.    Twitter denies that any of its activities constitute infringement of the '439 Patent.  Twitter denies any wrongdoing, denies that the claims against Twitter have any merit, and denies that PARC is entitled to relief of any kind.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 80 of the Complaint.

**RESPONSE TO "THIRD CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 8,966,362"**

81–106.      On March 16, 2021, the Court ruled that the '362 Patent is invalid under 35 U.S.C. § 101 and dismissed with prejudice PARC's claims under the '362 Patent.  Accordingly, PARC has no remaining claims under the '362 Patent and it is unnecessary for Twitter to respond to any allegations regarding the '362 Patent in Paragraphs 81–106 of the Complaint.

**RESPONSE TO "FOURTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 8,606,781"**

107.    Twitter incorporates by reference and re-alleges all of the foregoing paragraphs of this Answer as if fully set forth herein.

108.    Twitter denies the allegations of Paragraph 108 of the Complaint.

109.    Twitter admits that the USPTO lists PARC as the assignee of the '781 Patent.  Twitter denies that PARC "owns, by assignment, all right, title, and interest in and to the '781 Patent[.]"  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 109 of the Complaint.

110.    Twitter admits that Exhibit D to the Complaint appears to be a copy of the '781 Patent.

**Response to Allegations Regarding "The '781 Patent"**

111.    The '781 Patent speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 111 of the Complaint.

112.    Twitter admits that Paragraph 112 of the Complaint purports to quote

11

from the '781 Patent.  The '781 Patent speaks for itself such that no response is necessary.  However, insofar as a further response is necessary, Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the Complaint, and on that basis, denies them.

113.   Twitter admits that Paragraph 113 of the Complaint purports to quote from the '781 Patent, which speaks for itself such that no further response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 113 of the Complaint.

114.   Twitter admits that Paragraph 114 of the Complaint purports to quote from the '781 Patent, which speaks for itself such that no further response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 114 of the Complaint.

115.   Twitter admits that Paragraph 115 of the Complaint purports to quote from the '781 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 115 of the Complaint.

116.   Twitter admits that Paragraph 116 of the Complaint purports to quote from the '781 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 116 of the Complaint.

### Response to Allegations Regarding "'781 Patent Allegations"

117.   Twitter admits that Paragraph 117 of the Complaint purports to quote from Twitter's website.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 117 of the Complaint.

118.   Twitter denies the allegations of Paragraph 118 of the Complaint.

119.   Twitter denies the allegations of Paragraph 119 of the Complaint.

120.   Twitter denies the allegations of Paragraph 120 of the Complaint.

121.   Twitter denies the allegations of Paragraph 121 of the Complaint.

122. Twitter denies the allegations of Paragraph 122 of the Complaint.

123. Twitter denies the allegations of Paragraph 123 of the Complaint.

124. Twitter denies the allegations of Paragraph 124 of the Complaint.

125. Twitter denies the allegations of Paragraph 125 of the Complaint.

126. Twitter admits that PARC's Complaint, with a purported copy of the '781 Patent attached, was filed on November 25, 2020, and served on December 2, 2020. Twitter admits that the Complaint purports to be a complaint for patent infringement under 35 U.S.C. § 271, but denies that the Complaint has any merit. Twitter denies that Twitter has infringed the '781 Patent. To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 126 of the Complaint.

127. Twitter denies the allegations of Paragraph 127 of the Complaint.

128. Twitter admits that there are instructions for using its products on its website. Twitter denies that any of its products infringe any of the asserted patents or are used in an infringing manner by anyone. Twitter denies that it provides accused products to its users "such that they will use the '781 Infringing Products in a directly infringing manner." To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 128 of the Complaint.

129. Twitter denies the allegations of Paragraph 129 of the Complaint.

130. Twitter denies the allegations of Paragraph 130 of the Complaint.

131. Twitter denies the allegations of Paragraph 131 of the Complaint.

132. Twitter denies the allegations of Paragraph 132 of the Complaint.

133. Twitter denies the allegations of Paragraph 133 of the Complaint.

134. Twitter denies that any of its activities constitute infringement of the '781 Patent. Twitter denies any wrongdoing, denies that the claims against Twitter have any merit, and denies that PARC is entitled to relief of any kind. To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 134 of the Complaint.

## RESPONSE TO "FIFTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 7,043,475"

135.   Twitter incorporates by reference and re-alleges all of the foregoing paragraphs of this Answer as if fully set forth herein.

136.   Twitter denies the allegations of Paragraph 136 of the Complaint.

137.   Twitter admits that the USPTO lists PARC as the assignee of the '475 Patent.  Twitter denies that PARC "owns, by assignment, all right, title, and interest in and to the '475 Patent[.]"  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 137 of the Complaint.

138.   Twitter admits that Exhibit E to the Complaint appears to be a copy of the '475 Patent.

### Response to Allegations Regarding "The '475 Patent"

139.   The '475 Patent speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 139 of the Complaint.

140.   Twitter admits that Paragraph 140 of the Complaint purports to quote from the '475 Patent.  The '475 Patent speaks for itself such that no response is necessary.  However, insofar as a further response is necessary, Twitter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 of the Complaint, and on that basis, denies them.

141.   Twitter admits that Paragraph 141 of the Complaint purports to quote from the '475 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 141 of the Complaint.

142.   Twitter admits that Paragraph 142 of the Complaint purports to quote from the '475 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 142 of the Complaint.

143.   Twitter admits that Paragraph 143 of the Complaint purports to quote from the '475 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 143 of the Complaint.

144.   Twitter admits that Paragraph 144 of the Complaint purports to quote from the '475 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 144 of the Complaint.

145.   Twitter admits that Paragraph 145 of the Complaint purports to quote from the '475 Patent, which speaks for itself such that no response is necessary.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 145 of the Complaint.

### Response to Allegations Regarding "'475 Patent Allegations"

146.   Twitter admits that Paragraph 146 of the Complaint purports to quote from Twitter's website.  To the extent not expressly admitted herein, Twitter denies the allegations of Paragraph 146 of the Complaint.

147.   Twitter denies the allegations of Paragraph 147 of the Complaint.

148.   Twitter denies the allegations of Paragraph 148 of the Complaint.

149.   Twitter denies the allegations of Paragraph 149 of the Complaint.

150.   Twitter denies the allegations of Paragraph 150 of the Complaint.

151.   Twitter denies the allegations of Paragraph 151 of the Complaint.

152.   Twitter denies the allegations of Paragraph 152 of the Complaint.

153.   Twitter denies the allegations of Paragraph 153 of the Complaint.

154.   Twitter denies the allegations of Paragraph 154 of the Complaint.

155.   Twitter admits that PARC's Complaint, with a purported copy of the '475 Patent attached, was filed on November 25, 2020, and served on December 2, 2020.   Twitter admits that the Complaint purports to be a complaint for patent infringement under 35 U.S.C. § 271, but denies that the Complaint has any merit.

Twitter denies that Twitter has infringed the '475 Patent.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 155 of the Complaint.

156.   Twitter denies the allegations of Paragraph 156 of the Complaint.

157.   Twitter admits that there are instructions for using its products on its website.  Twitter denies that any of its products infringe any of the asserted patents or are used in an infringing manner by anyone.  Twitter denies that it provides accused products to its users "such that they will use the '475 Infringing Products in a directly infringing manner."  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 157 of the Complaint.

158.   Twitter denies the allegations of Paragraph 158 of the Complaint.

159.   Twitter denies the allegations of Paragraph 159 of the Complaint.

160.   Twitter denies the allegations of Paragraph 160 of the Complaint.

161.   Twitter denies the allegations of Paragraph 161 of the Complaint.

162.   Twitter denies the allegations of Paragraph 162 of the Complaint.

163.   Twitter denies that any of its activities constitute infringement of the '475 Patent.  Twitter denies any wrongdoing, denies that the claims against Twitter have any merit, and denies that PARC is entitled to relief of any kind.  To the extent not expressly admitted herein, Twitter denies the remaining allegations of Paragraph 163 of the Complaint.

### RESPONSE TO "SIXTH CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 7,167,871"

164–196.     On March 16, 2021, the Court ruled that the '871 Patent is invalid under 35 U.S.C. § 101 and dismissed with prejudice PARC's claims under the '871 Patent.  Accordingly, PARC has no remaining claims under the '871 Patent and it is unnecessary for Twitter to respond to any allegations regarding the '871 Patent in Paragraphs 164–196 of the Complaint.

## RESPONSE TO PARC'S PRAYER FOR RELIEF

Twitter denies that PARC is entitled to any of the relief sought in its prayer for relief against Twitter.  PARC's prayer should be denied in its entirety, with prejudice, and PARC should take nothing.

## TWITTER'S DEFENSES

Twitter, without assuming the burden of proof or any other burden it would not otherwise have, states the following defenses.  In addition to the defenses described below, Twitter expressly reserves the right to state additional defenses, including without limitation defenses based on inventorship, ownership, inequitable conduct, and/or unclean hands, as they become known through the course of discovery or available through rulings in this action.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

1.      PARC'S complaint fails to state a claim upon which relief may be granted.

2.      For example and without limitation, the Complaint's allegations are insufficient to support a claim of willful infringement.  PARC fails to provide any factual allegations to support its claim of willful infringement for any of the patents-in-suit.

## SECOND DEFENSE – NON-INFRINGEMENT

3.      Twitter does not infringe and has not infringed, in any way under 35 U.S.C. § 271, any claim of any of the patents-in-suit, either literally or under the doctrine of equivalents, willfully, or otherwise.  At a minimum, the accused products do not include all the limitations of any independent claim of the patents-in-suit.

## THIRD DEFENSE – INVALIDITY

4.      PARC's alleged claims for patent infringement are barred because each and every claim of the patents-in-suit is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to

Sections 101, 102, 103, and/or 112.

5. One or more claims of the remaining patents-in-suit are invalid under 35 U.S.C. § 101 because they fail to claim a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. For example and without limitation, one or more claims are directed to unpatentable abstract ideas and one or more claims lack utility because they fail to claim any useful process or machine.

6. At a minimum, the prior art listed on the face of the patents-in-suit constitutes prior art to the patents-in-suit.

7. The claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103 because (1) one or more prior art references, including without limitation the prior art listed on the face of the patents-in-suit, either alone or in combination, disclose claims of the patents-in-suit; or (2) the alleged inventions claimed in the patents-in-suit would have been obvious to one having ordinary skill in the art in view of the prior art, including but not limited to the prior art listed on the face of the patents-in-suit. Twitter's investigation is ongoing and may reveal additional invalidating references.

8. One or more claims of the patents-in-suit are invalid under 35 U.S.C. § 112 due to the indefiniteness of the claims in light of the specifications.

**FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL AND/OR PROSECUTION DISCLAIMER**

9. On information and belief, PARC's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or prosecution disclaimer because of admissions, amendments, or statements made to the USPTO during prosecution of the applications leading to, or related to, the issuance of the patents-in-suit.

**FIFTH DEFENSE – LIMITATION ON PATENT DAMAGES**

10. PARC's claims for damages against Twitter for alleged infringement are limited by 35 U.S.C. §§ 286, 287, and/or 288 for one or more of the patents-in-suit.

## SIXTH DEFENSE – ESTOPPEL AND/OR WAIVER

11.     On information and belief, PARC's claims are barred, in whole or in part, by estoppel and/or waiver.

## SEVENTH DEFENSE – NO WILLFUL INFRINGEMENT

12.     Any alleged infringement by Twitter could not be willful under PARC's allegations because (1) Twitter has not and does not infringe the patents-in-suit, (2) Twitter lacks any intent to infringe or cause infringement, and (3) Twitter has not acted willfully or egregiously.

## EIGHTH DEFENSE – NO EXCEPTIONAL CASE FOR PARC

13.     PARC cannot prove that this is an exceptional case justifying an award of attorneys' fees against Twitter pursuant to 35 U.S.C. § 285 because Twitter has not engaged in any conduct that amounts to an exceptional case or entitles PARC to attorneys' fees.  To the contrary, this is an exceptional case due to PARC's conduct, which warrants an award of attorneys' fees to Twitter.

## NINTH DEFENSE – NO INJUNCTIVE RELIEF

14.     PARC's demand to enjoin Twitter is barred, at least because PARC has suffered neither harm nor irreparable harm from Twitter's actions.

## RESERVATION OF ADDITIONAL DEFENSES

Twitter expressly reserves the right to assert additional defenses, including without limitation defenses based on inventorship, ownership, inequitable conduct, and/or unclean hands, as they become known through the course of discovery or available through rulings in this action.

## TWITTER'S COUNTERCLAIMS

Twitter, Inc. ("Twitter"), by and through its undersigned counsel, hereby alleges for its Counterclaims the following:

## THE PARTIES

1.     Counterclaim-Plaintiff Twitter is a Delaware corporation with its principal place of business at 1355 Market St. Ste. 900, San Francisco, CA 94103.

2.     On information and belief, Counterclaim-Defendant Palo Alto Research Center, Inc. ("PARC") is a wholly-owned subsidiary of Xerox Corporation ("Xerox") with a principal place of business at 3333 Coyote Hill Road, Palo Alto, California 94304.

### JURISDICTION AND VENUE

3.     These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

4.     This Court has subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a)–(b); and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.     This Court has personal jurisdiction over the Counterclaim-Defendant PARC at least because it has availed itself of the rights and privileges of this forum by filing the Complaint in this judicial district.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### COUNT ONE:  DECLARATION OF
### NON-INFRINGEMENT OF U.S. PATENT NO. 8,489,599

7.     Twitter hereby incorporates by reference each and every allegation set forth in its Answer and Defenses to the Complaint, Dkt. No. 1, and Paragraphs 1 through 6 of these Counterclaims, as if fully set forth herein.

8.     In its Complaint, Counterclaim-Defendant PARC alleges that Twitter has infringed and is infringing U.S. Patent No. 8,489,599 (the "'599 Patent").

9.     The making, use, offer for sale, sale, or importation of Twitter's products has not, does not, and will not infringe any valid and enforceable claim of the '599 Patent under 35 U.S.C. § 271.

10.     An actual, substantial, and continuing justiciable case or controversy exists between Counterclaim-Defendant and Twitter regarding non-infringement of

the '599 Patent.

11.    Twitter is entitled to a declaration that the making, use, offer for sale, sale, or importation of its products does not and will not infringe any valid and enforceable claim of the '599 Patent under 35 U.S.C. § 271.

12.    Such a declaration is necessary and appropriate at this time to determine the rights of the parties.

13.    This is an exceptional case with respect to these Counterclaims and Twitter is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT TWO:  DECLARATION OF
## INVALIDITY OF U.S. PATENT NO. 8,489,599

14.    Twitter hereby incorporates by reference each and every allegation set forth in its Answer and Defenses to the Complaint, and Paragraphs 1 through 13 of these Counterclaims, as if fully set forth herein.

15.    In its Complaint, Counterclaim-Defendant PARC alleges that Twitter has infringed and is infringing the '599 Patent.

16.    The claims of the '599 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

17.    An actual, substantial, and continuing case or controversy exists between Counterclaim-Defendant and Twitter regarding the invalidity of the '599 Patent.

18.    Twitter is entitled to a declaration that the claims of the '599 Patent are invalid.

19.    Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## COUNT THREE:  DECLARATION OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,208,439

20.    Twitter hereby incorporates by reference each and every allegation set forth in its Answer and Defenses to the Complaint, and Paragraphs 1 through 19 of

these Counterclaims, as if fully set forth herein.

21.    In its Complaint, Counterclaim-Defendant PARC alleges that Twitter has infringed and is infringing U.S. Patent No. 9,208,439 (the "'439 Patent").

22.    The making, use, offer for sale, sale, or importation of Twitter's products has not, does not, and will not infringe any valid and enforceable claim of the '439 Patent under 35 U.S.C. § 271.

23.    An actual, substantial, and continuing justiciable case or controversy exists between Counterclaim-Defendant and Twitter regarding non-infringement of the '439 Patent.

24.    Twitter is entitled to a declaration that the making, use, offer for sale, sale, or importation of its products does not and will not infringe any valid and enforceable claim of the '439 Patent under 35 U.S.C. § 271.

25.    Such a declaration is necessary and appropriate at this time to determine the rights of the parties.

26.    This is an exceptional case with respect to these Counterclaims and Twitter is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOUR:  DECLARATION OF
## INVALIDITY OF U.S. PATENT NO. 9,208,439

27.    Twitter hereby incorporates by reference each and every allegation set forth in its Answer and Defenses to the Complaint, and Paragraphs 1 through 26 of these Counterclaims, as if fully set forth herein.

28.    In its Complaint, Counterclaim-Defendant PARC alleges that Twitter has infringed and is infringing the '439 Patent.

29.    The claims of the '439 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

30.    An actual, substantial, and continuing case or controversy exists between Counterclaim-Defendant and Twitter regarding the invalidity of the '439 Patent.

31.     Twitter is entitled to a declaration that the claims of the '439 Patent are invalid.

32.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## COUNT FIVE:  DECLARATION OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 8,606,781

33.     Twitter hereby incorporates by reference each and every allegation set forth in its Answer and Defenses to the Complaint, and Paragraphs 1 through 32 of these Counterclaims, as if fully set forth herein.

34.     In its Complaint, Counterclaim-Defendant PARC alleges that Twitter has infringed and is infringing U.S. Patent No. 8,606,781 (the "'781 Patent").

35.     The making, use, offer for sale, sale, or importation of Twitter's products has not, does not, and will not infringe any valid and enforceable claim of the '781 Patent under 35 U.S.C. § 271.

36.     An actual, substantial, and continuing justiciable case or controversy exists between Counterclaim-Defendant and Twitter regarding non-infringement of the '781 Patent.

37.     Twitter is entitled to a declaration that the making, use, offer for sale, sale, or importation of its products does not and will not infringe any valid and enforceable claim of the '781 Patent under 35 U.S.C. § 271.

38.     Such a declaration is necessary and appropriate at this time to determine the rights of the parties.

39.     This is an exceptional case with respect to these Counterclaims and Twitter is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT SIX:  DECLARATION OF
## INVALIDITY OF U.S. PATENT NO. 8,606,781

40.     Twitter hereby incorporates by reference each and every allegation set forth in its Answer and Defenses to the Complaint, and Paragraphs 1 through 39 of

these Counterclaims, as if fully set forth herein.

41.    In its Complaint, Counterclaim-Defendant PARC alleges that Twitter has infringed and is infringing the '781 Patent.

42.    The claims of the '781 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

43.    An actual, substantial, and continuing case or controversy exists between Counterclaim-Defendant and Twitter regarding the invalidity of the '781 Patent.

44.    Twitter is entitled to a declaration that the claims of the '781 Patent are invalid.

45.    Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## COUNT SEVEN:  DECLARATION OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,043,475

46.    Twitter hereby incorporates by reference each and every allegation set forth in its Answer and Defenses to the Complaint, and Paragraphs 1 through 45 of these Counterclaims, as if fully set forth herein.

47.    In its Complaint, Counterclaim-Defendant PARC alleges that Twitter has infringed and is infringing U.S. Patent No. 7,043,475 (the "'475 Patent").

48.    The making, use, offer for sale, sale, or importation of Twitter's products has not, does not, and will not infringe any valid and enforceable claim of the '475 Patent under 35 U.S.C. § 271.

49.    An actual, substantial, and continuing justiciable case or controversy exists between Counterclaim-Defendant and Twitter regarding non-infringement of the '475 Patent.

50.    Twitter is entitled to a declaration that the making, use, offer for sale, sale, or importation of its products does not and will not infringe any valid and enforceable claim of the '475 Patent under 35 U.S.C. § 271.

51.     Such a declaration is necessary and appropriate at this time to determine the rights of the parties.

52.     This is an exceptional case with respect to these Counterclaims and Twitter is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT EIGHT:  DECLARATION OF
## INVALIDITY OF U.S. PATENT NO. 7,043,475

53.     Twitter hereby incorporates by reference each and every allegation set forth in its Answer and Defenses to the Complaint, and Paragraphs 1 through 52 of these Counterclaims, as if fully set forth herein.

54.     In its Complaint, Counterclaim-Defendant PARC alleges that Twitter has infringed and is infringing the '475 Patent.

55.     The claims of the '475 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

56.     An actual, substantial, and continuing case or controversy exists between Counterclaim-Defendant and Twitter regarding the invalidity of the '475 Patent.

57.     Twitter is entitled to a declaration that the claims of the '475 Patent are invalid.

58.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## PRAYER FOR RELIEF

WHEREFORE, Twitter prays that this Court enter judgment in its favor and against Counterclaim-Defendant PARC as follows:

A.     Dismissing PARC's claims with prejudice, and denying all relief sought in PARC's claims;

B.     Declaring that Twitter has not infringed and does not infringe any valid, enforceable claim of the '599, '439, '781, and '475 Patents;

1    C.    Declaring that the asserted claims of the '599, '439, '781, and '475

2  Patents are invalid;

3    D.    Finding that this is an exceptional case under 35 U.S.C. § 285 and

4  ordering PARC to reimburse Twitter for its attorneys' fees and costs incurred in

5  connection with this action; and

6    E.    Granting Twitter such other and further relief as this Court deems just

7  and reasonable under the circumstances.

8                        <u>**DEMAND FOR JURY TRIAL**</u>

9         Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Twitter hereby

10  demands a trial by jury of all issues so triable.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  March 30, 2021

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP


By:  _____*/s/ Nicholas Groombridge*_____
          Nicholas Groombridge

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Nicholas Groombridge (*pro hac vice*)
   ngroombridge@paulweiss.com
Jenny C. Wu (*pro hac vice*)
   jcwu@paulweiss.com
Michael F. Milea (*pro hac vice*)
   mmilea@paulweiss.com

1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

J. Steven Baughman (*pro hac vice*)
   sbaughman@paulweiss.com
Megan Raymond (*pro hac vice*)
   mraymond@paulweiss.com
Tanya S. Manno (*pro hac vice*)
   tmanno@paulweiss.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, D.C. 20006-1037
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Ekwan E. Rhow - State Bar No. 174604
   erhow@birdmarella.com
Grace W. Kang - State Bar No. 271260
   gkang@birdmarella.com

BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG &
RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Defendant / Counterclaim-
Plaintiff Twitter. Inc.