Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:  (213) 694-1200
Facsimile:   (213) 694-1234

David Sochia (TX SBN 00797470)
*(Pro Hac Vice)*
dsochia@McKoolSmith.com
Ashley N. Moore (TX SBN 24074748)
*(Pro Hac Vice)*
amoore@McKoolSmith.com
Alexandra F. Easley (TX SBN 24099022)
*(Pro Hac Vice)*
aeasley@McKoolSmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 500
Dallas, Texas 75201
Telephone (214) 978-4000
Facsimile: (214) 978-4044

James E. Quigley (TX SBN 24075810)
*(Pro Hac Vice)*
jquigley@McKoolSmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 700
Austin,, Texas 7870
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Attorneys for Plaintiff
PALO ALTO RESEARCH CENTER INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br> Plaintiff /Counterclaim-Defendant. <br><br> v. <br><br> TWITTER, INC., <br><br> Defendant /Counterclaim-Plaintiff. | Case No. 2:20-cv-10754 AB(MRWx) <br><br> **PALO ALTO RESEARCH CENTER INC.'S REPLY TO TWITTER, INC.'S ANSWER AND COUNTERCLAIMS** |

Plaintiff Palo Alto Research Center Inc. ("PARC" or "Plaintiff") hereby replies to the answer and counterclaims set forth in Twitter, Inc.'s ("Twitter") Answer and Counterclaims (Dkt. 50) as follows:

## TWITTER'S DEFENSES

## FIRST DEFENSE – FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

1. PARC denies the allegations in paragraph 1 of Twitter's Answer and Counterclaims.

2. PARC denies the allegations in paragraph 2 of Twitter's Answer and Counterclaims.

## SECOND DEFENSE – NON-INFRINGEMENT

3. PARC denies the allegations in paragraph 3 of Twitter's Answer and Counterclaims.

## THIRD DEFENSE – INVALIDITY

4. PARC denies the allegations in paragraph 4 of Twitter's Answer and Counterclaims.

5. PARC denies the allegations in paragraph 5 of Twitter's Answer and Counterclaims.

6. PARC denies the allegations in paragraph 6 of Twitter's Answer and Counterclaims.

7. PARC denies the allegations in paragraph 7 of Twitter's Answer and Counterclaims.

8. PARC denies the allegations in paragraph 8 of Twitter's Answer and Counterclaims.

## FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL AND/OR PROSECUTION DISCLAIMER

9. PARC denies the allegations in paragraph 9 of Twitter's Answer and Counterclaims.

## FIFTH DEFENSE – LIMITATION ON PATENT DAMAGES

10. PARC denies the allegations in paragraph 10 of Twitter's Answer and Counterclaims.

## SIXTH DEFENSE – ESTOPPELAND/OR WAIVER

11. PARC denies the allegations in paragraph 11 of Twitter's Answer and Counterclaims.

## SEVENTH DEFENSE – NO WILLFUL INFRINGEMENT

12. PARC denies the allegations in paragraph 12 of Twitter's Answer and Counterclaims.

## EIGHTH DEFENSE – NO EXCEPTIONAL CASE FOR PARC

13. PARC denies the allegations in paragraph 13 of Twitter's Answer and Counterclaims.

## NINTH DEFENSE – NO INJUNCTIVE RELIEF

14. PARC denies the allegations in paragraph 14 of Twitter's Answer and Counterclaims.

## RESERVATION OF ADDITIONAL DEFENSES

Twitter's "Reservation of Additional Defenses" does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

## TWITTER'S COUNTERCLAIMS

## THE PARTIES

1. On information and belief, based solely on paragraph 1 of Twitter's Counterclaims as pleaded by Twitter, Twitter is a corporation organized under the laws of the State of Delaware and having a principal place of business at 1355 Market St. Ste. 900, San Francisco, CA 94103. Except as expressly admitted, PARC denies the allegations in paragraph 1 of Twitter's Answer and Counterclaims.

2. PARC admits the allegations in paragraph 2 of Twitter's Answer and Counterclaims.

McKool Smith, P.C.

## JURISDICTION AND VENUE

3. PARC admits that Twitter alleges that its counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. PARC admits that Twitter's counterclaims arise under the Patent Laws of the United Sates, Title 35, United States Code. Except as expressly admitted, PARC denies the allegations in paragraph 3 of Twitter's Answer and Counterclaims.

4. PARC admits that the jurisdiction of this Court is proper over these counterclaims. Except as expressly admitted, PARC denies the allegations in paragraph 4 of Twitter's Answer and Counterclaims.

5. As to this particular case, PARC admits that this Court has personal jurisdiction over PARC. Except as expressly admitted, PARC denies the allegations in paragraph 5 of Twitter's Answer and Counterclaims.

6. As to this particular case, PARC admits that venue is proper in this District. Except as expressly admitted, PARC denies the allegations in paragraph 6 of Twitter's Answer and Counterclaims.

## COUNT ONE: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,489,599

7. Paragraph 7 of Twitter's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

8. PARC admits that on November 25, 2020, PARC filed this lawsuit against Twitter related, in part, to Twitter's infringement of U.S. Patent No. 8,489,599 (the "'599 Patent"). Except as expressly admitted, PARC denies the allegations in paragraph 8 of Twitter's Answer and Counterclaims.

9. PARC denies the allegations in paragraph 9 of Twitter's Answer and Counterclaims.

10. PARC admits that it has alleged that Twitter has infringed and/or infringes, directly and/or indirectly, the '599 Patent and that a case or controversy as

McKool Smith, P.C.

1  to Twitter's infringement, ripe for this Court to adjudicate, exists. Except as expressly admitted, PARC denies the allegations in paragraph 10 of Twitter's Answer and Counterclaims.

4  11.  PARC denies the allegations in paragraph 11 of Twitter's Answer and Counterclaims.

6  12.  PARC denies the allegations in paragraph 12 of Twitter's Answer and Counterclaims.

8  13.  PARC denies the allegations in paragraph 13 of Twitter's Answer and Counterclaims.

## COUNT TWO: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,489,599

14.  Paragraph 14 of Twitter's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

15.  PARC admits that on November 25, 2020, PARC filed this lawsuit against Twitter related, in part, to Twitter's infringement of the '599 Patent. Except as expressly admitted, PARC denies the allegations in paragraph 15 of Twitter's Answer and Counterclaims.

16.  PARC denies the allegations in paragraph 16 of Twitter's Answer and Counterclaims.

17.  PARC admits that it has alleged that Twitter has infringed and/or infringes, directly and/or indirectly, the '599 Patent and that a case or controversy as to Twitter's infringement, ripe for this Court to adjudicate, exists. Except as expressly admitted, PARC denies the allegations in paragraph 17 of Twitter's Answer and Counterclaims.

18.  PARC denies the allegations in paragraph 18 of Twitter's Answer and Counterclaims.

19.  PARC denies the allegations in paragraph 19 of Twitter's Answer and

Counterclaims.

## COUNT THREE: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,208,439

20. Paragraph 20 of Twitter's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

21. PARC admits that on November 25, 2020, PARC filed this lawsuit against Twitter related, in part, to Twitter's infringement of U.S. Patent No. 9,208,439 (the "'439 Patent"). Except as expressly admitted, PARC denies the allegations in paragraph 21 of Twitter's Answer and Counterclaims.

22. PARC denies the allegations in paragraph 22 of Twitter's Answer and Counterclaims.

23. PARC admits that it has alleged that Twitter has infringed and/or infringes, directly and/or indirectly, the '439 Patent and that a case or controversy as to Twitter's infringement, ripe for this Court to adjudicate, exists. Except as expressly admitted, PARC denies the allegations in paragraph 23 of Twitter's Answer and Counterclaims.

24. PARC denies the allegations in paragraph 24 of Twitter's Answer and Counterclaims.

25. PARC denies the allegations in paragraph 25 of Twitter's Answer and Counterclaims.

26. PARC denies the allegations in paragraph 26 of Twitter's Answer and Counterclaims.

## COUNT FOUR: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,208,439

27. Paragraph 27 of Twitter's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

28. PARC admits that on November 25, 2020, PARC filed this lawsuit against Twitter related, in part, to Twitter's infringement of the '439 Patent. Except as expressly admitted, PARC denies the allegations in paragraph 28 of Twitter's Answer and Counterclaims.

29. PARC denies the allegations in paragraph 29 of Twitter's Answer and Counterclaims.

30. PARC admits that it has alleged that Twitter has infringed and/or infringes, directly and/or indirectly, the '439 Patent and that a case or controversy as to Twitter's infringement, ripe for this Court to adjudicate, exists. Except as expressly admitted, PARC denies the allegations in paragraph 30 of Twitter's Answer and Counterclaims.

31. PARC denies the allegations in paragraph 31 of Twitter's Answer and Counterclaims.

32. PARC denies the allegations in paragraph 32 of Twitter's Answer and Counterclaims.

## COUNT FIVE: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,606,781

33. Paragraph 33 of Twitter's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

34. PARC admits that on November 25, 2020, PARC filed this lawsuit against Twitter related, in part, to Twitter's infringement of U.S. Patent No. 8,606,781 (the "'781 Patent"). Except as expressly admitted, PARC denies the allegations in paragraph 34 of Twitter's Answer and Counterclaims.

35. PARC denies the allegations in paragraph 35 of Twitter's Answer and Counterclaims.

36. PARC admits that it has alleged that Twitter has infringed and/or infringes, directly and/or indirectly, the '781 Patent and that a case or controversy as

to Twitter's infringement, ripe for this Court to adjudicate, exists. Except as expressly admitted, PARC denies the allegations in paragraph 36 of Twitter's Answer and Counterclaims.

37. PARC denies the allegations in paragraph 37 of Twitter's Answer and Counterclaims.

38. PARC denies the allegations in paragraph 38 of Twitter's Answer and Counterclaims.

39. PARC denies the allegations in paragraph 39 of Twitter's Answer and Counterclaims.

## COUNT SIX: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,606,781

40. Paragraph 40 of Twitter's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

41. PARC admits that on November 25, 2020, PARC filed this lawsuit against Twitter related, in part, to Twitter's infringement of the '781 Patent. Except as expressly admitted, PARC denies the allegations in paragraph 41 of Twitter's Answer and Counterclaims.

42. PARC denies the allegations in paragraph 42 of Twitter's Answer and Counterclaims.

43. PARC admits that it has alleged that Twitter has infringed and/or infringes, directly and/or indirectly, the '781 Patent and that a case or controversy as to Twitter's infringement, ripe for this Court to adjudicate, exists. Except as expressly admitted, PARC denies the allegations in paragraph 43 of Twitter's Answer and Counterclaims.

44. PARC denies the allegations in paragraph 44 of Twitter's Answer and Counterclaims.

45. PARC denies the allegations in paragraph 45 of Twitter's Answer and

Counterclaims.

## COUNT SEVEN: DECLARATION OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,043,475

46. Paragraph 46 of Twitter's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

47. PARC admits that on November 25, 2020, PARC filed this lawsuit against Twitter related, in part, to Twitter's infringement of U.S. Patent No. 7,043,475 (the "'475 Patent"). Except as expressly admitted, PARC denies the allegations in paragraph 47 of Twitter's Answer and Counterclaims.

48. PARC denies the allegations in paragraph 48 of Twitter's Answer and Counterclaims.

49. PARC admits that it has alleged that Twitter has infringed and/or infringes, directly and/or indirectly, the '475 Patent and that a case or controversy as to Twitter's infringement, ripe for this Court to adjudicate, exists. Except as expressly admitted, PARC denies the allegations in paragraph 49 of Twitter's Answer and Counterclaims.

50. PARC denies the allegations in paragraph 50 of Twitter's Answer and Counterclaims.

51. PARC denies the allegations in paragraph 51 of Twitter's Answer and Counterclaims.

52. PARC denies the allegations in paragraph 52 of Twitter's Answer and Counterclaims.

## COUNT EIGHT: DECLARATION OF
## INVALIDITY OF U.S. PATENT NO. 7,043,475

53. Paragraph 53 of Twitter's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, PARC responds as follows: denied.

54. PARC admits that on November 25, 2020, PARC filed this lawsuit against Twitter related, in part, to Twitter's infringement of the '475 Patent. Except as expressly admitted, PARC denies the allegations in paragraph 54 of Twitter's Answer and Counterclaims.

55. PARC denies the allegations in paragraph 55 of Twitter's Answer and Counterclaims.

56. PARC admits that it has alleged that Twitter has infringed and/or infringes, directly and/or indirectly, the '475 Patent and that a case or controversy as to Twitter's infringement, ripe for this Court to adjudicate, exists. Except as expressly admitted, PARC denies the allegations in paragraph 56 of Twitter's Answer and Counterclaims.

57. PARC denies the allegations in paragraph 57 of Twitter's Answer and Counterclaims.

58. PARC denies the allegations in paragraph 58 of Twitter's Answer and Counterclaims.

## TWITTER'S REQUESTED RELIEF

PARC denies that Twitter is entitled to the relief requested in paragraphs A-E of its Answer and Counterclaims or any other relief on its Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Palo Alto Research Center Inc. prays for the following relief against Defendant Twitter, Inc.:

A. that all relief requested by PARC in its Complaint be granted;

B. that all relief requested by Twitter in its Answer and Counterclaims to Plaintiff's Complaint be denied and that Twitter take nothing by way of its Counterclaims;

C. that Twitter be ordered to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

D.  such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

PARC demands a trial by jury of any and all issues triable of right before a jury.

| | | |
|---|---|---|
| 1 | DATED: April 20, 2021 | Respectfully submitted, |
| 2 | | MCKOOL SMITH, P.C. |

BY  */s/ David Sochia*
    David Sochia

Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
McKool Smith Hennigan, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

David Sochia (TX SBN 00797470)
*(Pro Hac Vice)*
dsochia@McKoolSmith.com
Ashley N. Moore (TX SBN 24074748)
*(Pro Hac Vice)*
amoore@McKoolSmith.com
Alexandra F. Easley (TX SBN 24099022)
*(Pro Hac Vice)*
aeasley@McKoolSmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 500
Dallas, Texas 75201
Telephone (214) 978-4000
Facsimile: (214) 978-4044

James E. Quigley (TX SBN 24075810)
*(Pro Hac Vice)*
jquigley@McKoolSmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 700
Austin,, Texas 7870
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

ATTORNEYS FOR PLAINTIFF
PALO ALTO RESEARCH CENTER INC.